THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| CITY OF PONTIAC POLICE AND FIRE RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>     vs.<br><br>ZOOMINFO TECHNOLOGIES INC., HENRY SCHUCK, CAMERON HYZER, TA ASSOCIATES MANAGEMENT, LP, THE CARLYLE GROUP, INC., and DO HOLDINGS (WA), LLC,<br><br>                              Defendants. | No. 3:24-CV-05739-TMC<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE OHIO FUNDS' UNOPPOSED MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL<br><br>NOTE ON MOTION CALENDAR: November 25, 2024 |

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE OHIO FUNDS' UNOPPOSED MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL (3:24-cv-05739-TMC)

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

State Teachers Retirement System of Ohio ("STRS") and Ohio Public Employees Retirement System ("OPERS", and collectively with STRS, the "Ohio Funds")[1] respectfully submit this memorandum in further support of the Ohio Funds' unopposed motion (Dkt. # 35).

## I.   INTRODUCTION

On November 4, 2024, the Ohio Funds moved this Court pursuant to the PSLRA for appointment as Lead Plaintiff and approval of their selection of Labaton as Lead Counsel for the Class.  Dkt. # 35.  On the same day, four other movants filed similar motions for Lead Plaintiff appointment.  *See* Dkts. 30, 33, 38, 40.  Since those filings, all four of the movants have withdrawn their motions for appointment as Lead Plaintiff or provided notice that they do not oppose the competing motions.  *See* Dkts. 48, 49, 53, 54.  The Ohio Funds' motion for appointment as Lead Plaintiff and approval of selection of Lead Counsel is, therefore, unopposed.

The Ohio Funds, as the movant claiming the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23, are the presumed "most adequate plaintiff" under the PSLRA.  15 U.S.C. § 78u–4(a)(3)(B)(iii).  The Ohio Funds—sophisticated, multi-billion-dollar institutions that have dutifully served in a fiduciary capacity for millions of beneficiaries over several decades—sustained substantial losses of approximately ***$75.9 million*** on a LIFO basis on their Class Period transactions in ZoomInfo Class A common stock.  Because this amount is significantly larger than the losses of the other movants, the Ohio Funds have easily satisfied the largest financial interest requirement.

---

[1] Unless otherwise noted, all defined terms and abbreviations remain unchanged from the Ohio Funds' initial motion and supporting papers. *See* Dkt. 35. In addition, all emphasis is added unless otherwise noted.

MEMO OF LAW ISO THE OHIO FUNDS'
UNOPPOSED MOTION RE
APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF
LEAD COUNSEL (3:24-cv-05739-TMC)-1

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

| Movant[2] | Loss[3] |
|---|---|
| STRS | ($71,621,242) |
| OPERS | ($4,320,972) |
| Combined Ohio Funds | ($75,942,214) |
| ~~Teachers' Retirement System of Louisiana~~ | ~~($22,334,316)~~ |
| ~~DeKalb County Pension Fund~~ | ~~($1,368,086)~~ |
| ~~Hampton Roads Shipping Association, International Longshoreman's Association~~ | ~~($688,247)~~ |
| ~~Francisco Javier Martin Escanciano~~ | ~~($288,171)~~ |

Indeed, the loss of STRS alone is larger than the losses of any other movant. *See Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, 2022 WL 3571995, at *4 (N.D. Cal. July 26, 2022) (appointing group of institutional investors lead plaintiff where one group member "has the largest financial interest standing alone, and it would have achieved lead plaintiff status alone had it sought such appointment"); *In re SVB Fin. Grp. Sec. Litig.*, 2023 WL 8367938, at *2 (N.D. Cal. Nov. 30, 2023) (appointing a group where one group member had the largest loss "standing alone").

The Ohio Funds also satisfy the typicality and adequacy requirements of Rule 23 and are perfectly situated to represent all Class members. As indicated in the Ohio Funds' opening motion papers, the Ohio Funds are sophisticated institutional investors with significant experience overseeing counsel and acting as fiduciaries, and are willing and able to supervise this litigation. *See* Dkt. 35 at 8-10.

As the presumed "most adequate plaintiff," the PSLRA and Ninth Circuit authority require the Ohio Funds be appointed as Lead Plaintiff absent "***proof***" that

---

[2] Other movants are shown crossed out because each has filed a notice that they do not oppose the competing motions for appointment or have withdrawn their motions. Dkts. 48, 49, 53, 54.

[3] Approximate loss figures taken from each respective movants filed motions. Dkts. 30, 33, 35, 38, 40.

MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THE OHIO FUNDS' UNOPPOSED
MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION
OF LEAD COUNSEL (3:24-cv-05739-TMC) - 2

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

they are atypical, inadequate, or subject to unique defenses. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). As no movant has, or will be able to, meet the requisite standard of "***proof***" to rebut the statutory presumption in favor of the Ohio Funds, they are entitled to appointment as Lead Plaintiff. Accordingly, the Ohio Funds, as the presumed "most adequate plaintiff," respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Labaton as Lead Counsel for the Class.

## II.    ARGUMENT

### A.    The Ohio Funds Are the "Most Adequate Plaintiff"

As set forth by the Ninth Circuit, "[t]he 'most capable' plaintiff-and hence the lead plaintiff-is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729.

> [T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy."

*Id.* at 730 (emphasis in original). The movant that has the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Cook v. Atossa Genetics, Inc.*, 2014 WL 585870, at *4 (W.D. Wash. Feb. 14, 2014). Once this presumption attaches, it can only be rebutted "upon proof" that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("The statute requires proof that the presumptive lead plaintiff is not adequate.") (citation omitted); *see also Cavanaugh*, 306 F.3d at 732 (explaining that the PSLRA's presumption is triggered even if the district court

MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THE OHIO FUNDS' UNOPPOSED
MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION
OF LEAD COUNSEL (3:24-cv-05739-TMC) - 3

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

believes another movant may be "'more typical' or 'more adequate' . . . [or] would do a better job").

As applied, the Ohio Funds respectfully submit that because they hold the largest financial interest of any qualified movant and otherwise satisfy Rule 23's typicality and adequacy requirements, they have satisfied the PSLRA's sequential review process and are therefore entitled to appointment as Lead Plaintiff.

**1.     The Ohio Funds Have the Largest Financial Interest in the Outcome of the Action**

The Ohio Funds, having suffered approximately *$75.9 million* in losses on a LIFO basis as a result of their Class Period purchases of ZoomInfo Class A common stock, undisputedly possess the largest financial interest of any movant.  In assessing financial interest, Courts in this District and this Circuit generally look to four factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Frias v. Dendreon Corp.,* 835 F. Supp. 2d 1067, 1075 (W.D. Wash. 2011). "In practice, district courts 'equate financial interest with actual economic losses suffered.'" *Hardy v. MabVax Therapeutics Holdings*, 2018 WL 4252345, at *3 (S.D. Cal. Sept. 6, 2018) (citation omitted); *Hessefort v. Super Micro Comput. Inc*, 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.") (citation omitted).

Here, the Ohio Funds triumph on the fourth and most important factor of approximate losses suffered with a LIFO loss significantly larger than any other movant.  Moreover, during the Class Period, the Ohio Funds purchased 2,442,244 total ZoomInfo shares and made $70,896,422 in net expenditures—each figure far

MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THE OHIO FUNDS' UNOPPOSED
MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION
OF LEAD COUNSEL (3:24-cv-05739-TMC) - 4

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

larger than those claimed by any other movant.  *See* Dkts. 31-3, 34-2, 36-2, 39-3, 41-2.

As such, there can be no credible dispute that the Ohio Funds have the "largest financial interest in the relief sought by the class," collectively and individually, and are entitled to be appointed Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2. The Ohio Funds Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the Ohio Funds easily satisfy the applicable requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  To overcome the strong presumption entitling the Ohio Funds to appointment as Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is atypical or inadequate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in their opening brief, the Ohio Funds are typical Class members.  *See* Dkt. 35 at 8.  Like all other Class members, the Ohio Funds (1) purchased ZoomInfo Class A common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were harmed when the truth was revealed.  *See MabVax Therapeutics Holdings*, 2018 WL 4252345, at *6.  As such, the Ohio Funds are typical Class representatives.

The Ohio Funds also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  The Ohio Funds are adequate because their interests are squarely aligned with the Class and not antagonistic in any way.  The interests of the Ohio Funds and other Class members are directly aligned because all suffered damages from their purchases of ZoomInfo Class A common stock at

MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THE OHIO FUNDS' UNOPPOSED
MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION
OF LEAD COUNSEL (3:24-cv-05739-TMC) - 5

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

prices artificially inflated by Defendants' misconduct. Further, the Ohio Funds are highly incentivized to prosecute this Action on behalf of the Class based on their substantial financial interest. Finally, the Ohio Funds have selected highly qualified counsel to represent the Class, and based on their status as institutional investors, are capable of monitoring said counsel to ensure the effective and efficient litigation of this Action. *See Dendreon Corp.,* 835 F. Supp. 2d at 1072 (discussing adequacy requirement). Thus, the Ohio Funds have both the incentive and ability to supervise and monitor counsel.

The Ohio Funds are precisely the type of sophisticated institutional investors that Congress intended to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.") Accordingly, the Ohio Funds possess the resources and experience to successfully fulfill the fiduciary responsibilities of Lead Plaintiff.

The Ohio Funds have also demonstrated their adequacy through their selection and retention of Labaton as proposed Lead Counsel on behalf of the Class. Labaton is a nationally recognized securities class action law firm with an established track record of achieving substantial recoveries for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.

In sum, having claimed a financial interest significantly larger than any other movant while also satisfying the typicality and adequacy requirements of Rule 23, the Ohio Funds are the presumed "most adequate plaintiff" under the PSLRA. 15

MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THE OHIO FUNDS' UNOPPOSED
MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION
OF LEAD COUNSEL (3:24-cv-05739-TMC) - 6

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

U.S.C. § 78u-4(a)(3)(B).  As the presumed "most adequate plaintiff," the PSLRA directs the Court to appoint the Ohio Funds absent "***proof***" that it "will not fairly and adequately protect the interests of the class" or are "subject to unique defenses." *Id.* As no movant has, or will be able to, rebut this statutory presumption of "most adequate plaintiff," the Ohio Funds are entitled to appointment as Lead Plaintiff.

### B.      The Ohio Funds Choice of Counsel Should be Approved

The Ohio Funds choice of Labaton as Lead Counsel for the Class and Byrnes Keller Cromwell as Liaison Counsel for the Class merits approval.  "While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d at 734.  "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).  As set forth in the Ohio Fund's opening brief, Labaton is a nationally recognized securities class action firm, and thus is highly qualified to serve the Class as Lead Counsel. *See* Dkt. 35 at 9-10.

### C.      All Other Motions Should be Denied

As noted previously, the lead plaintiff review process mandated by the PSLRA is a sequential one, meaning the first movant to satisfy the statutory criteria of unrebutted "most adequate plaintiff" is entitled to appointment. *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . .").  Indeed, "[t]he Ninth Circuit has been clear that the PSLRA does not permit 'the district court [to] engage in a wide-ranging comparison to determine which plaintiff is best suited to represent the class.'" *Malriat v. QuantumScape Corp.*, 2021 WL 1550454 at *2

MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THE OHIO FUNDS' UNOPPOSED
MOTION FOR APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF SELECTION
OF LEAD COUNSEL (3:24-cv-05739-TMC) - 7

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

(N.D. Cal. Apr. 20, 2021); *see also Mersho*, 6 F.4th at 901 (the most adequate plaintiff must be accepted despite the court expressing "misgivings") (citation omitted); *see also Weston v. DocuSign, Inc.*, 2022 WL 1301770, at *4 (N.D. Cal. Apr. 18, 2022) ("Proof is key—the presumption may not 'be set aside for any reason that the court may deem sufficient.'") (citation omitted).  This, without more, is sufficient to deny all other movants' motions under the PSLRA's straightforward and sequential lead plaintiff selection process.  In fact, given the financial disparity, any opposition to the Ohio Funds' motion would plainly contradict clear Ninth Circuit guidance suggesting that rejection of a movant with the largest individual loss would be "incongruous with the PSLRA's presumption that the investors with the largest stake have the greatest incentive to supervise the litigation closely." *Mersho*, 6 F.4th at 901 n.3.  The Court's inquiry should thus begin and end with the Ohio Funds.

## CONCLUSION

The Ohio Funds respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Labaton as Lead Counsel for the Class and Byrnes Keller Cromwell as Liaison Counsel for the Class.

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE OHIO FUNDS' UNOPPOSED MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL (3:24-cv-05739-TMC) - 8

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

DATED: November 19, 2024

Respectfully submitted,

**BYRNES KELLER CROMWELL LLP**

By: /s/ Bradley S. Keller
Bradley S. Keller, WSBA #10665

By: /s/ Joshua B. Selig
Joshua B. Selig, WSBA #39628
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Tel: (206) 622-2000
Fax: (206) 622-2522
bkeller@byrneskeller.com
jselig@byrneskeller.com

*Proposed Liaison Counsel for the Class*

I certify that this memorandum contains 2,243 words, in compliance with the Local Civil Rules.

**LABATON KELLER SUCHAROW LLP**

Eric J. Belfi (*pro hac vice* forthcoming)
Michael P. Canty (*pro hac vice* forthcoming)
Francis P. McConville (admitted *pro hac vice*)

140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
ebelfi@labaton.com
mcanty@labaton.com
fmcconville@labaton.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

**OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF OHIO**

Shawn Busken (*pro hac vice* forthcoming)
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515
Shawn.Busken@OhioAttorneyGeneral.gov

*Additional Counsel for Proposed Lead Plaintiff*

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE OHIO FUNDS' UNOPPOSED MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL (3:24-cv-05739-TMC) - 9

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522