THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

CITY OF PONTIAC POLICE AND FIRE RETIREMENT SYSTEM,

Plaintiff,

v.

ZOOMINFO TECHNOLOGIES INC., et al.,

Defendants.

Case No. 3:24-cv-05739-TMC

CLASS ACTION

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

**NOTE ON MOTION CALENDAR:** AUGUST 25, 2025

**ORAL ARGUMENT REQUESTED**

DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

Defendants ZoomInfo Technologies Inc., Henry Schuck, Cameron Hyzer, Joseph Christopher Hays, and DO Holdings (WA), LLC ("Defendants") respectfully request that the Court take judicial notice of the documents described below and attached hereto pursuant to the incorporation by reference doctrine, Federal Rule of Evidence 201, and other applicable law. This Request for Judicial Notice is made in support of Defendants' Motion to Dismiss the Corrected Amended Complaint ("AC" or "Complaint").

## DISCUSSION

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

As detailed below, each of the documents described below and attached hereto is properly considered in connection with the Defendants' Motions to Dismiss under (a) the incorporation by reference doctrine, (b) Federal Rule of Evidence 201, which permits the Court to consider information subject to judicial notice, or (c) both of these doctrines.

## I.  THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT

In setting forth their allegations, Plaintiffs expressly reference and quote from various documents. "[I]ncorporation by reference is a judicial doctrine that prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken or extinguish their claims." *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). "A defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*. The Court may treat such a document "as though [it is] part of the complaint itself," and may generally "assume [its] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)," unless the "assumptions *only* serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1002–03 (emphasis

DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE
CASE NO. 3:24-CV-05739-TMC

- 1 -

added and citation omitted). This "does not prevent a defendant from using the doctrine[] of . . . incorporation by reference to" refute "a plaintiff's *conclusory* allegations." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020).

In accordance with this doctrine, Defendants request that the Court consider the following documents, true and correct copies of which are attached hereto:

| Documents | Exhibit No. | AC Paragraph |
|---|---|---|
| Excerpts of ZoomInfo's 2020 Form 10-K filed with the SEC on February 26, 2021 | 1 | ¶¶ 34, 143, 151-53, 276-77, 434 |
| Excerpts of Financial Accounting Standards Board's Accounting Standards Codification Topic 606 ("ASC 606") | 2 | ¶¶ 20, 133-35, 184, 264, 275, 277, 284, 289, 299, 301, 310, 312, 318, 322, 325, 328, 330, 334, 339, 341, 344, 347, 353 |
| Excerpts of ZoomInfo's Q3 2020 Form 10-Q filed with the SEC on November 13, 2020 | 4 | ¶¶ 134, 143, 263-64 |
| Transcript from ZoomInfo's Q2 2024 Earnings Conference Call on August 5, 2024 | 5 | ¶¶ 74-76, 224-26, 395, 397-99, 457-58, 498 |
| Excerpts of ZoomInfo's 2021 Form 10-K filed with the SEC on February 24, 2022 | 6 | ¶¶ 143, 321-22, 453 |
| Excerpts of ZoomInfo's 2022 Form 10-K filed with the SEC on February 16, 2023 | 7 | ¶¶ 143, 340-41, 453 |
| Excerpts of ZoomInfo's 2023 Form 10-K filed with the SEC on February 15, 2024 | 8 | ¶¶ 143, 453 |
| Transcript from Canaccord Genuity 44th Annual Growth Conference and Private Company Showcase 2024 on August 13, 2024 | 11 | ¶¶ 81, 230-31, 445 |
| Transcript from Wells Fargo 8th Annual TMT Summit on December 4, 2024 | 12 | ¶ 446-47 |
| Compilation of Form 4s containing sales transactions for Henry Schuck filed with the SEC from December 17, 2020 through June 20, 2023 | 13 | ¶¶ 25-26, 39, 52, 66, 89, 152-53, 155-57, 165-70, 176-77, 185-86, 206, 400-26, 497 |
| Compilation of Form 4s containing sales transactions for Cameron Hyzer filed with the SEC from December 23, 2020 through July 11, 2024 | 14 | ¶¶ 25, 66, 90, 152-53, 155-57, 165-70, 176-77, 185-86, 205, 400-26, 497 |

DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE
CASE NO. 3:24-CV-05739-TMC

- 2 -

| Documents | Exhibit No. | AC Paragraph |
|---|---|---|
| Compilation of Form 4s containing sales transactions for Joseph Christopher Hays filed with the SEC from December 8, 2020 through June 20, 2023 | 15 | ¶¶ 25, 66, 91, 152-53, 155-57, 165-70, 176-77, 185-86, 207, 400-26, 497 |
| Excerpts of ZoomInfo's Q2 2024 Form 10-Q filed with the SEC on August 6, 2024 | 16 | ¶¶ 137, 256, 397, 399 |
| Excerpts of Transcript from ZoomInfo's June 14, 2021 Analyst Day | 17 | ¶¶ 296-97 |
| Excerpts of Transcript from ZoomInfo's Q4 2021 Earnings Conference Call on February 16, 2022 | 18 | ¶¶ 315-18 |

Each of the above-listed documents is extensively referenced in the AC (as shown above) and/or forms the basis of Plaintiffs' claims. Further, the AC relies on the Defendants' stock sales—as reflected in Form 4s filed with the SEC—to plead scienter. *See* AC ¶¶ 25-26, 39, 52, 66, 89-91, 152-53, 155-57, 165-70, 176-77, 185-86, 205-07, 400-26, 497. Thus, the Court may consider these documents under the incorporation by reference doctrine. *See*, *e.g.*, *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) ("[I]t is appropriate to look to public[ly] filed SEC documents implicitly incorporated into a complaint") (internal quotation marks and citation omitted).

**II.    THE COURT MAY TAKE JUDICIAL NOTICE OF SEC FILINGS**

"Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case." *In re Extreme Networks, Inc. S'holder Derivative Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008) (citations omitted); *see*, *e.g.*, *In re Violin Memory Sec. Litig.*, 2014 WL 5525946, at *6 (N.D. Cal. Oct. 31, 2014) (taking judicial notice of SEC filing that was not referred to in the complaint).

Courts may take judicial notice of SEC filings, including Form 10-Ks, Form 10-Qs, and Form 4s, because the authenticity of those documents is not disputed and their accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (on motion to dismiss, courts may consider "any matter subject to judicial notice, such as SEC filings"); *see also Intel*, 2019 WL 1427660, at *7 ("SEC filings are routinely subject to judicial notice."); *Yelp*, 2018 WL 6182756, at *4 ("Courts in this circuit have routinely taken judicial notice

DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE
CASE NO. 3:24-CV-05739-TMC

- 3 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action."). Judicial notice provides an additional basis for the Court to consider Exhibits 1, 4-8, 13-16, and 18, which, as detailed above, were also incorporated by reference into the AC.

In addition, Defendants request that the Court take judicial notice of the following document filed with the SEC, a true and correct copy of which is attached hereto:

| Documents | Exhibit No. |
|---|---|
| Excerpts of ZoomInfo's 2024 Form 10-K filed with the SEC on February 25, 2025 | 9 |

### III. THE COURT MAY CONSIDER FACTS FROM DOCUMENTS INCORPORATED BY REFERENCE INTO THE COMPLAINT THAT ARE ALSO SUBJECT TO JUDICIAL NOTICE

In addition, the incorporated, and judicially noticeable, SEC Form 4s for Defendants Henry Schuck, Cameron Hyzer, and Joseph Christopher Hays (the "Individual Defendants") show the following facts regarding the Individual Defendants' stock trading during the alleged class period:

### *All Individual Defendants Combined*

| # of Shares Available During Class Period | # of Shares Sold During Class Period | # of Shares Retained | Sales Made Pursuant to Rule 10b5-1 Plan | Sales Made Outside of Rule 10b5-1 Plan | Losses From Retained Common Stock Shares |
|---|---|---|---|---|---|
| 35,966,556 | 23,519,190 | 12,447,366 | 195 | 31[1] | $386,490,714 |

---

[1] Of the 31 sales made outside of Rule 10b5-1 plans, 25 were executed to cover tax liabilities arising from the vesting of securities, as reported in Mr. Hays' Form 4s. *See* Ex. 15 at 1-2, 5, 11, 13-14, 19, 23, 29-30, 33-35, 41-42, 49, 59-60, 62-63, 68-73, 75.

DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE
CASE NO. 3:24-CV-05739-TMC

- 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

### *Defendant Henry Schuck (CEO)*

| # of Shares Available During Class Period | # of Shares Sold During Class Period | # of Shares Retained | Sales Made Pursuant to 10b5-1 Plan | Sales Made Outside of 10b5-1 Plan | Losses From Retained Common Stock Shares |
|---|---|---|---|---|---|
| 32,312,424 | 21,745,381 | 10,567,043[2] | 95 | 3[3] | $328,106,685[4] |

### *Defendant Peter Cameron Hyzer (CFO)*

| # of Shares Available During Class Period | # of Shares Sold During Class Period | # of Shares Retained | Sales Made Pursuant to 10b5-1 Plan | Sales Made Outside of 10b5-1 Plan | Losses From Retained Common Stock Shares |
|---|---|---|---|---|---|
| 1,925,863 | 609,343 | 1,316,520[5] | 33 | 1[6] | $40,877,946[7] |

[2] *See* Ex. 13 (Compilation of Form 4s filed for Mr. Schuck with the SEC, dated December 17, 2020 through June 20, 2023).

[3] *See* Ex. 13 at 27, 29, 33.

[4] This is calculated as Mr. Schuck's 10,567,043 retained shares (*see* Ex. 13) multiplied by the alleged $31.05 per share stock decline arising from dates of the alleged corrective disclosures. AC ¶¶ 192, 201, 209, 217, 228.

[5] *See* Ex. 14 (Compilation of Form 4s filed for Mr. Hyzer with the SEC, dated December 23, 2020 through July 11, 2024).

[6] *See* Ex. 14 at 11.

[7] This is calculated as Mr. Hyzer's 1,316,520 retained shares (*see* Ex. 14) multiplied by the alleged $31.05 per share stock decline arising from dates of the alleged corrective disclosures. AC ¶¶ 192, 201, 209, 217, 228.

DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE                    - 5 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

***Defendant Christopher Joseph Hays (COO)***

| # of Shares Available During Class Period | # of Shares Sold During Class Period | # of Shares Retained | Sales Made Pursuant to 10b5-1 Plan | Sales Made Outside of 10b5-1 Plan | Losses From Retained Common Stock Shares |
|---|---|---|---|---|---|
| 1,728,269 | 1,164,466 | 563,803[8] | 67 | 27[9] | $17,506,083[10] |

## IV.   THE COURT MAY TAKE JUDICIAL NOTICE OF CERTAIN PUBLICLY AVAILABLE DOCUMENTS

Under Federal Rule of Evidence 201, courts "may judicially notice a fact that is not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Pursuant to this rule, "[c]ourts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2009) (citation omitted) (taking judicial notice of the existence of "various newspapers, magazines, and books," not for the truth of their contents, but "as an indication of what information was in the public realm at time"); *see also In re Wash. Mut., Inc. Sec., Derivative & ERISA Litig.*, 259 F.R.D. 490, 495 (W.D. Wash. 2009) (taking judicial notice of "SEC filings, administrative reports, and documentation of accounting standards"). Moreover, courts "regularly take judicial notice of published accounting standards." *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *10 (C.D. Cal. Mar. 5, 2021) (taking judicial notice of two FASB accounting standards);

---

[8] *See* Ex. 15 (Compilation of Form 4's filed for Mr. Hays with the SEC, dated December 8, 2020 through June 20, 2023).

[9] Of Mr. Hays' 27 sales made outside a Rule 10b5-1 plan, 25 were executed to cover tax liability arising from the vesting of securities, as reported in the Mr. Hays' Form 4s. *See* Ex. 15 at 1-2, 5, 11, 13-14, 19, 23, 29-30, 33-35, 41-42, 49, 59-60, 62-63, 68-73, 75.

[10] This is calculated as Mr. Hays' 563,803 retained shares (*see* Ex. 15) multiplied by the alleged $31.05 per share stock decline arising from dates of the alleged corrective disclosures. AC ¶¶ 192, 201, 209, 217, 228.

*see also In re Progenity, Inc. Sec. Litig.*, 2023 WL 219345, at \*4 (S.D. Cal. Jan. 13, 2023) (taking judicial notice of an excerpt from the FASB ASC 606 "as a publicly available material taken from a 'source whose accuracy cannot reasonably be questioned,' the FASB" (citation omitted)).

In accordance with this rule, Defendants request that the Court take judicial notice of the following publicly available documents, true and current copies of which are attached hereto:

| Documents | Exhibit No. |
|---|---|
| Excerpts of PwC Revenue Guide, updated October 2024 | 3 |
| Excerpts of Financial Accounting Standards Board's Accounting Standards Codification Topic 250 ("ASC 250") | 10 |

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of, and/or consider pursuant to the incorporation by reference doctrine and the legal authorities cited herein, Exhibits 1 through 18 attached hereto, and consider them in connection with its adjudication of Defendants' contemporaneously filed Motion to Dismiss.

Dated: May 27, 2025                                ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  *s/ James N. Kramer*
       James N. Kramer (*Pro Hac Vice*)
       Alexander K. Talarides (*Pro Hac Vice*)
       405 Howard Street
       San Francisco, CA  94105-2669
       Telephone:  +1 415-773-5700
       Facsimile:  +1 415-773-5957

       - and   -

       Paul F. Rugani (WSBA No. 38664)
       prugani@orrick.com
       401 Union Street, Suite 3300
       Seattle, WA  98101
       Telephone:  +1 206-839-4300
       Facsimile:  +1 206-839-4301

       *Attorneys for Defendants ZoomInfo Technologies Inc., Henry Schuck, Cameron Hyzer, Joseph Christopher Hays, and DO Holdings (WA), LLC*

DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE                - 7 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300