THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| CITY OF PONTIAC POLICE AND FIRE RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated, | CASE NO. 3:24-cv-05739-TMC |
| | CLASS ACTION |
| Plaintiff, | **LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** |
| vs. | |
| ZOOMINFO TECHNOLOGIES, INC., et al., | **NOTE ON MOTION CALENDAR:** AUGUST 25, 2025 |
| | |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:24-cv-05739-TMC

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

I. PRELIMINARY STATEMENT ................................................................................. 1

II. LEGAL STANDARDS ............................................................................................... 2

III. ARGUMENT ............................................................................................................... 3

    A.    Because Defendants Cite to Exhibits 1, 6, 7, 8, and 9 Only to Rebut the Complaint's Factual Allegations, The Court Should Not Consider Them for the Truth of the Facts Set Forth Therein ........................................................... 3

    B.    Because Defendants Cite Exhibits 2 and 4 Only to Dispute the Complaint's Allegations Concerning Defendants' Accounting Improprieties, the Court Should Not Consider Them for the Truth of the Facts Set Forth Therein ........................................................................................... 4

    C.    Because Defendants Cite Exhibits 8, 13, 14, 15, and 16 Only to Dispute the Complaint's Allegations Concerning Insider Sales, the Court Should Not Consider Them for the Truth of the Facts Set Forth Therein ......................... 5

IV. CONCLUSION ............................................................................................................ 5

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:24-cv-05739-TMC

i

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baron v. Hyrecar Inc.*,
2022 WL 17413562 (C.D. Cal. 2022)........................................................................................5

*In re Facebook, Inc. Sec. Litig.*,
405 F. Supp. 3d 809 (N.D. Cal. 2019) .....................................................................................5

*Garrett v. Governing Bd. of Oakland Unified Sch. Dist.*,
583 F. Supp. 3d 1267 (N.D. Cal. 2022) ...................................................................................4

*Hsu v. Puma Biotechnology, Inc.*,
213 F. Supp. 3d 1275 (C.D. Cal. 2016) ...................................................................................1

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ........................................................................................... *passim*

*Lloyd v. CVB Fin. Corp.*,
2012 WL 12883522 (C.D. Cal. 2012)......................................................................................4

*M.O.R.E., LLC v. United States*,
2015 WL 5093621 (N.D. Cal. 2015) .......................................................................................1

*Marder v. Lopez*,
450 F.3d 445 (9th Cir. 2006) ...................................................................................................2

*Rollins v. Dignity Health*,
338 F. Supp. 3d 1025 (N.D. Cal. 2018) ...................................................................................3

*Wochos v. Tesla, Inc.*,
2019 WL 1332395 (N.D. Cal. 2019) ........................................................................................3

**Rules and Regulations**

Fed. R. Civ. P. 12(b)(6)..........................................................................................................2, 3

F.R.E. 201 .................................................................................................................................2

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:24-cv-05739-TMC                                    ii

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

Court-appointed Lead Plaintiffs State Teachers Retirement System of Ohio and Ohio Public Employees Retirement System ("Lead Plaintiffs"), respectfully submit this Memorandum of Law in Opposition to Defendants ZoomInfo Technologies Inc. ("ZoomInfo"), Henry Schuck ("Schuck"), Peter Cameron Hyzer ("Hyzer"), Joseph Christopher Hays ("Hays"), and DO Holdings (WA) LLC's ("DO," collectively "Defendants") Request for Judicial Notice ("RJN," ECF No. 92) in Support of their Motion to Dismiss ("Motion" or "MTD," ECF No. 91).[1]

## I.    PRELIMINARY STATEMENT

It is well-established in the Ninth Circuit, and elsewhere, that during the motion to dismiss phase, the court must "accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). However, in a transparent attempt to contradict the Complaint's well-pled factual allegations and create their own counter-narrative, Defendants attached eighteen (18) extrinsic exhibits—selectively excerpted and collectively spanning more pages than the Complaint itself—to their Motion to Dismiss. *See* RJN, Exhibits 1-18 (ECF No. 92-1 through 92-18).

Through their RJN, Defendants have attempted to shoehorn these exhibits in under what courts in this Circuit have described as the "explicitly limited" and "narrow" doctrines of judicial notice and incorporation by reference. *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1280 (C.D. Cal. 2016); *M.O.R.E., LLC v. United States*, 2015 WL 5093621 at *3 (N.D. Cal. 2015). Defendants' conduct here is exactly what the Ninth Circuit has characterized as "a concerning pattern in securities cases like this one: exploiting [judicial notice and incorporation-by-reference] improperly to defeat . . . adequately stated claims at the pleading stage." *Khoja*, 899 F.3d at 998. Nevertheless, Defendants ask this Court to consider these exhibits as incorporated by reference and subject to judicial notice.

---

[1] Unless noted, all emphasis is added, internal citations and quotes are omitted, and all capitalized terms, including Defendants and Individual Defendants, have meanings set forth in the Corrected Amended Complaint ("Complaint," ECF No. 81). Citations to "¶__" are to the Complaint.

LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:24-cv-05739-TMC

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

Lead Plaintiffs respond to this request by addressing these Exhibits in three categories: (1) SEC filings used solely to rebut specific factual allegations in the Complaint; (2) exhibits used solely to dispute the Complaint's allegations concerning Defendants' accounting improprieties; and (3) exhibits used to dispute the Complaint's allegations concerning Defendants' insider sales.

## II.     LEGAL STANDARDS

When assessing a Rule 12(b)(6) motion to dismiss, a district court may not consider material outside the complaint, because "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept such facts as uncontroverted and true— it becomes near impossible for even the most aggrieved plaintiff to demonstrate a plausible claim for relief." *Khoja*, 899 F.3d at 998 (citation modified).  As such, the Ninth Circuit cautions against the "unscrupulous use of extrinsic documents" which "risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* at 998-99.

However, the two narrow exceptions are judicial notice and incorporation by reference. *Id.* First, courts may take judicial notice of an adjudicative fact that "is not subject to reasonable dispute" and is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  Courts must make this assessment carefully: "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999.

Second, under the incorporation by reference doctrine, courts may consider a document that is not attached to the complaint if the complaint "necessarily relies" on it and "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  Moreover, incorporation by reference is proper only "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002. Courts, nevertheless, may not "assume the truth of an

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:24-cv-05739-TMC                2

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1002-03.

## III.    ARGUMENT

*Khoja* and its progeny demonstrate that the Ninth Circuit squarely rejects the tactical gamesmanship Defendants engage in, as they are "not explaining or arguing the allegations in Plaintiffs' [complaint] – [they are] trying to factually rebut them." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018).  This is improper.  "As *Khoja* makes clear, to grant the request for judicial notice would improperly convert this Rule 12(b)(6) motion into a motion for summary judgment under Rule 56." *Id.*  Because Defendants proffer the exhibits solely to add disputed facts outside of the Complaint and ask the Court to accept those facts as true, each of their requests must be denied.

> **A.    Because Defendants Cite to Exhibits 1, 6, 7, 8, and 9 Only to Rebut the Complaint's Factual Allegations, The Court Should Not Consider Them for the Truth of the Facts Set Forth Therein**

To the extent Defendants introduced Exhibits 1 (February 26, 2021 Form 10-K), 6 (February 24, 2022 Form 10-K), 7 (February 16, 2023 Form 10-K), 8 (February 15, 2024 Form 10-K), and 9 (February 25, 2025 Form 10-K) for the sole purpose of establishing "[t]he accuracy of ZoomInfo's Class Period [Remaining Performance Obligation] RPO estimates" (MTD at 5-6), thereby disputing well-pled allegations concerning the falsity of the Company's RPO figures, the Court should not "take notice of the truth of any of the facts asserted in these documents." *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. 2019).[2]

Through these Exhibits, Defendants ask the Court to assume that the accuracy of the bad debt expenses ("BDE") and therefore that of the RPO figures.  *See* MTD at 5-6.  This directly

---

[2] To be clear, Lead Plaintiffs do not object to the use of SEC filings for the limited purpose of determining what information was disclosed to investors during the Class Period the Court may consider, so long as the document is not being used for the truth of the matter asserted.  For instance, the Court may consider the Exhibits 1, 4, 6, 7, 8, and 16 "for the sole purpose of determining what representations [ZoomInfo] made to the market," it cannot "take notice of the truth of any of the facts asserted in these documents." *Wochos*, 2019 WL 1332395 at *2.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:24-cv-05739-TMC                    3

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

contradicts the Complaint's allegations that Defendants falsely inflated the RPO figures by first failing to conduct a variable constraint analysis, and then failing to write down these known, uncollectable accounts as BDE. *See* ¶¶133-44. Therefore, the Court should not assume the truth or accuracy of the BDE and RPO figures in Exhibits 1, 6, 7, 8, and 9. *See Khoja*, 899 F.3d at 1003 ("it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint").

Defendants also improperly introduce Exhibit 1 for the additional purpose of disputing the Complaint's factual allegations that ZoomInfo's undisclosed practices around renewal effectively foreclosed customers from exercising their rights to opt-out of autorenewal. *See* MTD at 4, 14; *see also* ¶¶178-82. Similarly, the Court should not consider Exhibit 1 for the truth of the matter asserted regarding the Company's autorenewal practices. *See Khoja*, 899 F.3d at 1003.

Separately, Defendants' intent to introduce Exhibit 9 for judicial notice is also improper because ZoomInfo did not disseminate it until February 25, 2025—six months after the end of the Class Period—rendering it irrelevant to investors already damaged by Defendants' fraud. *Garrett v. Governing Bd. of Oakland Unified Sch. Dist.*, 583 F. Supp. 3d 1267, 1271 n.2 (N.D. Cal. 2022) (declining to take judicial notice of irrelevant documents).

**B.    Because Defendants Cite Exhibits 2 and 4 Only to Dispute the Complaint's Allegations Concerning Defendants' Accounting Improprieties, the Court Should Not Consider Them for the Truth of the Facts Set Forth Therein**

Again, Defendants improperly offer Exhibits 2 (ASC 606) and 4 (November 13, 2020 Form 10-Q) to rebut the Complaint's allegations that Defendants failed to comply with GAAP, and instead establish that they did indeed comply. *See* MTD at 4 n.2-3, 5 n.4-5, 11, 14-15. The issue of Defendant's compliance with GAAP "is a question of fact and the court may not make such a factual determination at the pleadings stage." *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *14 (C.D. Cal. 2012) (citation modified). Defendants' use of Exhibits 2 and 4 directly contradicts the Complaint's well-pled allegations that according to FEs, Defendants failed to "develop[] a variable constraint model to understand what the likelihood of collecting was" and to assess customer's collectability. *See* ¶¶120-21, 139.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:24-cv-05739-TMC                    4

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522

Therefore, the Court should decline to consider Exhibits 2 and 4, or alternatively, should not assume the truth of the matter asserted in the Exhibits. *See Khoja*, 899 F.3d at 1003; *see also Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *5 (C.D. Cal. 2022) (judicial notice to resolve disputed factual issue of GAAP compliance improper).

**C.    Because Defendants Cite Exhibits 8, 13, 14, 15, and 16 Only to Dispute the Complaint's Allegations Concerning Insider Sales, the Court Should Not Consider Them for the Truth of the Facts Set Forth Therein**

Defendants improperly introduce Exhibits 8, 13 (Compilation of Defendant Schuck's Form 4s), 14 (Compilation of Defendant Hyzer's Form 4s), 15 (Compilation of Defendant Hays's Form 4s), and 16 (August 6, 2024 Form 10-Q) to establish that (1) Defendants made non-discretionary trades pursuant to 10b5-1 trading plans, and (2) the Company's $700 stock repurchase should negate a finding of scienter. *See* MTD at 25-27. This is improper because the exhibits dispute the Complaint's allegations that the insider sales are suspicious and therefore indicative of scienter. *See* ¶¶400-26. Accordingly, to the extent that the exhibits are incorporated-by-reference or judicially noticeable, the exhibits may not be used to show the 10b5-1 "plan confined Defendant's trading discretion" and the Court should not "assume the truth of the matters asserted therein for the purposes of disputing Plaintiffs' trading and scienter allegations." *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019); *Khoja*, 899 F.3d at 1003.

## IV.    CONCLUSION

For the foregoing reasons, to the extent Defendants seek to establish the truth of the facts asserted therein, Defendants' Request for Judicial Notice and Incorporation by Reference should be denied with respect to Exhibits 1, 2, 4, 6, 7, 8, 9, 13, 14, 15, and 16.

DATED: July 25, 2025

**BYRNES KELLER CROMWELL LLP**

*s/ Bradley S. Keller*
Bradley S. Keller, WSBA #10665
*s/ Joshua B. Selig*
Joshua B. Selig, WSBA #39628
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Tel: (206) 622-2000

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:24-cv-05739-TMC

5

Fax: (206) 622-2522
bkeller@byrneskeller.com
jselig@byrneskeller.com

*Liaison Counsel for the Proposed Class*

**LABATON KELLER SUCHAROW LLP**
Michael P. Canty (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
James T. Christie (*pro hac vice*)
Jacqueline R. Meyers (*pro hac vice*)
Kaicheng Yu (*pro hac vice* forthcoming)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com
mrogers@labaton.com
jchristie@labaton.com
jmeyers@labaton.com
nyu@labaton.com

*Counsel for Lead Plaintiffs and*
*Lead Counsel for the Proposed Class*

**OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF OHIO**
Shawn Busken (*pro hac vice* forthcoming)
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515
Shawn.Busken@OhioAttorneyGeneral.gov

*Additional Counsel for Lead Plaintiffs*

I certify that this memorandum contains 1,629 words, in compliance with the Local Civil Rules

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION TO DISMISS
Case No. 3:24-cv-05739-TMC

6

BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor,
Seattle, WA 98104
Telephone: 206-622-2000 • Fax: 206-622-2522