THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

CITY OF PONTIAC POLICE AND FIRE RETIREMENT SYSTEM,

Plaintiff,

v.

ZOOMINFO TECHNOLOGIES INC., et al.,

Defendants.

Case No. 3:24-cv-05739-TMC

CLASS ACTION

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

**NOTE ON MOTION CALENDAR:** AUGUST 25, 2025

**ORAL ARGUMENT REQUESTED**

REPLY ISO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

Defendants ZoomInfo Technologies Inc., Henry Schuck, Cameron Hyzer, Joseph Christopher Hays, and DO Holdings (WA), LLC ("Defendants") submit this reply in support of their Request for Judicial Notice in Support of Motion to Dismiss (ECF 92) (the "RJN"). The RJN asks the Court to judicially notice eighteen exhibits (the "Exs."). Plaintiffs' Opposition to the RJN (ECF 95) (the "Opposition" or "Opp.") opposes judicial notice for ten of those exhibits, Exhibits 1-2, 4, 6-9, 13-15 (the "disputed exhibits"), as further discussed below.[1]

Plaintiffs argue the Court should refuse to grant judicial notice as to each of the ten disputed exhibits because, according to Plaintiffs, "Defendants proffer the exhibits solely to add disputed facts outside of the Complaint" and "improperly [seek] to defeat . . . adequately stated claims at the pleading stage." Opp. at 1, 3, citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). But that argument fails for three separate reasons.

First, nine of the ten disputed exhibits are incorporated by reference into the Complaint, *see* RJN 2-3, citing Exs. 1-2, 4, 6-8, 13-15, and therefore their "entire [contents] [are] assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of [their] contents." *See, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *Khoja*, 899 F.3d at 1002–03 (courts may treat a document incorporated by reference "as though [it is] part of the complaint itself," and may generally "assume [its] contents are true for purposes of a motion to dismiss under Rule 12(b)(6),"). The fact that Plaintiffs are trying to prevent the Court from examining documents that they reference in their Complaint—including the text of ASC 606, the accounting standard Plaintiffs allege was violated, and the full text of the SEC filings they claim are misleading—should tell the Court everything it needs to know about the merits of their claims.

Second, while *Khoja* "holds that an incorporated or noticed document's truth may not be assumed if the only purpose is to dispute or create a defense to a ***well-pled*** fact in a complaint," "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's ***conclusory*** allegations." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020). As further explained below, nothing

---

[1] Plaintiffs do not oppose judicial notice of Exs. 3, 5, 10-12 and 17-18.

REPLY ISO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE
CASE NO. 3:24-CV-05739-TMC

- 1 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

in any of the RJN exhibits is offered to rebut "well-pled" factual allegations in the AC, because the AC does not allege the particularized facts required by the PSLRA to state a claim. In the Ninth Circuit, the Court is *not "required to accept as true [conclusory] allegations that contradict . . . matters properly subject to judicial notice*, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Third, and in any event, Defendants do not seek judicial notice to "add disputed facts," but rather to place Plaintiffs' selectively quoted misstatement allegations in their proper context, and enable the Court to review the full SEC filings and GAAP authorities implicated by Plaintiffs' claims. *See In re Terravia Holdings, Inc. Sec. Litig.*, 2020 WL 553939, at *3 (N.D. Cal. Feb. 4, 2020) ("Statements 'cannot be considered in isolation,' but must be viewed 'in the context of their total presentation.'"). When deciding a motion to dismiss a securities class action, the court must "analyz[e] an alleged false [or misleading] statement *in context*," *Eventbrite*, 2020 WL 2042078, at *7, and should use judicial notice to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom— their claims," *Khoja*, 899 F.3d at 1002.

With those principles in mind, the following section will address each of the exhibits challenged by Plaintiffs' Opposition.

**Exhibits 1 and 6-9, ZoomInfo's Forms 10-K, are incorporated by reference and/or properly the subject of judicial notice.** ZoomInfo's Forms 10-K for fiscal years 2019 through 2023, Exs. 1, 6-8, are incorporated by reference into the Complaint and therefore properly before the Court for purposes of the Motion to Dismiss. *See* RJN 1-2. Plaintiffs do not dispute that the Forms 10-K for 2020 through 2024 are incorporated by reference into the Complaint, and thus concede the point.

Though the Court's analysis may stop there, ZoomInfo's Forms 10-K for fiscal years 2019-2024, Exs. 1, 6-9, are also judicially noticeable, because their accuracy is not in question, and "[p]ublic records, such as SEC filings, are . . . routinely considered in deciding a motion to dismiss in a securities case." *See* RJN 4, citing *In re Extreme Networks, Inc. S'holder Derivative Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008). Plaintiffs do not (and cannot) dispute that SEC filings

REPLY ISO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE
CASE NO. 3:24-CV-05739-TMC

- 2 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

are routinely judicially noticed, but nonetheless object to judicial notice of ZoomInfo's Forms 10-K because "Defendants ask the Court to assume [] the accuracy of [ZoomInfo's annual] bad debt expense ("BDE")" reported therein, which Plaintiffs claim "directly contradicts the Complaint's allegations that Defendants falsely inflated the RPO figures." Opp. at 3-4, citing *Khoja*, 899 F.3d at 1003.

As discussed above, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute ***facts stated in a well-pleaded complaint***," *Khoja*, 899 F.3d at 1003, but nothing "prevent[s] a defendant from using the doctrines of judicial notice . . . to create factual disputes with a plaintiff's **conclusory** allegations." *Eventbrite*, 2020 WL 2042078, at *7. Plaintiffs here do not allege any specific facts to show that any of the BDE disclosures were misleading (the Complaint does not even cite any of the BDE disclosures), and as the Motion to Dismiss demonstrates in great detail, Plaintiffs do not allege any specific facts to show Defendants "falsely inflated the RPO figures." Under the law, Plaintiffs cannot make the conclusory accusation that Defendants committed accounting fraud and then rely on that conclusory accusation to bar the Court from reviewing otherwise judicially noticeable materials. *Id.*

Of course, even ***if*** Plaintiffs sufficiently alleged that Defendants "falsely inflated the RPO figures," and they do not, judicial notice of ZoomInfo's Forms 10-K is still warranted because they are not being offered to dispute that allegation. They are being offered so the Court can "analyz[e] [the] alleged false [or misleading] statement[s] ***in context***," *Eventbrite*, 2020 WL 2042078, at *7, and evaluate Plaintiffs' accounting fraud allegations against the uncontested fact that ZoomInfo's BDE was 4% or less of its RPO for each year of the Class Period. *See* Defendants' Motion to Dismiss, ECF 91 (the "MTD") at 5-6.[2]

Plaintiffs argue that Defendants are "improperly introduc[ing] Exhibit 1 for the . . . purpose of disputing the Complaint's factual allegations that ZoomInfo's undisclosed practices around renewal effectively foreclosed customers from exercising their rights to opt-out of autorenewal." Opp.

---

[2] Plaintiffs argue that because Ex. 9, ZoomInfo's February 26, 2025 Form 10-K, was issued after the end of the Class Period, it is "irrelevant" to the MTD and should not be judicially noticed. Opp. at 4. But indeed, Ex. 9 provides important context, and demonstrates that ZoomInfo collected nearly all of its RPO in the final year of the Class period. *See* MTD at 5-6.

REPLY ISO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE                      - 3 -
CASE NO. 3:24-CV-05739-TMC

at 4. False. Defendants cite Exhibit 1 simply to show that, contrary to Plaintiffs' claim, ZoomInfo in fact disclosed the details of its automatic renewal policy. S*ee* MTD at 14.

**Exhibit 2, the text of ASC 606, is incorporated by reference and subject to judicial notice.** Plaintiffs do not and cannot dispute that ASC 606 is incorporated by reference in the Complaint and therefore is properly before the Court for purposes of the Motion to Dismiss.

Plaintiffs object to judicial notice of ASC 606 because it "rebut[s] the Complaint's allegations that Defendants failed to comply with GAAP." Opp. at 4. Indeed it does, and it demonstrates that Plaintiffs' core theory of falsity—that ASC 606 required ZoomInfo to perform credit checks to assess collectability—is flat wrong. ASC 606 does not require companies to perform credit checks (or use any other particular method) to assess collectability, but rather requires them to use judgment. *See* MTD at 4-5. It is very telling that Plaintiffs do not want the Court to review the accounting standard that they allege Defendants violated.

Plaintiffs argue that the "issue of Defendant's compliance with GAAP 'is a question of fact and the court may not make such a factual determination at the pleadings stage.'" Opp. at 4 (citing *Lloyd v. CVB Fin. Corp.*, 2012 WL 12883522, at *14 (C.D. Cal. Jan. 12, 2012)). But *Lloyd* plainly holds that accounting literature and guidance are "matters of public record," and therefore properly subject to judicial notice. 2012 WL 12883522, at *14 (granting judicial notice of Financial Accounting Standards Board pronouncement and a publication of the Federal Financial Institutions Examination Council). *See also Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *5 (C.D. Cal. Sept. 5, 2022) ("courts take judicial notice of official accounting standards to establish the terms of GAAP themselves, as the court does with respect to ASC 450-20-25."); *Sw. Ga. Fin. Corp. v. Colonial Am. Cas. & Sur. Co.*, 2009 WL 1410272, *1 (M.D. Ga. May 19, 2009) (taking judicial notice of Federal Financial Institutions Examination Counsel Instructions Glossary).

**Exhibit 4, ZoomInfo's November 2020 Form 10-Q, is incorporated by reference and subject to judicial notice.** Like the exhibits discussed above, Exhibit 4 is incorporated by reference into the Complaint, which Plaintiffs do not dispute, and therefore is properly before the Court. Plaintiffs object to judicial notice of Exhibit 4 because, as they would have it, it is being offered "to rebut the Complaint's allegations that Defendants failed to comply with GAAP." Opp. at 4. As noted

REPLY ISO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE                                    - 4 -
CASE NO. 3:24-CV-05739-TMC

above, however, Plaintiffs' allegations of accounting fraud are entirely conclusory, and nothing "prevent[s] a defendant from using the doctrines of judicial notice . . . to create factual disputes with a plaintiff's conclusory allegations." *Eventbrite*, 2020 WL 2042078, at *7. In any event, Exhibit 4 is not being offered to rebut Plaintiffs' factual allegations, but rather to evidence ZoomInfo's **disclosure** that it determined forward-looking collectability "based on estimates" and "historical experience," and that "actual consideration may vary from current estimates," *See* MTD at 15, citing Ex. 4 at 13-14. As before, Plaintiffs would rather the Court not review the full text of the documents they claim are misleading, but that is no basis to refuse judicial notice of an otherwise judicially noticeable public filing.

**Disclosures of Defendants' stock trades, Exs. 8, 13-16, are incorporated by reference and subject to judicial notice.** As before, ZoomInfo's disclosures regarding Defendants' stock trades are incorporated by reference into the Complaint, which Plaintiffs do not dispute and therefore concede. Plaintiffs argue that the Court should nonetheless refuse to judicially notice the documents, "because [they] dispute the Complaint's allegations that the insider sales are suspicious and therefore indicative of scienter." Opp. at 5. As noted above, however, Plaintiffs cannot use conclusory accusations of "suspicious" behavior to block judicial notice of an otherwise judicially noticeable document. *Eventbrite*, 2020 WL 2042078, at *7, and insofar as ZoomInfo's SEC filings are not "subject to varying interpretations," judicial notice of the documents is appropriate. *See City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n.1 (N.D. Cal. 2018) ("To the extent plaintiffs take issue with the statements in these documents and defendants' arguments based thereon, such argument belongs in plaintiffs' opposition to defendants' motion to dismiss and thus does not persuade on the question of whether judicial notice is proper.").

At bottom, while Plaintiffs argue that *Khoja* bars the Court from judicially noticing ZoomInfo's SEC filings, courts since *Khoja* have routinely held that SEC filings are "publicly-filed documents whose accuracy cannot reasonably be questioned and are therefore subject to judicial notice"—even if they "are not cited in the [Complaint]." *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 593 (N.D. Cal. 2019); *Habelt v. iRhythm Techs., Inc.*, 2022 WL 971580, *6 (N.D. Cal. Mar. 31, 2022) (taking judicial notice of SEC filings on Forms 4, 8-K, 10-Q, and 10-K

REPLY ISO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE
CASE NO. 3:24-CV-05739-TMC

- 5 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

that show publicly available information about the defendant); *Kipling v. Flex Ltd.*, 2020 WL 7261314, at *7 (N.D. Cal. Dec. 10, 2020).

For these reasons and those stated in Defendants' RJN, Defendants respectfully submit that the Court should grant the RJN in its entirety.

Dated: August 25, 2025                                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  *s/ James N. Kramer*
  James N. Kramer (*Pro Hac Vice*)
  jkramer@orrick.com
  Alexander K. Talarides (*Pro Hac Vice*)
  atalarides@orrick.com
  405 Howard Street
  San Francisco, CA  94105-2669
  Telephone:  +1 415-773-5700
  Facsimile:  +1 415-773-5957

  - and -

  Paul F. Rugani (WSBA No. 38664)
  prugani@orrick.com
  401 Union Street, Suite 3300
  Seattle, WA  98101
  Telephone:  +1 206 839 4300
  Facsimile:  +1 206 839 4301

*Attorneys for Defendants ZoomInfo Technologies Inc., Henry Schuck, Cameron Hyzer, Joseph Christopher Hays, and DO Holdings (WA), LLC*

REPLY ISO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE                                    - 6 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this memorandum contains 2,098 words, in accordance with the Local Civil Rules.


Dated: August 25, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  *s/ James N. Kramer*
               James N. Kramer (*Pro Hac Vice*)

REPLY ISO DEFENDANTS' REQUEST
FOR JUDICIAL NOTICE
CASE NO. 3:24-CV-05739-TMC

- 7 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300