THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

STATE TEACHERS RETIREMENT SYSTEM OF OHIO, et al.,

Plaintiffs,

v.

ZOOMINFO TECHNOLOGIES INC., et al.,

Defendants.

Case No. 3:24-cv-05739-TMC

CLASS ACTION

**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

Defendants ZoomInfo Technologies Inc., ("ZoomInfo" or the "Company"), Henry Schuck, Cameron Hyzer, and Joseph Christopher Hays (collectively, "Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to Lead Plaintiffs State Teachers Retirement System of Ohio and Ohio Public Employees Retirement System's ("Plaintiffs") Corrected Amended Class Action Complaint (ECF No. 81, "Amended Complaint" or "CAC") as follows:

## RESPONSES TO INDIVIDUAL PARAGRAPHS

Numbered paragraphs below correspond to the like-numbered paragraphs in the Amended Complaint. Except as specifically admitted, Defendants deny the allegations in the Amended Complaint, including without limitation the Table of Contents, headings, subheadings, and footnotes contained within the Amended Complaint. Plaintiffs' Amended Complaint contains 34 footnotes. Any allegations contained therein do not comply with Federal Rule of Civil Procedure 10(b), providing that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); *see, e.g., Dahlstrom v. United States*, 2018 WL 1046829, at *4 (W.D. Wash. Feb. 26, 2018) ("The proposed complaint is extraordinary for its length, its repetition, the inappropriate use of footnotes and citations, and the presentation of the case in a manner that is seemingly designed to confuse rather than enlighten."). No response is therefore required to the CAC's footnotes. In any event, except as expressly admitted, Defendants deny any and all allegations contained in footnotes 1 through 34.

## I.    NATURE OF THE ACTION

1.    Defendants admit that ZoomInfo completed its initial public offering on June 8, 2020. Except to the extent expressly admitted, Defendants deny the allegations in Paragraph 1.

2.    Defendants deny the allegations in Paragraph 2.

3.    To the extent Paragraph 3 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 3 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 3.

4.    Defendants deny the allegations in Paragraph 4.

**A.    ZoomInfo's Business**

5.    Defendants deny that the allegations in Paragraph 5 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 5.

6.    Defendants deny that the allegations in Paragraph 6 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 6.

7.    Defendants admit the allegations in Paragraph 7.

**B.    Prior to ZoomInfo's IPO and Leading Up to the Class Period, the Company Misleadingly Inflated Its Subscriber Numbers**

8.    Defendants deny the allegations in Paragraph 8.

9.    Defendants deny the allegations in Paragraph 9.

10.    Defendants deny the allegations in the first sentence of Paragraph 10. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the remaining allegations in Paragraph 10.

11.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 11.

12.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 12.

13.    Defendants deny the allegations in Paragraph 13.

14.    Defendants deny the allegations in the first sentence of Paragraph 14. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the remaining allegations in Paragraph 14.

15.    Defendants deny the allegations in the first sentence of Paragraph 15. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the remaining allegations in Paragraph 15.

16.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, CASE NO. 3:24-CV-05739-TMC

- 2 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

allegations in Paragraph 16.

17.     Defendants admit that on June 4, 2020, the Company priced its initial public offering of 44,500,000 shares of its Class A common stock at a price of $21.00 per share; and that the Company's stock closed at $34.00 per share on that date. Except as expressly admitted, Defendants deny the allegations in Paragraph 17.

### C.    Defendants Knowingly Inflated ZoomInfo's Revenue Figures, as Defendant Schuck Entered into a Plan to Sell Off His Shares

18.     The allegations in Paragraph 18 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

19.     The allegations in the first sentence of Paragraph 19 contain legal conclusions and characterizations, to which no response is required. Further, the referenced analyst reports speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with their contents. Defendants deny the allegations in Paragraph 19.

20.     Defendants deny the allegations in the first and last sentences of Paragraph 20. The remaining allegations in Paragraph 20 contain legal conclusions and characterizations, to which no responsive pleading is required.

21.     Defendants deny the allegations in the first sentence of Paragraph 21. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the remaining allegations in Paragraph 21.

22.     Defendants deny the allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 24.

25.     Defendants deny the allegations in Paragraph 25.

26.    Defendants admit that prior to November 30, 2020, Henry Schuck entered into a non-discretionary Rule 10b5-1 trading plan. The allegations in the second sentence of Paragraph 26 contain legal conclusions and characterizations, to which no responsive pleading is required. Except as expressly admitted, Defendants deny the allegations in Paragraph 26.

**D.    <u>Defendants Issued False and Misleading Statements About ZoomInfo's Growth and Profitability</u>**

27.    Defendants deny the allegations in Paragraph 27.

28.    Defendants admit that on or around November 9, 2020, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2020 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 28 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 28.

29.    Defendants admit that on or around November 9, 2020, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2020 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 29 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 29.

30.    Defendants admit that on or around November 9, 2020, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2020 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the last sentence of Paragraph 30 attributed to an anonymous purported former employee and, on that basis, deny them. Defendants deny any characterizations of the documents referenced in Paragraph 30 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 30.

31.    Defendants deny the allegations in Paragraph 31.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 3:24-CV-05739-TMC

- 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

32. Defendants deny the allegations in Paragraph 32.

33. Defendants admit that Paragraph 33 quotes from a presentation transcript from the November 18, 2020, RBC Capital Markets Technology, Internet, Media and Telecommunications Virtual Conference, which speaks for itself. Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the last sentence of Paragraph 34 attributed to anonymous purported former employees and, on that basis, deny them. To the extent Paragraph 34 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 34 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 34.

**E.  Defendants Buried an Internal Report Confirming ZoomInfo's Growth Was Unsustainable While Selling Off Hundreds of Millions in Shares**

35. Defendants deny the allegations in Paragraph 35.

36. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 36.

37. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 38.

39. To the extent Paragraph 39 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph

39 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 39.

**F.      Defendants Knew That Customers Would Not Renew Because They Were Not Using ZoomInfo's Products**

40.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 40. Defendants otherwise deny that the allegations in Paragraph 40 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 40.

41.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the remaining allegations in Paragraph 41.

42.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the remaining allegations in Paragraph 42.

**G.      Defendants Turned to Forced Auto-Renewals in a Last-Ditch Attempt to Prop Up ZoomInfo's Sales**

43.    Defendants deny the allegations in Paragraph 43.

44.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 44.

45.    Defendants deny the allegations in the first sentence of Paragraph 45. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the remaining allegations in Paragraph 45.

46.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 46.

47.     Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 47.

**H.     Defendants Continued to Mislead Investors About ZoomInfo's Sustainability and Growth**

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in the last sentence of Paragraph 49 attributed to an anonymous purported former employee and, on that basis, deny them. Defendants admit that on or around February 15, 2022, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q4 2021 and full-year 2021 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 49 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants admit that on or around February 15, 2022, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q4 2021 and full-year 2021 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 51 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 51.

52.     Defendants deny that the allegations in Paragraph 52 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 52.

**I.     Defendants Slowly Revealed the Truth About ZoomInfo's Growth**

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55. Defendants admit that on or around November 1, 2022, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2022 results. The referenced press release and analyst report speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations of the documents referenced in Paragraph 55 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 55.

56. The analyst report referenced in Paragraph 56 speaks for itself. Defendants respectfully refer the Court to that document for its contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 56.

57. Defendants admit that on November 2, 2022, ZoomInfo's stock price closed at $30.81 per share. Except as expressly admitted, Defendants deny the allegations in Paragraph 57.

58. Defendants admit that on or around November 1, 2022, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2022 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 58 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants admit that on or around November 1, 2022, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2022 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 60 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 60.

61. To the extent Paragraph 61 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, CASE NO. 3:24-CV-05739-TMC

- 8 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

deny that the allegations in Paragraph 61 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 61.

62. The analyst report referenced in Paragraph 62 speaks for itself. Defendants respectfully refer the Court to this document for its contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 62.

63. Defendants admit that on November 15, 2022, ZoomInfo's stock price closed at $31.69 per share and on November 17, 2022, at $26.17 per share. Except as expressly admitted, Defendants deny the allegations in Paragraph 63.

64. To the extent Paragraph 64 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 64 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 64.

65. The analyst report referenced in Paragraph 65 speaks for itself. Defendants respectfully refer the Court to this document for its contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 65.

66. To the extent Paragraph 66 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 66 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 66.

67. Defendants admit that on or around July 31, 2023, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q2 2023 results. The referenced transcript, press release, and analyst report speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations of the documents referenced in Paragraph 67 that are inconsistent with their contents. Except as expressly admitted, Defendants deny

the allegations in Paragraph 67.

68.    Defendants admit that on July 31, 2023, ZoomInfo's stock price closed at $25.57 per share and on August 2, 2023, at $18.40 per share. Except as expressly admitted, Defendants deny the allegations in Paragraph 68.

69.    Defendants admit that on or around July 31, 2023, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q2 2023 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Further, the referenced analyst reports speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations of the documents referenced in Paragraph 69 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 69.

70.    Defendants admit that on or around May 7, 2024, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q1 2024 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 70 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 70.

71.    The analyst reports referenced in Paragraph 71 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 71.

72.    Defendants admit that on May 7, 2024, ZoomInfo's stock price closed at $16.02 per share and on May 8, 2024, at $12.14 per share. Except as expressly admitted, Defendants deny the allegations in Paragraph 72.

73.    Defendants admit that on or around May 7, 2024, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q1 2024 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations

of the documents referenced in Paragraph 73 that are inconsistent with the contents thereof. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in Paragraph 73.

74.    Defendants admit that on or around August 5, 2024, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q2 2024 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 74 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 74.

75.    Defendants admit that on or around August 5, 2024, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q2 2024 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 75 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 75.

76.    Defendants admit that on August 5, 2024, ZoomInfo issued a press release concerning Mr. Hyzer's transition from his role as CFO of the Company. Except as expressly admitted, Defendants deny the allegations in Paragraph 76.

77.    The analyst reports referenced in Paragraph 77 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 77.

78.    Defendants admit that on August 6, 2024, ZoomInfo's stock price closed at $9.80 per share and on at $8.01 per share. Except as expressly admitted, Defendants deny the allegations in Paragraph 78.

79.    Defendants admit that on November 1, 2022, ZoomInfo's stock price traded at a high of $45.90 per share and on August 5, 2024, at a high of $10.09 per share. To the extent Paragraph 79

derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 79 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 79.

80.     Defendants admit that on August 7, 2024, Mr. Schuck purchased 1,500,000 shares of ZoomInfo common stock at prices ranging from $8.17 to $8.70. Except as expressly admitted, Defendants deny the allegations in Paragraph 80.

81.     To the extent Paragraph 81 derives from ZoomInfo's public statements, including SEC filings, press releases, and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. The remaining allegations in Paragraph 81 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 81.

## II.     **JURISDICTION AND VENUE**

82.     The allegations in Paragraph 82 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

83.     The allegations in Paragraph 83 contain legal conclusions and characterizations, to which no responsive pleading is required.

84.     The allegations in the first sentence of Paragraph 84 contain legal conclusions and characterizations, to which no responsive pleading is required. Defendants admit the second and third sentences of Paragraph 84. Except as expressly admitted, Defendants deny the allegations in Paragraph 84.

85.     The allegations in Paragraph 85 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 85.

## III.   PARTIES

### A.   Lead Plaintiffs

86.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lead Plaintiff State Teachers Retirement System of Ohio's business or purported stock purchase(s) and on that basis deny them. Defendants deny that Plaintiffs suffered any damages and that Defendants committed any misconduct. Defendants admit that on December 12, 2024, the Court appointed State Teachers Retirement System of Ohio as Lead Plaintiff for this litigation. Except as expressly admitted, Defendants deny the allegations in Paragraph 86.

87.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lead Plaintiff Ohio Public Employees Retirement System's business or purported stock purchase(s) and on that basis deny them. Defendants deny that Plaintiffs suffered any damages and that Defendants committed any misconduct. Defendants admit that on December 12, 2024, the Court appointed Ohio Public Employees Retirement System as Lead Plaintiff for this litigation. Except as expressly admitted, Defendants deny the allegations in Paragraph 87.

### B.   Defendants

#### 1.   Corporate Defendant

88.   The allegations in Paragraph 88. do not require a response. To the extent a response is required, Defendants admit the allegations in Paragraph 88.

#### 2.   Individual Defendants

89.   Defendants admit that Mr. Schuck served as Chief Executive Officer ("CEO") and Chairman of ZoomInfo during the relevant period. Defendants further admit that Mr. Schuck served as founder and CEO of DiscoverOrg, and that he is licensed to practice law in Washington and Nevada. Defendants further admit that Mr. Schuck, in his role as CEO of the Company, participated in earnings calls, conferences, and interviews, and signed certain publicly filed documents. To the extent Paragraph 89 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 89 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations

in Paragraph 89.

90.    Defendants admit that Mr. Hyzer served as the Chief Financial Officer ("CFO") of ZoomInfo from November 2018 to October 2024, during which he led various teams. Defendants further admit that Mr. Hyzer, in his role as CFO, participated in earnings calls, conferences, and interviews, and signed certain publicly filed documents. To the extent Paragraph 90 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 90 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 90.

91.    Defendants admit that Joseph Christopher Hays served as the Company's President and Chief Operating Officer from May 2016 (pre-merger with DiscoverOrg) to October 1, 2023. To the extent Paragraph 91 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 91 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 91.

### 3.    Sponsor Defendants

92.    Defendants need not respond to the allegations in Paragraph 92 inasmuch as they are directed at another party that on October 28, 2025, the Court dismissed from this case.

93.    Defendants need not respond to the allegations in Paragraph 93 inasmuch as they are directed at another party that on October 28, 2025, the Court dismissed from this case.

94.    Defendants need not respond to the allegations in Paragraph 94 inasmuch as they are directed at another party that on October 28, 2025, the Court dismissed from this case.

### C.    Relevant Third Parties

95.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 95.

96.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 96.

97.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 97.

98.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 98.

99.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 99.

100.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 100.

101.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 101.

102.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 102.

103.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 103.

104.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 104.

105. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 105.

106. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 106.

107. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 107.

## IV. SUBSTANTIVE ALLEGATIONS

### A. ZoomInfo's Business & Company Background

108. Defendants deny that the allegations in Paragraph 108 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 108.

109. Defendants deny that the allegations in Paragraph 109 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 109.

110. Defendants deny that the allegations in Paragraph 110 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 110.

111. Defendants admit that Mr. Schuck co-founded DiscoverOrg in 2007. Defendants deny that the remaining allegations in Paragraph 111 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 111.

### B. In Order to Inflate ZoomInfo's Stock Price and IPO, ZoomInfo Signed Droves of Unvetted Customers without Assessing Their Likelihood of Payment

112. Defendants deny the allegations in Paragraph 112.

#### 1. Leading Up to the IPO, Defendant Schuck Personally Directed Employees to Sign Deals to Increase ZoomInfo's Stock Price Without Conducting Due Diligence

113. Defendants deny the allegations in the first sentence of Paragraph 113. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the remaining allegations in Paragraph 113.

114. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 114.

115. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 115.

116. Defendants admit that on June 4, 2020, the Company went public through an initial public offering of 44,500,000 shares of its Class A common stock at a price of $21.00 per share. Except as expressly admitted, Defendants deny the allegations in Paragraph 116.

117. Defendants admit that on June 4, 2020, the Company priced its initial public offering of 44,500,000 shares of its Class A common stock at a price of $21.00 per share; and that the Company's stock closed at $34.00 per share. Except as expressly admitted, Defendants deny the allegations in Paragraph 117.

118. Defendants admit that on or around August 10, 2020, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q2 2020 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 118 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 118.

**2.    During the Class Period, Defendants Continued to Direct ZoomInfo's Salespeople to Sign Customers Without Vetting Their Ability to Pay**

119. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 119.

120. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 120.

121.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 121.

122.    Defendants deny the allegations in the first sentence of Paragraph 122. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the remaining allegations in Paragraph 122.

123.    Defendants deny the allegations in the first sentence of Paragraph 123. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the remaining allegations in Paragraph 123.

124.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 124.

125.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 125.

### 3.    ZoomInfo Exploited COVID-19 to Sign Large Amounts of Vulnerable, Unvetted SMBs, Increasing Its Undisclosed Collectability Risk

126.    Defendants deny the allegations in Paragraph 126.

127.    Paragraph 127 contains no substantive allegations and does not require a responsive pleading. Insofar as a response is required, Defendants deny the allegations.

128.    Paragraph 128 contains no substantive allegations and does not require a responsive pleading. Insofar as a response is required, Defendants deny the allegations.

129.    Defendants deny the allegations in Paragraph 129.

130.    Defendants deny the allegations in the first two sentences of Paragraph 130. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the remaining allegations in

Paragraph 130.

131.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 131.

132.    Defendants deny the allegations in Paragraph 132.

**C.    Defendants Overstated ZoomInfo's Accounting Metrics to Falsely Convey Sustainable Growth, Demand, and Company Health**

133.    Defendants deny that the allegations in Paragraph 133 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 133.

134.    Defendants admit that during the relevant time period, ZoomInfo reported RPO to investors on a quarterly basis and included RPO as part of its income statement. Except as expressly admitted, Defendants deny the allegations in Paragraph 134.

135.    The allegations in Paragraph 135 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

136.    The analyst reports referenced in Paragraph 136 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 136.

137.    Defendants deny the allegations in the first sentence of Paragraph 137. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the remaining allegations in Paragraph 137.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 139.

140. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 140.

141. Defendants deny the allegations in Paragraph 141.

142. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 142.

143. Defendants deny the allegations in Paragraph 143.

144. The analyst reports referenced in Paragraph 144 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 144.

**D.     Defendants Falsely Assured Investors that ZoomInfo's Demand and Growth Were Intact**

145. Defendants admit that on or around November 9, 2020, ZoomInfo held an earnings call and issued a press release concerning ZoomInfo's Q3 2020 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 145 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 145.

146. Defendants deny the allegations in Paragraph 146.

147. Defendants admit that on or around November 9, 2020, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2020 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 147 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 147.

148. Defendants deny the allegations in Paragraph 148.

149. The analyst reports referenced in Paragraph 149 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 149.

150. The transcript referenced in Paragraph 150 speaks for itself. Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 150.

151. Defendants lack knowledge or information sufficient to form a belief as to the allegations in the last sentence of Paragraph 151 attributed to anonymous purported former employees and, on that basis, deny them. To the extent Paragraph 151 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 151 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 151.

152. Defendants deny the allegations in Paragraph 152.

**E.      As ZoomInfo's Stock Price Soared, Defendants Dumped Their Shares and Profited by Over $1 Billion During the Class Period**

153. Defendants deny the allegations in the first sentence of Paragraph 153. To the extent Paragraph 153 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 153 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 153.

154. Defendants deny the allegations in Paragraph 154.

155. Defendants deny the allegations in Paragraph 155.

156. Defendants deny the allegations in the first sentence of Paragraph 156. To the extent Paragraph 156 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 156 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 156.

157. To the extent Paragraph 157 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 157 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 157.

**F.      ZoomInfo Concealed a Marketing Survey Revealing Drastic Erosion of the Company's Market Share**

158. Defendants deny the allegations in Paragraph 158.

159. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 159.

160. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 160.

161. Defendants deny the allegations in Paragraph 161.

**G.      Defendants Continued Falsely to Assure Investors that ZoomInfo's Success Was Sustainable at the Same Time They Continued to Offload Their Shares of Company Stock**

162. Defendants admit that on or around February 22, 2021, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q4 2020 and full-year 2020 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 162 that are

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, CASE NO. 3:24-CV-05739-TMC

- 22 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 162.

163.    Defendants admit that on or around February 22, 2021, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q4 2020 and full-year 2020 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 163 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 163.

164.    Defendants admit that on or around May 3, 2021, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q1 2021 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 164 that are inconsistent with their contents. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in Paragraph 164.

## H.    **Defendant Schuck Dumped Over $414 Million of ZoomInfo Stock While Continuing to Conceal the Known Risk of Non-Payment**

165.    Defendants admit that on August 5, 2021, ZoomInfo's stock price closed at $66.58 per share. To the extent Paragraph 165 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 165 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 165.

166.    Defendants admit that on August 3, 2021, ZoomInfo issued a press release and filed a Form 8-K (filed on August 6, 2021) concerning a secondary offering of 27,000,000 shares of ZoomInfo's common stock pursuant to the Company's registration statement. The Form 8-K and

press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 166 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 166.

167.    Defendants admit that on August 9, 2021, ZoomInfo issued a press release and filed a Form 8-K (filed August 11, 2021) concerning a secondary offering of 20,000,000 shares of ZoomInfo's common stock pursuant to the Company's registration statement. The Form 8-K and press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 167 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 167.

168.    To the extent Paragraph 168 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 168 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 168.

169.    Defendants deny the allegations in Paragraph 169.

170.    To the extent Paragraph 170 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 170 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 170.

**I.    ZoomInfo's Internal Tracking Systems Confirmed That Customers Were Not Using the Platform**

171.    Defendants deny the allegations in the first two sentences of Paragraph 171. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the remaining allegations in Paragraph 171.

172. Defendants deny the allegations in the first and last sentences of Paragraph 10. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the remaining allegations in Paragraph 172.

173. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 173.

174. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 174.

175. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 175.

**J.     Defendants Schuck, Hyzer, and Hays Proceeded to Unload Another $344.8 Million Worth of Shares as the Company's Stock Price Reached New Highs**

176. Defendants admit that on November 17, 2020, ZoomInfo's stock price closed at $77.35 per share. To the extent Paragraph 176 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 176 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 176.

177. To the extent Paragraph 177 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 177 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 177.

K.    **ZoomInfo Coerced Renewals from Customers to Maintain the False Appearance of Steady Revenue**

178.    Defendants deny the allegations in Paragraph 178.

179.    Defendants deny the allegations in the first three sentences of Paragraph 179. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the remaining allegations in Paragraph 179.

180.    Defendants deny the allegations in the first two sentences of Paragraph 180. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the remaining allegations in Paragraph 180.

181.    Defendants deny the allegations in the first sentence of Paragraph 181. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the remaining allegations in Paragraph 181.

182.    Defendants deny the allegations in Paragraph 182.

L.    **Defendants Continued to Mislead Investors Regarding ZoomInfo's Sustainability and Growth**

183.    Defendants deny the allegations in Paragraph 183.

184.    Defendants admit that on or around February 15, 2022, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q4 2021 and full-year 2021 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 184 that are inconsistent with their contents. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in Paragraph 184.

**M.    By October 31, 2022, Defendant Schuck Had Sold Over $936 Million Worth of His Personal Shares of ZoomInfo**

185.    To the extent Paragraph 185 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 185 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 185.

186.    To the extent Paragraph 186 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 186 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 186.

**N.    The Truth Regarding ZoomInfo's Unsustainable Growth and Misleading Revenue Recognition Slowly Emerged**

187.    Defendants deny the allegations in Paragraph 187.

188.    Defendants deny the allegations in the first four sentences of Paragraph 188. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the remaining allegations in Paragraph 188.

189.    Defendants deny the allegations in Paragraph 189.

190.    Defendants deny the allegations in Paragraph 190.

**1.    Defendants Revealed Increased "Scrutiny" By Customers During the Renewal Process on November 1, 2022**

191.    Defendants admit that on or around November 1, 2022, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2022 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 191 that are inconsistent with their

contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 191.

192. Defendants admit that on November 2, 2022, ZoomInfo's stock price closed at $30.81 per share. Except as expressly admitted, Defendants deny the allegations in Paragraph 192.

193. The analyst reports referenced in Paragraph 193 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 193.

194. Defendants admit that on or around November 1, 2022, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2022 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 194 that are inconsistent with their contents. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in Paragraph 194.

195. Defendants admit that on or around November 1, 2022, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2022 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 195 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 195.

196. Defendants deny the allegations in the first sentence of Paragraph 196. The analyst reports referenced in Paragraph 196 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 196.

197. Defendants deny the allegations in Paragraph 197.

## 2. Defendants Again Revealed Increased "Scrutiny" By Customers During the Renewal Process on November 16, 2022

198. To the extent Paragraph 198 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 198 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 198.

199. To the extent Paragraph 199 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 199 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 199.

200. The analyst reports referenced in Paragraph 200 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 200.

201. Defendants admit that on November 15, 2022, ZoomInfo's stock price closed at $31.69 per share and on November 17, 2022, at $26.17 per share. Except as expressly admitted, Defendants deny the allegations in Paragraph 201.

202. To the extent Paragraph 202 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 202 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 202.

203. Defendants deny the allegations in the first sentence of Paragraph 203. The analyst reports referenced in Paragraph 203 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 203.

204.    Defendants deny the allegations in Paragraph 204.

### 3.    Fearing the Full Fraud Was Soon to Be Revealed, Defendants Quickly Dumped Additional Holdings

205.    To the extent Paragraph 205 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 205 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 205.

206.    To the extent Paragraph 206 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 206 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 206.

207.    To the extent Paragraph 207 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 207 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 207.

### 4.    Defendants Revealed Declining Contract Values and Increased Customer Cancellations on July 31, 2023

208.    Defendants admit that on or around July 31, 2023, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2023 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 208 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 208.

209.    Defendants admit that on July 31, 2023, ZoomInfo's stock price closed at $25.57 per share and on August 2, 2023, at $18.40 per share. Except as expressly admitted, Defendants deny the

allegations in Paragraph 209.

210. The analyst reports referenced in Paragraph 210 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 210.

211. Defendants admit that on or around July 31, 2023, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2023 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 211 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 211.

212. Defendants admit that on or around July 31, 2023, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2023 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 212 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 212.

213. The analyst reports referenced in Paragraph 213 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 213.

214. Defendants deny the allegations in the first two sentences of Paragraph 214. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the remaining allegations in Paragraph 214.

**5.      Defendants Revealed a Large Pool of Small Business Customers That Exhibited "Weakness" During Renewals, Causing Net Revenue Retention to Decline on May 7, 2024**

215.    Defendants admit that on or around May 7, 2024, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q1 2024 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 215 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 215.

216.    The analyst reports referenced in Paragraph 216 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 216.

217.    Defendants admit that on May 7, 2024, ZoomInfo's stock price closed at $16.02 per share and on May 8, 2024, at $12.14 per share. Except as expressly admitted, Defendants deny the allegations in Paragraph 217.

218.    Defendants deny the allegations in the first sentence of Paragraph 218. Defendants admit that on or around May 7, 2024, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q1 2024 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 218 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 218.

219.    Defendants admit that on or around May 7, 2024, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q1 2024 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 219 that are inconsistent with their contents. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous

purported former employees and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in Paragraph 219.

220. Defendants deny the allegations in the first sentence of Paragraph 220. Defendants admit that on or around May 7, 2024, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q1 2024 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 220 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 220.

221. The analyst reports referenced in Paragraph 221 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 221.

222. Defendants deny the allegations in the first two sentences of Paragraph 222. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the remaining allegations in Paragraph 222.

223. To the extent Paragraph 223 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 223 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 223.

**O.      The Truth Is Fully Revealed on August 5, 2024, When ZoomInfo Incurs a $33 Million Charge Due to Customer Non-Payment and Is Forced to Implement a "New Business Risk Model" to Reduce Write-Offs**

224. Defendants deny the allegations in the last sentence of Paragraph 224. Defendants admit that on or around August 5, 2024, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q2 2024 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which

are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 224 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 224.

225. Defendants admit that on or around August 5, 2024, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q2 2024 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 225 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 225.

226. Defendants admit that on August 5, 2024, ZoomInfo issued a press release concerning Mr. Hyzer's transition from his role as CFO of the Company. Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 226 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 226.

227. The analyst reports referenced in Paragraph 227 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 227.

228. Defendants admit that on August 5, 2024, ZoomInfo's stock price closed at $9.80 per share and on August 6, 2024, at $8.01 per share. Except as expressly admitted, Defendants deny the allegations in Paragraph 228.

229. To the extent Paragraph 229 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 229 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 229.

## V.  POST-CLASS PERIOD DEVELOPMENTS

230.  To the extent Paragraph 230 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 230 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 230.

231.  To the extent Paragraph 231 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 231 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 231.

232.  Defendants admit that on or around November 12, 2024, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2024 results. To the extent Paragraph 233 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 232 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 232.

## VI.  DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS DURING THE CLASS PERIOD

233.  Defendants deny the allegations in Paragraph 233.

234.  Defendants deny the allegations in Paragraph 234.

### A.  November 9, 2020 – Q3 2020 Earnings Call and Press Release

235.  Defendants deny the allegations in Paragraph 235.

236.  Defendants admit that on or around November 9, 2020, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2020 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, CASE NO. 3:24-CV-05739-TMC

- 35 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

characterizations of the documents referenced in Paragraph 236 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 236.

237.    Defendants admit that on or around November 9, 2020, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2020 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 237 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 237.

238.    Defendants admit that on or around November 9, 2020, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q3 2020 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 238 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 238.

239.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 239.

240.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 240.

241.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 241.

242.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 242.

243.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the

allegations in Paragraph 243.

244. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 244.

245. Defendants deny the allegations in the first sentence of Paragraph 245. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the remaining allegations in Paragraph 245.

246. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 246.

247. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 247.

248. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 248.

249. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 249.

250. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 250.

251. Defendants deny the allegations in Paragraph 251.

252. Defendants admit that on or around November 9, 2020, ZoomInfo held an investor earnings call concerning ZoomInfo's Q3 2020 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 252 that

are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 252.

253.    Defendants deny the allegations in Paragraph 253.

254.    Defendants admit that on or around November 9, 2020, ZoomInfo held an investor earnings call concerning ZoomInfo's Q3 2020 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 254 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 254.

255.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 255.

256.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 256.

257.    Defendants deny the allegations in Paragraph 257.

258.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 258.

259.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 259.

260.    Defendants deny the allegations in Paragraph 260.

261.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 261.

262.    Defendants deny the allegations in Paragraph 262.

**B.**    **November 13, 2020 – Q3 2020 SEC Form 10-Q/A**

263.    Defendants admit that on or around November 13, 2020, ZoomInfo filed its amended Form 10-Q for Q3 2020. The amended Form 10-Q speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 263 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 263.

264.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 264.

**C.**    **November 18, 2020 – RBC Capital Market Conference**

265.    Defendants admit the first sentence of Paragraph 265. The transcript from the November 18, 2020, RBC Capital Markets Technology, Internet, Media and Telecommunications Virtual Conference speaks for itself. Defendants respectfully refer the Court to the transcript, which is publicly available, for its contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 265.

266.    Defendants deny the allegations in Paragraph 266.

267.    Defendants deny the allegations in Paragraph 267.

268.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 268.

269.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 269.

270.    Defendants deny the allegations in Paragraph 270.

271.    Defendants deny the allegations in Paragraph 271.

**D.**    **February 22, 2021 – Q4 2020 and Full Year 2020 Earnings Call**

272.    Defendants admit that on or around February 22, 2021, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q4 2020 and full-year 2020 results.

The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 272 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 272.

273.   Defendants deny the allegations in Paragraph 273.

274.   Defendants admit that on or around February 22, 2021, ZoomInfo held an investor earnings call concerning ZoomInfo's Q4 2020 and full-year 2020 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 274 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 274.

275.   Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 275.

**E.     February 26, 2021 – SEC Form 10-K**

276.   Defendants admit that on or around February 26, 2021, ZoomInfo filed its Form 10-K for the 2020 fiscal year. The Form 10-K speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 276 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 276.

277.   Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 277.

**F.     March 2, 2021 – JMP Securities Technology Conference**

278.   To the extent Paragraph 278 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise

deny that the allegations in Paragraph 278 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 278.

279.    Defendants deny the allegations in Paragraph 279.

280.    Defendants deny the allegations in Paragraph 280.

281.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 281.

282.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 282.

**G.    May 3, 2021 – Q1 2021 SEC Form 10-Q**

283.    Defendants admit that on or around May 3, 2021, ZoomInfo filed its Form 10-Q for Q1 2021. The Form 10-Q speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 283 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in that Paragraph 283.

284.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 284.

**H.    May 3, 2021 – Q1 2021 Earnings Call**

285.    Defendants admit that on or around May 3, 2021, ZoomInfo held an investor earnings call concerning ZoomInfo's Q1 2021 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 285 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 285.

286.    Defendants admit that on or around May 3, 2021, ZoomInfo held an investor earnings call concerning ZoomInfo's Q1 2021 results. The transcript of the earnings call speaks for itself, and

Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 286 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 286.

287.    Defendants deny the allegations in Paragraph 287.

288.    Defendants admit that on or around May 3, 2021, ZoomInfo held an investor earnings call concerning ZoomInfo's Q1 2021 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 288 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 288.

289.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 289.

**I.    May 25, 2021 – JP Morgan Global Virtual Technology, Media and Communications Conference**

290.    To the extent Paragraph 290 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 290 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 290.

291.    Defendants deny the allegations in Paragraph 291.

292.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 292.

293.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 293.

294.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 294.

295.    Defendants deny the allegations in Paragraph 295.

**J.    June 14, 2021 – Analyst Day**

296.    To the extent Paragraph 296 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 296 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 296.

297.    Defendants deny the allegations in Paragraph 297.

**K.    August 2, 2021 – Q2 2021 Financial Results**

298.    Defendants admit that on or around August 2, 2021, ZoomInfo filed its Form 10-Q for Q2 2021. The Form 10-Q speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 298 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 298.

299.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 299.

300.    Defendants admit that on or around August 2, 2021, ZoomInfo held an investor earnings call concerning ZoomInfo's Q2 2021 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 300 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 300.

301.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them.

Defendants otherwise deny the allegations in Paragraph 301.

**L.      August 2, 2021 – Q2 2021 Earnings Call**

302.    Defendants admit that on or around August 2, 2021, ZoomInfo held an investor earnings call concerning ZoomInfo's Q2 2021 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 302 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 302.

303.    The allegations in Paragraph 303 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

304.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 304.

305.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 305.

306.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 306.

307.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 307.

308.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 308.

309.    Defendants admit that on or around August 2, 2021, ZoomInfo held an investor earnings call concerning ZoomInfo's Q2 2021 results. The transcript of the earnings call speaks for

itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 309 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 309.

310.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 310.

**M.    November 1, 2021 – Q3 2021 SEC Form 10-Q**

311.    Defendants admit that on or around November 1, 2021, ZoomInfo filed its Form 10-Q for Q3 2021. The Form 10-Q speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 311 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 311.

312.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 312.

**N.    November 1, 2021 – Q3 2021 Earnings Call**

313.    Defendants admit that on or around November 1, 2021, ZoomInfo held an investor earnings call concerning ZoomInfo's Q3 2021 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 313 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 313.

314.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 314.

**O.    February 15, 2022 – Q4 2021 and Full Year 2021 Earnings Call**

315.    Defendants admit that on or around February 15, 2022, ZoomInfo held an investor earnings call concerning ZoomInfo's Q4 and full-year 2021 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 315 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 315.

316.    Defendants deny the allegations in Paragraph 316.

317.    Defendants admit that on or around February 15, 2022, ZoomInfo held an investor earnings call concerning ZoomInfo's Q4 and full-year 2021 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 317 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 317.

318.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 318.

**P.    February 16, 2022 – Yahoo Finance Interview**

319.    To the extent Paragraph 319 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 319 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 319.

320.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 320.

**Q.    February 24, 2022 - 2021 SEC Form 10-K**

321.    Defendants admit that on or around February 24, 2022, ZoomInfo filed its Form 10-K for the 2021 fiscal year. The Form 10-K speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 321 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 321.

322.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 322.

**R.    May 2, 2022 – Q1 2022 Financial Results & Earnings Call**

323.    Defendants admit that on or around May 2, 2022, ZoomInfo filed its Form 10-Q for Q1 2022. The Form 10-Q speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 323 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 323.

324.    Defendants admit that on or around May 2, 2022, ZoomInfo held an investor earnings call concerning ZoomInfo's Q1 2022 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 324 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 324.

325.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 325.

**S.    August 1, 2022 – Q2 2022 Financial Results**

326.    Defendants admit that on or around August 1, 2022, ZoomInfo filed its Form 10-Q for Q2 2022. The Form 10-Q speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 3:24-CV-05739-TMC

- 47 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

document referenced in Paragraph 326 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 326.

327. Defendants admit that on or around August 1, 2022, ZoomInfo held an investor earnings call concerning ZoomInfo's Q2 2022 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 327 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 327.

328. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 328.

**T.      November 1, 2022 – Q3 2022 SEC Form 10-Q**

329. Defendants admit that on or around November 1, 2022, ZoomInfo filed its Form 10-Q for Q3 2022. The Form 10-Q speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 329 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 329.

330. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 330.

**U.      November 1, 2022 – Q3 2022 Earnings Call**

331. Defendants admit that on or around November 1, 2022, ZoomInfo held an investor earnings call concerning ZoomInfo's Q3 2022 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 331 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 331.

332. Defendants deny the allegations in Paragraph 332.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 3:24-CV-05739-TMC

- 48 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

333.    Defendants admit that on or around November 1, 2022, ZoomInfo held an investor earnings call concerning ZoomInfo's Q3 2022 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 333 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 333.

334.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 334.

**V.    November 16, 2022 – RBC Global Technology, Internet, Media & Telecom Conference**

335.    To the extent Paragraph 335 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 335 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 335.

336.    To the extent Paragraph 336 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 336 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 336.

337.    Defendants deny the allegations in Paragraph 337.

**W.    February 6, 2023 – Q4 2022 and Full Year 2022 Earnings Call**

338.    Defendants admit that on or around February 6, 2022, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q4 and full-year 2022 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 338 that are inconsistent with their

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 3:24-CV-05739-TMC

- 49 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 338.

339.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 339.

**X.    February 16, 2023 – 2022 SEC Form 10-K**

340.    Defendants admit that on or around February 16, 2023, ZoomInfo filed its Form 10-K for the 2022 fiscal year. The Form 10-K speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 340 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 340.

341.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 341.

**Y.    May 1, 2023 – Q1 2023 Financial Results**

342.    Defendants admit that on or around May 1, 2023, ZoomInfo filed its Form 10-Q for Q1 2023. The Form 10-Q speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 342 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 342.

343.    Defendants admit that on or around May 1, 2023, ZoomInfo held an investor earnings call concerning ZoomInfo's Q1 2023 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 343 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 343.

344.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 344.

**Z.    July 31, 2023 – Q2 2023 Financial Results & Earnings Call**

345.    Defendants admit that on or around July 31, 2023, ZoomInfo filed its Form 10-Q for Q2 2023. The Form 10-Q speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 345 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 345.

346.    Defendants admit that on or around July 31, 2023, ZoomInfo held an investor earnings call concerning ZoomInfo's Q2 2023 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 346 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 346.

347.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 347.

348.    Defendants admit that on or around July 31, 2023, ZoomInfo held an investor earnings call concerning ZoomInfo's Q2 2023 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 348 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 348.

349.    Defendants admit that on or around July 31, 2023, ZoomInfo held an investor earnings call concerning ZoomInfo's Q2 2023 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 349 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 349.

350. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 350.

**AA.** <u>**October 30, 2023 – Q3 2023 Financial Results**</u>

351. Defendants admit that on or around October 30, 2023, ZoomInfo filed its Form 10-Q for Q3 2023. The Form 10-Q speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 351 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 351.

352. Defendants admit that on or around October 30, 2023, ZoomInfo held an investor earnings call concerning ZoomInfo's Q3 2023 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 352 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 352.

353. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 353.

**BB.** <u>**May 7, 2024 – Q1 2024 Financial Results & Earnings Call**</u>

354. Defendants admit that on or around May 7, 2024, ZoomInfo held an investor earnings call concerning ZoomInfo's Q1 2024 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 354 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 354.

355. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 355.

## VII.   LOSS CAUSATION

356.   Defendants deny the allegations in Paragraph 356.

357.   Defendants deny the allegations in Paragraph 357. Defendants further deny that Plaintiffs suffered any damages, and that Defendants committed any misconduct.

358.   The allegations in Paragraph 358 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

359.   Defendants deny the allegations in Paragraph 359.

360.   Defendants deny the allegations in Paragraph 360.

361.   Defendants deny the allegations in Paragraph 361.

### A.   November 1, 2022 – First Partial Corrective Disclosure/Materialization of the Risk

362.   Defendants admit that on or around November 1, 2022, ZoomInfo held an investor earnings call concerning ZoomInfo's Q3 2022 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 362 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 362.

363.   Defendants deny the allegations in Paragraph 363.

364.   Defendants deny the allegations in Paragraph 364.

365.   The analyst reports referenced in Paragraph 365 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 365.

366.   The analyst reports referenced in Paragraph 366 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 366.

367. Defendants admit that on or around November 1, 2022, ZoomInfo held an investor earnings call concerning ZoomInfo's Q3 2022 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 367 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 367.

368. Defendants deny the allegations in Paragraph 368.

369. The analyst reports referenced in Paragraph 369 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 369.

**B.      November 16, 2022 – Second Partial Corrective Disclosure/Materialization of the Risk**

370. To the extent Paragraph 370 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 370 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 370.

371. To the extent Paragraph 371 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 371 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 371.

372. Defendants deny the allegations in Paragraph 372.

373. Defendants deny the allegations in Paragraph 373.

374. The analyst reports referenced in Paragraph 374 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the

allegations in Paragraph 374.

375.    The analyst reports referenced in Paragraph 375 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 375.

376.    Defendants deny the allegations in Paragraph 376.

377.    The analyst reports referenced in Paragraph 377 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 377.

**C.    July 31, 2023 – Third Partial Corrective Disclosure/Materialization of the Risk**

378.    Defendants admit that on or around July 31, 2023, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q2 2023 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 378 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 378.

379.    Defendants deny the allegations in Paragraph 379.

380.    Defendants deny the allegations in Paragraph 380.

381.    The analyst reports referenced in Paragraph 381 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 381.

382.    The analyst report and article referenced in Paragraph 382 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 382.

383.    The analyst reports referenced in Paragraph 383 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 383.

384.    Defendants admit that on or around July 31, 2023, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q2 2023 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 384 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 384.

385.    The analyst reports referenced in Paragraph 385 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 385.

**D.    May 7, 2024 – Fourth Partial Corrective Disclosure/Materialization of the Risk**

386.    Defendants admit that on or around May 7, 2024, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q1 2024 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 386 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 386.

387.    Defendants deny the allegations in Paragraph 387.

388.    Defendants deny the allegations in Paragraph 388.

389.    The analyst reports referenced in Paragraph 389 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 389.

390.    The analyst reports referenced in Paragraph 390 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 390.

391.    Defendants admit that on or around May 7, 2024, ZoomInfo held an investor earnings call and issued a press release concerning ZoomInfo's Q1 2024 results. The transcript of the earnings call and the press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 391 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 391.

392.    The analyst reports referenced in Paragraph 392 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 392.

### E.    August 5, 2024 – Final Corrective Disclosure/Materialization of the Risk

393.    Defendants admit that on or around August 5, 2024, ZoomInfo issued a press release concerning ZoomInfo's Q2 2024 results. The press release speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 393 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 393.

394.    Defendants admit that on or around August 5, 2024, ZoomInfo issued a press release concerning ZoomInfo's Q2 2024 results. The press release speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 393 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 394.

395.    Defendants admit that on or around August 5, 2024, ZoomInfo held an investor earnings call concerning ZoomInfo's Q2 2024 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for

its contents. Defendants deny any characterizations of the document referenced in Paragraph 395 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 395.

396.    Defendants admit that on August 5, 2024, ZoomInfo issued a press release announcing Mr. Hyzer's transition from his role as CFO of the Company. Except as expressly admitted, Defendants deny the allegations in Paragraph 396.

397.    Defendants deny the allegations in Paragraph 397.

398.    Defendants deny the allegations in Paragraph 398.

399.    The analyst reports referenced in Paragraph 399 speak for themselves. Defendants respectfully refer the Court to those documents for their contents and deny any characterizations that are inconsistent with the contents thereof. Except as expressly admitted, Defendants deny the allegations in Paragraph 399.

## VIII.    ADDITIONAL INDICIA OF SCIENTER

### A.    Defendants Enriched Themselves Through Significant Insider Sales While Possessing Adverse Information Not Available to the Public

400.    To the extent Paragraph 400 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 400 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 400.

#### 1.    Defendants Schuck, Hyzer, and Hays Collectively Sold Over $1.1 Billion Worth of ZoomInfo Stock

401.    Defendants admit that on June 4, 2020, the Company went public through an initial public offering of 44,500,000 shares of its Class A common stock at a price of $21.00 per share. Except as expressly admitted, Defendants deny the allegations in Paragraph 401.

402.    Defendants deny the allegations in Paragraph 402.

403.    Defendants deny the allegations in Paragraph 403.

404.    Defendants deny the allegations in Paragraph 404.

405. To the extent Paragraph 405 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 405 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 405.

406. To the extent Paragraph 406 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 406 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 406.

407. To the extent Paragraph 407 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 407 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 407.

408. To the extent Paragraph 408 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 408 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 408.

**2. Defendants Furthered Their Scheme by Selling $2 Billion Worth of Shares in Two Secondary Public Offerings**

409. Defendants deny the allegations in Paragraph 409.

410. To the extent Paragraph 410 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 410 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 410.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 3:24-CV-05739-TMC

- 59 -

411. Paragraph 411 contains no substantive allegations and does not require a response.

412. To the extent Paragraph 412 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 412 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 412.

### (a)    The August 6, 2021 Secondary Offering

413. Defendants admit that on August 3, 2021, ZoomInfo issued a press release concerning a secondary offering of 27,000,000 shares of ZoomInfo's common stock pursuant to the Company's registration statement. The press release speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 413 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 413.

414. Defendants admit that on August 3, 2021, ZoomInfo issued a press release and filed a Form 8-K (filed on August 6, 2021) concerning a secondary offering of 27,000,000 shares of ZoomInfo's common stock pursuant to the Company's registration statement. The Form 8-K and press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 414 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 414.

415. Defendants admit that on August 3, 2021, ZoomInfo issued a press release and filed a Form 8-K (filed on August 6, 2021) concerning a secondary offering of 27,000,000 shares of ZoomInfo's common stock pursuant to the Company's registration statement. The Form 8-K and press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 415 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 415.

416.   Defendants need not respond to the allegations in Paragraph 416 inasmuch as they are directed at another party that on October 28, 2025, the Court dismissed from this case.

417.   Defendants need not respond to the allegations in Paragraph 92 inasmuch as they are directed at another party that on October 28, 2025, the Court dismissed from this case.

418.   Defendants admit that on August 3, 2021, ZoomInfo issued a press release and filed a Form 8-K (filed on August 6, 2021) concerning a secondary offering of 27,000,000 shares of ZoomInfo's common stock pursuant to the Company's registration statement. The Form 8-K and press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 418 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 418.

### (b)   The August 11, 2021 Secondary Offering

419.   Defendants admit that on August 9, 2021, ZoomInfo issued a press release and filed a Form 8-K (filed August 11, 2021) concerning a secondary offering of 20,000,000 shares of ZoomInfo's common stock pursuant to the Company's registration statement. The Form 8-K and press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 419 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 419.

420.   Defendants admit that on August 9, 2021, ZoomInfo issued a press release and filed a Form 8-K (filed August 11, 2021) concerning a secondary offering of 20,000,000 shares of ZoomInfo's common stock pursuant to the Company's registration statement. The Form 8-K and press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. Defendants deny any characterizations of the documents referenced in Paragraph 420 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 420.

421.   Defendants admit that on August 9, 2021, ZoomInfo issued a press release and filed a Form 8-K (filed August 11, 2021) concerning a secondary offering of 20,000,000 shares of

ZoomInfo's common stock pursuant to the Company's registration statement. The Form 8-K and press release speak for themselves, and Defendants respectfully refer the Court to those documents, which are publicly available, for their contents. To the extent Paragraph 421 derives from ZoomInfo's SEC Form 4 filings, those documents speak for themselves. Defendants deny any characterizations of the documents referenced in Paragraph 421 that are inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 421.

422. Defendants need not respond to the allegations in Paragraph 422 inasmuch as they are directed at another party that on October 28, 2025, the Court dismissed from this case.

423. Defendants need not respond to the allegations in Paragraph 92 inasmuch as they are directed at another party that on October 28, 2025, the Court dismissed from this case.

424. To the extent Paragraph 424 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 424 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 424.

425. To the extent Paragraph 425 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 425 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 425.

426. To the extent Paragraph 426 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 426 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 426.

**B.** **Defendants Schuck, Hyzer, and Hays Personally Directed the Company to Sell to Unqualified Customers and Engage in Coercive and Predatory Sales Practices**

427.    Defendants deny the allegations in Paragraph 427.

428.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 428.

429.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 429.

430.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 430.

431.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 431.

432.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 432.

**C.** **Defendants Hyzer and Schuck Closely Monitored Metrics Concerning Demand, Renewal, and Retention**

433.    To the extent Paragraph 433 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 433 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 433.

434.    To the extent Paragraph 434 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise

deny that the allegations in Paragraph 434 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 434.

435. To the extent Paragraph 435 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 435 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 435.

436. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 436.

437. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 437.

438. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 438.

439. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 439.

440. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 440.

441. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 441.

442. Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to an anonymous purported former employee and, on that basis, deny the allegations in Paragraph 442.

443.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny the allegations in Paragraph 443.

**D.      Defendants' Post-Class Period Admissions Support a Strong Inference of Scienter**

444.    Defendants deny the allegations in Paragraph 444.

445.    To the extent Paragraph 445 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 445 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 445.

446.    To the extent Paragraph 446 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 446 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 446.

447.    Defendants deny the allegations in Paragraph 447.

**E.      Defendants' SOX Certifications Support a Strong Inference of Scienter**

448.    The allegations in Paragraph 448 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

449.    Defendants deny the allegations in Paragraph 449.

450.    Defendants lack knowledge or information sufficient to form a belief as to the allegations attributed to anonymous purported former employees and, on that basis, deny them. Defendants otherwise deny the allegations in Paragraph 450.

451.    Defendants deny the allegations in Paragraph 451.

**F.** **Continued Customer Demand and Growth for the Company's Go-To-Market Intelligence Platform Were Critical to ZoomInfo's Core Operations**

452. Defendants deny the allegations in Paragraph 452.

453. To the extent Paragraph 453 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 453 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 453.

454. Defendants admit that on or around August 10, 2020, ZoomInfo held an investor earnings call concerning ZoomInfo's Q2 2020 results. The transcript of the earnings call speaks for itself, and Defendants respectfully refer the Court to that document, which is publicly available, for its contents. Defendants deny any characterizations of the document referenced in Paragraph 454 that are inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in Paragraph 454.

455. Defendants deny the allegations in Paragraph 455.

**G.** **Defendant Hyzer's Suspiciously Timed Departure Supports an Inference of Scienter**

456. To the extent Paragraph 456 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 456 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 456.

457. To the extent Paragraph 457 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 457 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 457.

458. Defendants deny the allegations in Paragraph 458.

## IX.    DEFENDANTS' SCHEME TO DEFRAUD

459.    Defendants deny the allegations in Paragraph 459.

460.    To the extent Paragraph 460 derives from ZoomInfo's public statements, including SEC Form 4 filings, those statements speak for themselves, and Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 460 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 460.

461.    Defendants deny the allegations in Paragraph 461.

## X.    CONTROL PERSON ALLEGATIONS

462.    Defendants admit that Messrs. Schuck, Hyzer, and Hays served as executive of the Company during the relevant time period. Except as expressly admitted, Defendants deny the allegations in Paragraph 462.

463.    Defendants need not respond to the allegations in Paragraph 463 inasmuch as they are directed at another party that on October 28, 2025, the Court dismissed from this case.

464.    The allegations in Paragraph 464 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

465.    Defendants need not respond to the allegations in Paragraph 465 inasmuch as they are directed at another party that on October 28, 2025, the Court dismissed from this case.

466.    Defendants admit that they participated in the management of the Company during the relevant time period. Except as expressly admitted, Defendants deny the allegations in Paragraph 466.

467.    The allegations in Paragraph 467 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

468.    Defendants deny the allegations in Paragraph 468.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, CASE NO. 3:24-CV-05739-TMC                - 67 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

## XI.   APPLICATION OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE- MARKET DOCTRINE

469.   The allegations in Paragraph 469 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

470.   SKIPPED BY PLAINTIFFS[1]

471.   The allegations in Paragraph 471 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

472.   The allegations in Paragraph 472 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

473.   Defendants deny the allegations in Paragraph 473.

474.   Defendants deny the allegations in Paragraph 474.

475.   The allegations in Paragraph 475 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

## XII.   NO SAFE HARBOR

470.   The allegations in Paragraph 470[2] contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

471.   The allegations in Paragraph 471 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

472.   Defendants deny the allegations in Paragraph 472.

---

[1] The CAC includes several paragraph numbering errors. Where applicable, Defendants have conformed to the CAC's numbering scheme or expressly note otherwise.

[2] The CAC repeats Paragraphs 471-475 in Sections XII-XIII at pp. 141-144. Accordingly, Defendants have mirrored the CAC's numbering scheme, which requires using two sets of Paragraphs 470-475 to conform with the CAC.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, CASE NO. 3:24-CV-05739-TMC

- 68 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

473.    Defendants deny the allegations in Paragraph 473.

## XIII.    <u>CLASS ACTIONS ALLEGATIONS</u>

474.    Paragraph 474 contains no substantive allegations and does not require a responsive pleading. Insofar as a response is required, Defendants deny the allegations.

475.    The allegations in Paragraph 475 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

476.    Paragraph 476 contains no substantive allegations and does not require a responsive pleading. Insofar as a response is required, Defendants deny the allegations.

477.    The allegations in Paragraph 477 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

478.    Defendants lack knowledge or information sufficient to form a belief as to the adequacy of Lead Plaintiffs and their counsel and, on that basis, deny the allegations in Paragraph 478.

479.    The allegations in Paragraph 479 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

480.    The allegations in Paragraph 480 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

## XIV.    <u>COUNTS AGAINST DEFENDANTS</u>

### <u>COUNT I</u>
### For Violations of Section 10(b) of the Exchange Act
### and Rule 10b-5(b) Promulgated Thereunder
### (Against All Defendants)

481.    Defendants incorporate their responses to each and every allegation contained above as if fully set forth herein.

482. The allegations in Paragraph 482 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 482.

483. Defendants deny the allegations in Paragraph 483.

484. Defendants deny the allegations in Paragraph 484.

485. Defendants deny the allegations in Paragraph 485.

486. Defendants deny the allegations in Paragraph 486.

487. Defendants deny the allegations in Paragraph 487.

488. The allegations in Paragraph 488 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 488.

489. Defendants deny the allegations in Paragraph 489.

490. Defendants deny the allegations in Paragraph 490.

**COUNT II**
**For Violations of Section 10(b) of the Exchange Act**
**and Rule 10b-5(a) and (c) Promulgated Thereunder**
**(Against All Defendants)**

491. Defendants incorporate their responses to each and every allegation contained above as if fully set forth herein.

492. The allegations in Paragraph 492 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 492.

493. Defendants deny the allegations in Paragraph 493.

494. Defendants deny the allegations in Paragraph 494.

495. Defendants deny the allegations in Paragraph 495.

496. Defendants deny the allegations in Paragraph 496.

497. Defendants deny the allegations in Paragraph 497.

498. To the extent Paragraph 498 derives from ZoomInfo's public statements, including SEC filings, press releases and/or other public statements, those statements speak for themselves, and

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, CASE NO. 3:24-CV-05739-TMC                - 70 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

Defendants deny any characterizations that are inconsistent with their contents. Defendants otherwise deny that the allegations in Paragraph 498 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 498.

499.   Defendants deny the allegations in Paragraph 499.

500.   Defendants deny the allegations in Paragraph 500.

501.   Defendants deny the allegations in Paragraph 501.

502.   Defendants deny the allegations in Paragraph 502.

503.   The allegations in Paragraph 503 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

504.   The allegations in Paragraph 504 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

505.   Defendants deny the allegations in Paragraph 505.

506.   Defendants deny the allegations in Paragraph 506.

## COUNT III
### For Violations of Section 20(a) of the Exchange Act
### (Against the Individual Defendants and the Sponsor Defendants)

507.   Defendants incorporate their responses to each and every allegation contained above as if fully set forth herein.

508.   Defendants admit that Messrs. Schuck, Hyzer, and Hays participated in the management of the Company during the relevant time period. Except as expressly admitted, Defendants deny the allegations in Paragraph 508.

509.   The allegations in Paragraph 509 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

510.   The allegations in Paragraph 510 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants admit that Messrs. Schuck, Hyzer, and Hays, participated in the management of the Company during the

relevant time period. Except as expressly admitted, Defendants deny the allegations in Paragraph 510.

511.     The allegations in Paragraph 511 contain legal conclusions and characterizations, to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 511.

512.     Defendants deny the allegations in Paragraph 512.

### AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver, limitation, or prejudice, and without conceding that they bear the burden of proof or production, hereby assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because the Amended Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because, to the extent their allegations sound in fraud, they are not pleaded with particularity, as required by statute, including but not limited to the Private Securities Litigation Reform Act of 1995, and the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because no statement allegedly made by Defendants contains any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs have not sufficiently alleged, and cannot prove, that Plaintiffs, or the putative class that Plaintiffs purport to represent, relied upon any material misrepresentation or omission allegedly made by Defendants.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 3:24-CV-05739-TMC

- 72 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the putative class that Plaintiffs purport to represent, would have purchased ZoomInfo shares as they did, even with full knowledge of the facts Plaintiffs, and the putative class that Plaintiffs purport to represent, have now alleged were misrepresented or omitted by Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the putative class that Plaintiffs purport to represent, have not sufficiently alleged and cannot prove that Plaintiffs' alleged injuries, or the injuries of the putative class that Plaintiffs purport to represent, were directly or proximately caused by any material misrepresentation or omission allegedly made by Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred because they cannot show transaction or loss causation.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because the damages for which Plaintiffs claim Defendants are responsible arise from a decline in share price that was not caused or contributed to by any alleged material misrepresentation or actionable omission by Defendants and were otherwise caused or contributed to by (a) persons or entities for whom Defendants are not responsible and for whom Defendants are not liable, or (b) factors other than any alleged misrepresentations or omissions for which Defendants may be responsible.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because any alleged damages that Plaintiffs, or the putative class that Plaintiffs purport to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, CASE NO. 3:24-CV-05739-TMC

- 73 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

omissions.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the putative class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs, or the putative class that Plaintiffs purport to represent, suffered any cognizable injury, and further, the damages alleged by Plaintiffs, and the putative class that Plaintiffs purport to represent, if any, are speculative and/or uncertain.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the putative class that Plaintiffs purport to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misstatements and omissions.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, or the putative class that Plaintiffs purport to represent, sold their ZoomInfo shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of ZoomInfo shares.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs, or the putative class that Plaintiffs purport to represent, should be offset by the amount of any tax benefits or other benefits received by Plaintiffs, or the putative class that Plaintiffs purport to represent, in connection with their ownership of ZoomInfo shares.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the putative class that Plaintiffs purport to represent, knew or reasonably should have known of the alleged acts and omissions complained of.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, CASE NO. 3:24-CV-05739-TMC

- 74 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the putative class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, a lack of awareness of the facts that formed the basis of the alleged material representations and omissions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part to the extent the alleged material misrepresentations or omissions were in fact known to and had entered the securities market through credible sources prior to Plaintiffs' purchase, or the purchases by the putative class that Plaintiffs purport to represent, of ZoomInfo shares.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Defendants' alleged misrepresentations or omissions would not have been material to a reasonable investor.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Plaintiffs, and the putative class that Plaintiffs purport to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. § 240.10b5-1.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because individualized issues including but not limited to those relating to causation, reliance, privity, timing, and knowledge predominate over those common to the putative class.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because this action may not be maintained as a class action under the

Federal Rules of Civil Procedure.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs cannot fairly and adequately represent the putative class Plaintiffs purport to represent.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Class certification fails to provide adequate due process protections and would violate the Rules Enabling Act, 28 U.S.C. § 2072, and the United States Constitution inasmuch as it constitutes trial by formula and would unfairly restrict Defendants' right to litigate defenses to the individual claims of Plaintiffs, and the putative class that Plaintiffs purport to represent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Without Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because under any theory of liability, Plaintiffs, and the class that Plaintiffs purport to represent, may not recover damages based on depreciation in the value of ZoomInfo securities that resulted from factors other than the alleged material devices, schemes, or artifices to defraud, misstatements or omissions, acts, practices, or courses of business set forth in the Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable to Plaintiffs, or to the class that Plaintiffs purport to represent, because ZoomInfo's publicly filed documents contained sufficient cautionary language advising investors about the risks associated with the subject matter of each misrepresentation or omission alleged in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the putative class that Plaintiffs purport to represent, for interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT, CASE NO. 3:24-CV-05739-TMC

- 76 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act, the common law, or any other applicable statute, rule, or regulation.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs, and the putative class that Plaintiffs purport to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part by the equitable doctrines of estoppel, unclean hands, and/or waiver.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part because Defendants acted at all times in good faith and without knowledge or intent to commit any violations of law.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the putative class that Plaintiffs purport to represent, are barred in whole or in part by the "bespeaks caution" and "safe harbor" doctrines, because the statements allegedly made by Defendants were expressions of opinion and/or forward-looking statements, and were accompanied by meaningful cautionary warnings identifying important factors that could cause actual results to differ materially from those in the forward-looking statements.

## ADDITIONAL DEFENSES

Defendants presently have insufficient knowledge or information to determine whether they may have additional, as yet unstated defenses. Defendants have not knowingly and intentionally waived any applicable defenses and reserve the right to assert additional defenses as they become known to them through discovery in this matter or otherwise. Defendants reserve the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiffs' Amended Complaint, through discovery, or through further legal analysis of Plaintiffs' position in this litigation.

## **PRAYER FOR RELIEF**

Wherefore, Defendants pray as follows:

1.      That Plaintiffs take nothing by the Amended Complaint;

2.      That the Amended Complaint be dismissed with prejudice;

3.      That the Court enter judgment in favor of Defendants and against Plaintiffs with respect to all causes of action in the Amended Complaint;

4.      That the Court award Defendants attorneys' fees and costs reasonably incurred in the defense of this action, including but not limited to under 15 U.S.C. § 77k(e); and

5.      For any and all other and further relief as the Court may deem just and proper.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT, CASE NO. 3:24-CV-05739-TMC          - 78 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

Dated: December 5, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  *s/ Paul F. Rugani*
    Paul F. Rugani (WSBA No. 38664)
    prugani@orrick.com
    401 Union Street, Suite 3300
    Seattle, WA 98101
    Telephone: +1 206-839-4300
    Facsimile: +1 206-839-4301

    James N. Kramer (*Pro Hac Vice*)
    Alexander K. Talarides (*Pro Hac Vice*)
    405 Howard Street
    San Francisco, CA 94105
    Telephone: +1 415-773-5700
    Facsimile: +1 415-773-5957

    Molly McCafferty (*Pro Hac Vice*)
    1000 Marsh Road
    Menlo Park, CA 94025
    Telephone: +1 650-614-7400
    Facsimile: +1 650-614-7401

*Attorneys for Defendants ZoomInfo Technologies Inc., Henry Schuck, Cameron Hyzer, and Joseph Christopher Hays*