UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE TEACHERS RETIREMENT
SYSTEM OF OHIO et al.,

Plaintiffs,

v.

ZOOMINFO TECHNOLOGIES INC. et al.,

Defendants.

CASE NO. 3:24-cv-05739-TMC

**STIPULATED PROTECTIVE ORDER**

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

2.1    "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

(a)    Human resource employee files, including documents reflecting performance evaluations, compensation, grants, bonuses, disputes, terminations, and confidential employee complaints or investigations;

(b)    Board materials, legal materials, and internal audit materials to the extent they reveal non-public financial, competitive, or proprietary information;

(c)    Information on individual shareholders or purchasers, including names,

STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:24-CV-05739-TMC              1

addresses, share volumes, and voting rights;

(d)   Sensitive competitive commercial information, including product strategies or roadmaps, usage or utilization rates, competitive analyses (including as to market share), sales or go-to-market strategies, discount approval thresholds, credit approval requirements, upfront payment requirements, and information regarding ZoomInfo's vendors and suppliers, such as the contractual terms between ZoomInfo and its vendors, suppliers, and third parties;

(e)   ZoomInfo's pricing strategies and pricing policies to the extent they reveal non-public proprietary information;

(f)   Sensitive information related to customers or potential customers, including customer lists, customer retention information, credit risk analyses, disputes, complaints, collections or delinquency information, and the terms of agreements between ZoomInfo and its customers or potential customers;

(g)   Insurance policies;

(h)   Information subject to contractual third-party confidentiality obligations.

3.   SCOPE

The protections conferred by this agreement cover not only CONFIDENTIAL material (as defined above), but also (1) any information copied or extracted from CONFIDENTIAL material; (2) all copies, excerpts, summaries, or compilations of CONFIDENTIAL material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal CONFIDENTIAL material.

However, the protections conferred by this agreement do not cover information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Order, including becoming part of the public domain through trial or otherwise.

4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1   Basic Principles.  A receiving party may use CONFIDENTIAL material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  CONFIDENTIAL material may be

disclosed only to the categories of persons and under the conditions described in this agreement. CONFIDENTIAL material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

       4.2    Disclosure of CONFIDENTIAL Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any CONFIDENTIAL material only to:

       (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

       (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

       (c)    experts, consultants, vendors, and dispute resolution neutrals engaged by the parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       (d)    the court, court personnel, and court reporters and their staff;

       (e)    copy or imaging services retained by counsel to assist in the duplication of CONFIDENTIAL material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any CONFIDENTIAL material to third parties and to immediately return all originals and copies of any CONFIDENTIAL material;

       (f)    during their depositions in this litigation, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

       (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:24-CV-05739-TMC      3

4.3    _Filing Confidential Material_.    Before filing CONFIDENTIAL material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific CONFIDENTIAL information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    DESIGNATING PROTECTED MATERIAL

5.1    _Exercise of Restraint and Care in Designating Material for Protection_. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent reasonably feasible without undue burden or expense, the designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

(a)    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made only for an improper purpose (_e.g._, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

(b)    If it comes to a designating party's attention that information or items that

STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:24-CV-05739-TMC        4

it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.    Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) to the extent reasonably feasible without undue burden or expense.

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as CONFIDENTIAL. Prior to the expiration of such period, the entirety of the testimony and the transcript shall be treated as CONFIDENTIAL and thereafter shall be treated, subject to the other provisions of this protective order, in accordance with the designating party's designations. Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include protected material such that only authorized individuals whose attendance is necessary and have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as CONFIDENTIAL. Transcripts containing protected material shall have an obvious legend on the title page that the transcript contains protected material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as protected material and the level of protection being

STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:24-CV-05739-TMC                5

asserted by the designating party. The designating party shall inform the court reporter of these requirements. If a party or non-party desires to protect CONFIDENTIAL information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items.  The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as CONFIDENTIAL does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The parties must make every attempt to resolve any dispute regarding confidentiality designations without court involvement. The challenging party shall initiate the dispute resolution process by providing written notice of the designation(s) it is challenging and describing the basis for each challenge. The parties shall meet and confer in good faith to resolve the disputed designation in a timely manner. Any motion regarding CONFIDENTIAL designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to

confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention.    If the parties cannot resolve a challenge regarding confidentiality without court intervention, the challenging party may file and serve a motion to challenge confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the challenging party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as CONFIDENTIAL until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose CONFIDENTIAL material may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court which issued the subpoena or order, unless the party has obtained the designating party's permission in writing. The designating party shall bear the burden and expense of seeking protection of its CONFIDENTIAL material under this section.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed

STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:24-CV-05739-TMC                7

CONFIDENTIAL material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced information is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein. In the event that a Stipulated ESI Order addressing the production of privileged or otherwise protected information and documents has been entered in this case, the terms of that Stipulated Order shall supersede the terms of this section.

10.     NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must securely destroy or return to the producing party all protected material, including all copies, extracts and summaries thereof. Whether the protected material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that the protected material that was returned or destroyed.

Notwithstanding this provision, counsel is entitled to retain archival copies of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain CONFIDENTIAL material. Any such archival copies that

STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:24-CV-05739-TMC                8

contain or constitute protected material remain subject to this Protective Order.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11.    USE OF ARTIFICAL INTELLIGENCE

11.1    No Training.  The parties agree that the receiving party shall not use any documents, electronically stored information, or other materials produced or exchanged in the course of this litigation, including but not limited to those designated as CONFIDENTIAL under any operative protective order, in whole or in part, for prompts (inputs), completions (outputs), or embeddings that are used to train, improve, re-train, or otherwise develop any artificial intelligence, foundation model, or large language model (collectively, "AI Models"). This prohibition applies regardless of whether the AI Models are proprietary, open-source, or provided by a third party, and regardless of whether the use is for commercial, research, or any other purpose. The parties shall take reasonable steps to ensure that their employees, counsel, agents, consultants, contractors, and any other persons or entities who may have access to such materials comply with this prohibition. Any violation of this provision may be addressed by the Court through appropriate remedies, including, but not limited to, sanctions.

11.2    No Use of Protected Material in Public / Open-Source AI Models.  A receiving party shall not use any documents, electronically stored information, or other materials designated as CONFIDENTIAL in whole or in part, for prompts (inputs), completions (outputs), or embeddings in any open source or otherwise free/unpaid artificial intelligence chat bot, foundation model, or system (such as ChatGPT). The parties shall take reasonable steps to ensure that their employees, attorneys, agents, consultants, contractors, and any other persons or entities who may have access to such materials comply with this prohibition. Any violation of this provision may be addressed by the Court through appropriate remedies, including, but not limited to, sanctions.

Nothing in this Section 11 shall be construed to limit a party's ability to use a properly licensed, confidential, and secure technology assisted review (TAR) system, including those using Generative AI, offered by a reputable discovery services provider operating under contract with the party in question for the analysis, review, or production of documents in this

case.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: December 29, 2025

 s/ Bradley S. Keller
**BYRNES KELLER CROMWELL LLP**

Bradley S. Keller, WSBA #10665
Joshua B. Selig, WSBA #39628
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Tel: (206) 622-2000
Fax: (206) 622-2522
bkeller@byrneskeller.com
jselig@byrneskeller.com

*Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Michael P. Canty (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
James T. Christie (*pro hac vice*)
Jacqueline R. Meyers (*pro hac vice*)
Kaicheng Yu (*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com
mrogers@labaton.com
jchristie@labaton.com
jmeyers@labaton.com
nyu@labaton.com

*Counsel for Lead Plaintiff and
Lead Counsel for the Class*

**OFFICE OF THE ATTORNEY
GENERAL OF THE STATE OF OHIO**
Shawn Busken (*pro hac vice* forthcoming)
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515
Shawn.Busken@OhioAttorneyGeneral.gov

*Additional Counsel for Lead Plaintiff*

STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:24-CV-05739-TMC          10

DATED:  December 29, 2025

 *s/ Paul Rugani*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

Paul F. Rugani (WSBA No. 38664)
prugani@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: +1 206-839-4300
Facsimile: +1 206-839-4301

James N. Kramer (*pro hac vice*)
Alexander K. Talarides (*pro hac vice*)
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700
Fax: (415) 773-5957

*Attorneys for Defendants ZoomInfo Technologies, Inc., Henry Schuck, Cameron Hyzer, and Joseph Christopher Hays*

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: <u>December 31, 2025</u>

<u>Hon. Tiffany M. Cartwright</u>
United States District Court Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NUMBER                                    13