**VIA ECF**                                                                March 19, 2026
Hon. Tiffany M. Cartwright
United States District Court
Western District of Washington
1717 Pacific Avenue, Suite 3124
Tacoma, WA 98402-3200

> **Re:**   ***State Teachers Retirement System of Ohio, et al. v. ZoomInfo Technologies Inc.,***
> ***et al.*****, Case No. 3:24-cv-05739-TMC**

Dear Judge Cartwright:

Pursuant to Section V of Your Honor's Chambers Procedures, the Parties respectfully submit this joint statement identifying certain discovery disputes and request a conference with the Court. Specifically, the Parties' dispute centers on two Requests for Production ("RFPs 37 and 38") issued by Lead Plaintiffs to Defendants,[1] which seek documents and communications concerning the three entities referred to in the Complaint as the "Sponsor Defendants"—DO Holdings (WA), LLC ("DO"), TA Associates Management L.P. ("TA"), and The Carlyle Group, Inc. ("Carlyle").

## I.      Lead Plaintiffs' Statement

Notably, out of Lead Plaintiffs' 52 RFPs, the only requests to which Defendants have refused to produce documents are RFPs 37 and 38.[2]  Just as notably, Orrick, Herrington & Sutcliffe LLP represents not only Defendants, but also DO, TA, and Carlyle.[3]  Moreover, and yet again, rather notably, DO, TA, and Carlyle themselves also refuse to produce documents reflecting the circumstances surrounding their stock sales and ZoomInfo's financials and operations in response to Lead Plaintiffs' subpoenas.  Therefore, Lead Plaintiffs seek the Court's intervention to compel the production of documents in response to RFP Nos. 37 and 38.

As an initial matter, DO, TA, and Carlyle, given their status as corporate insiders, were integral to ZoomInfo's operation during the Class Period.  Indeed, DO's counsel (also Defendants' counsel) represents that Defendant Schuck was one of only two "employees" of DO.  This fact alone belies Defendants' objections to RFP 37 on relevance grounds.  *See* Exhibit C (Email dated Feb. 26, 2026 from S. Renfro Spencer).  Similarly, TA and Carlyle invested in ZoomInfo, held substantial shares of ZoomInfo stock, and exerted significant influence over ZoomInfo through their designation of directors to serve on ZoomInfo's Board of Directors.[4]

Accordingly, documents and communications concerning DO, TA, and Carlyle are relevant to falsity and scienter.  First, with respect to DO, the Complaint alleges, and the Court has recognized, that "[t]he amount, percentage, and timing of the Individual Defendants' sales would support a scienter inference under a truly holistic review . . . ."  *See, e.g.*, ECF No. 81 ¶¶401-08; *see also*

---

[1] *See* Lead Plaintiffs' First Set of Requests for Production, attached hereto as Exhibit A.
[2] *See* Defendants' Responses and Objections to Lead Plaintiffs' First Set of RFPs, attached hereto as Exhibit B.
[3] Named counsel for DO, and Local Counsel for TA and Carlyle.
[4] Publicly available sources demonstrate that TA and Carlyle were intricately involved in ZoomInfo's business.  *See, e.g.*, https://www.carlyle.com/global-insights/zoominfo ("Carlyle worked closely with ZoomInfo and other partners at TA Associates and 22C Capital to prioritize these levers and support the company's effort to build a detailed operational framework around the value creation plan."); https://www.financierworldwide.com/pe-backed-zoominfo-ipo-raises-1bn ("[b]acked by private equity firms Carlyle Group and TA Associates – which own a 60 percent stake in the firm – ZoomInfo began discussions for an IPO last year.").

ECF No. 105 at 41 n. 8.  Therefore, documents and communications concerning the circumstances surrounding Defendant Schuck's stock sales through DO are relevant.  Indeed, Defendant Schuck was the indirect owner of the shares held by DO.  *See* ECF No. 81 ¶166 n. 22.   Further, to the extent that Defendant Schuck's shares or assets are commingled with DO's shares or assets, documents and communications concerning DO's stock sales are relevant to Lead Plaintiffs' damages.  Finally, given Mr. Schuck's employment with DO, documents and communications concerning DO's knowledge of ZoomInfo's financials and customer demand are relevant to falsity and scienter.

Second, documents and communications concerning TA and Carlyle are equally relevant.[5]  For example, the Court sustained, *inter alia*, the Complaint's scheme allegations against Defendant Hays and Defendants' fraudulent misrepresentation concerning ZoomInfo's growth and financial metrics, including Remaining Performance Obligations.  Given TA and Carlyle's roles as corporate insiders, TA and Carlyle stood to receive management information concerning ZoomInfo's financial performance, growth, and customer demand, which are relevant to falsity and scienter. Additionally, during the Class Period, TA and Carlyle's stock sales coincided with the Individual Defendants' sales; in turn, documents and communications concerning those stock sales are relevant to assessing the Individual Defendants' scienter.

As such, Lead Plaintiffs respectfully request that the Court compel Defendants to produce in response to RFPs 37 and 38.

## II.    Defendants' Statement

Plaintiffs ask the Court to compel Defendants to produce "***all*** documents and communications" over a five-to-six-year period "concerning" three non-party entities: DO Holdings (WA), LLC ("DO Holdings"), TA Associates Management L.P. ("TA"), and the Carlyle Group, Inc. ("Carlyle"), without any subject matter limitation. Such sweeping requests are universally disfavored and inconsistent with the Federal Rules, as well as this Court's mandate that discovery requests "be *reasonably targeted*, clear, and *as specific as possible*." Local Rules W.D. Wash. LCR 26(f) (emphasis added). Defendants have repeatedly proposed reasonable, relevance-based limitations, but Plaintiffs have rejected every effort. Plaintiffs' letter motion should be denied.

DO Holdings is an entity partially owned by ZoomInfo's CEO, Henry Schuck. TA and Carlyle are external investment firms that were early investors in ZoomInfo. During the Class Period, these entities sold shares of ZoomInfo stock, often through 10b5-1 trading plans. The Court dismissed all of Plaintiffs' claims against these entities. *See* Order on Motions to Dismiss, Dkt. No. 105 at 50–55. In an attempt to blur the lines between these entities and Defendants, Plaintiffs claim that Orrick represents TA and Carlyle. This is misleading. While Orrick served as local counsel for TA and Carlyle at the motion to dismiss stage, Goodwin Procter argued the motions on their behalf. Plaintiffs are well aware that Goodwin continues to represent TA and Carlyle in connection with the subpoenas served in this matter.

With respect to RFP 37, Plaintiffs argue that documents regarding Defendant Schuck's stock sales through DO Holdings are relevant to their scienter allegations. This is a new argument. In fact,

---

[5] Lead Plaintiffs have also served non-party subpoenas on TA and Carlyle, whose counsel objected and asserted that documents and communications sought by the subpoena can be obtained through Defendants' production. *See* Exhibit D.  However, as seen by this putative motion to compel, Defendants have refused to produce any such communications. Exhibit E (Letter dated Feb. 16, 2026, from M. McCaffery).

Defendants have repeatedly asked—on at least six separate occasions—that Plaintiffs provide a written explanation for the relevance of the materials they seek in connection with RFP 37[6] and consider reasonable scope limitations. Plaintiffs have refused each time, insisting on "all documents and communications" regarding DO Holdings. If Plaintiffs are now prepared to narrow their request to documents and communications concerning Mr. Schuck's stock sales via DO Holdings, Defendants, of course, remain willing to engage.

But Plaintiffs' submission offers no coherent explanation for why "all documents and communications" are relevant or necessary. They merely suggest that DO Holdings documents *might* relate to falsity or scienter because of Mr. Schuck's employment with DO Holdings and DO Holdings' supposed knowledge of ZoomInfo's financials and customer demand. That rationale cannot support such wide-ranging discovery. Even if DO Holdings' supposed "knowledge" of ZoomInfo internal information might have been relevant when it was a party, this Court has already dismissed all claims against DO Holdings. Plaintiffs offer no explanation—and Defendants are aware of none—for how these broad requests might bear on the allegations of scienter or falsity against the remaining Defendants. Accordingly, Plaintiffs' demand for "all documents and communications" concerning DO Holdings is neither relevant nor proportional under Federal Rule of Civil Procedure 26(b)(1).

With respect to RFP 38, Plaintiffs have similarly declined Defendants' repeated invitations to explain the relevance of "all documents and communications concerning" TA and Carlyle in meet-and-confer correspondence.[7] As articulated in this letter motion, Plaintiffs' primary rationale appears to be that, as large shareholders, TA and Carlyle received nonpublic information about ZoomInfo. Again, even if this insider knowledge was relevant to TA/Carlyle's scienter prior to the claims against them being dismissed, it certainly cannot support the sweeping discovery Plaintiffs seek now. Plaintiffs also contend that TA's and Carlyle's stock sales are relevant to the scienter of the Individual Defendants if such sales coincided with those of the Individual Defendants. While Defendants have not had the opportunity to consider this argument until now, if Plaintiffs are willing to narrow their request to documents and communications concerning TA's and Carlyle's sales of ZoomInfo stock that coincide with the Individual Defendants' sales, Defendants would be amenable to such a limitation.

Finally, it is worth noting that Defendants already agreed to produce documents in response to 50 broad document requests regarding, among other things, ZoomInfo's financial performance, growth, and customer demand. This means that to the extent responsive documents also relate to DO Holdings, TA, and/or Carlyle, Plaintiffs will receive relevant information about those entities. However, Plaintiffs' attempt to justify nearly boundless discovery about DO Holdings, TA, and Carlyle based on generalized allegations is unavailing. Defendants respectfully request that the Court deny Plaintiffs' request to compel production in connection with RFPs 37 and 38.

---

[6] *See* Exhibit F, Letter dated Mar. 6, 2026, from M. McCafferty, at 2–4 (cataloguing requests to Plaintiffs on January 20, February 16, February 25, February 27, March 4, and March 6, 2026). As Defendants made clear on March 6, it is "neither appropriate nor consistent with Plaintiffs' meet-and-confer obligations for Defendants to learn Plaintiffs' position on the relevance of such documents for the first time in a joint submission to the Court." *Id.* at 3, 5. Plaintiffs responded on March 11, stating simply that "the parties remain at an impasse" and they would seek "Court intervention." Exhibit G, Email from J. Meyers dated March 11, 2026.

[7] *See* Exhibit F at 4-5 (cataloguing requests to Plaintiffs on January 20, February 16, February 25, February 27, March 4, and March 6, 2026).

Respectfully Submitted,

/s/ Michael H. Rogers

**LABATON KELLER SUCHAROW LLP**
Michael P. Canty (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
Jacqueline R. Meyers (*pro hac vice*)
Kaicheng Yu (*pro hac vice*)
140 Broadway
New York, NY  1005
T: 212-907-0070
F: 212-818-0477
mcanty@labaton.com
mrogers@labaton.com
jmeyers@labaton.com
nyu@labaton.com

*Counsel for Lead Plaintiffs State Teachers Retirement System of Ohio, Ohio Public Employees Retirement System, and the Proposed Class*

**BYRNES KELLER CROMWELL LLP**
/s/ Bradley S. Keller

Bradley S. Keller, WSBA #10665
Joshua B. Selig, WSBA #39628
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Tel: (206) 622-2000
Fax: (206) 622-2522
bkeller@byrneskeller.com
jselig@byrneskeller.com

*Liaison Counsel for the Proposed Class*

**OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF OHIO**
Shawn Busken (*pro hac vice* forthcoming)
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515
Shawn.Busken@OhioAttorneyGeneral.gov

*Additional Counsel for Lead Plaintiffs*

/s/ Paul F. Rugani (with permission)

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Paul F. Rugani (WSBA No. 38664)
prugani@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: +1 206-839-4300
Facsimile: +1 206-839-4301

James N. Kramer (*Pro Hac Vice*)
Alexander K. Talarides (*Pro Hac Vice*)
405 Howard Street
San Francisco, CA 94105
Telephone: +1 415-773-5700
Facsimile: +1 415-773-5957

Molly McCafferty (*Pro Hac Vice*)
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1 650-614-7400
Facsimile: +1 650-614-7401

*Attorneys for Defendants ZoomInfo Technologies Inc., Henry Schuck, Cameron Hyzer, and Joseph Christopher Hays*

# EXHIBIT A

THE HONORABLE TIFFANY M. CARTWRIGHT

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

## AT TACOMA

| | |
|---|---|
| STATE TEACHERS RETIREMENT SYSTEM OF OHIO, et al., | Case No.: 3:24-cv-05739-TMC |
| Plaintiffs, | **LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |
| vs. | |
| ZOOMINFO TECHNOLOGIES, INC., et al., | |
| Defendants. | |

PROPOUNDING PARTY:    Lead Plaintiffs State Teachers Retirement System of Ohio and Ohio Public Employees Retirement System

RESPONDING PARTIES:    Defendants ZoomInfo Technologies, Inc., Henry Schuck, Peter Cameron Hyzer, and Joseph Christopher Hays

SET NUMBER:    One (Nos. 1-52)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Civil Rules for the Western District of Washington at Tacoma, court-appointed Lead Plaintiffs State Teachers Retirement System of Ohio and Ohio Public Employees Retirement System ("Lead Plaintiffs" or the "Ohio Funds"), through their undersigned attorneys, hereby serve Lead Plaintiffs' First Set of Requests for Production of Documents ("Requests") on Defendants ZoomInfo Technologies, Inc. ("ZoomInfo" or the "Company") and Henry Schuck ("Schuck"), Cameron Hyzer ("Hyzer"), and Joseph Christopher Hays ("Hays") (collectively the "Individual Defendants") (together with the Company and Individual Defendants, "Defendants"). Defendants must produce for inspection and copying the requested Documents, within thirty (30) days of the service of these requests, at the law offices of Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, or at such other time and place as the parties mutually agree.

The Requests incorporate by reference all definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure and supplement them with the following definitions and instructions, which apply to each Request set forth herein.  With respect to ESI formatting and production, Defendants shall follow the instructions set forth in the forthcoming Electronic Discovery Agreement and Order ("ESI Agreement") for this Action to the extent applicable.  Defendants shall supplement their responses to these Requests at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

Lead Plaintiffs reserve the right to amend and/or supplement these Requests.

## I.      DEFINITIONS

For purposes of these Requests, the following definitions apply:

1.      "Action" refers to the above-captioned lawsuit.

2.      "All" shall include the term "each" and vice-versa, as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

1

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

3.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside the scope of the request.

4.      "Any" and "each" shall be construed to include and encompass "all."

5.      "ASC" refers to the Accounting Standards Codification.

6.      "Average Contract Value" or "ACV" shall refer to all topics Relating to the identification, measurement, timing, presentation, disclosure, or audit of such disclosures as defined by ZoomInfo within their annual Form 10-K filing.

7.      "Bad Debt Expense" shall be defined in accordance with the applicable accounting framework or guidance, Including GAAP (e.g., ASC 326).

8.      "Board of Directors" or "Board" means the Board of Directors of ZoomInfo during the Relevant Time Period and all committees and subcommittees of the Board of Directors.

9.      "Class Period" refers to the period from November 10, 2020 through August 5, 2024, inclusive, as alleged in the Complaint.

10.      "Communication" or "Communications" refers to any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending, or receipt of information of any kind by or through any means including, but not limited to, personal delivery, speech, writings, Documents (as defined herein), Electronic Messaging (as defined herein), language (machine, foreign, or otherwise) of any kind, computer electronics or Electronically-Stored Information (as defined herein), sound, radio or video signals, telecommunication, telephone, facsimile, mail, film, photographic film of all types, or other media of any kind.   The term "Communication" also includes, without limitation, all inquiries, discussions, conversations, Correspondence (as defined herein), negotiations, agreements, presentations, understandings, Meetings (as defined herein), notices, requests, responses, demands, complaints, press, publicity, or trade releases. Unless otherwise specified, Communications shall be interpreted to include both internal Communications undertaken

2

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

between the Company and external Communications made between the Company and any third party.

11.    "Complaint" refers to the Corrected Amended Complaint for Violations of the Federal Securities Laws, filed on April 1, 2025 (ECF No. 81) in this Action. As used herein, the paragraph symbol (¶) followed by a specific number refers to the corresponding numbered paragraph of the Complaint and the allegation or information contained therein.

12.    "Competitors" refers collectively to any company—Including Apollo.io, Cognism, Lusha, LinkedIn, Clay, and any other company that offers B2B market intelligence services or similar services—that competed with ZoomInfo during the Relevant Time Period.

13.    "Concerning" means Relating to, Referring to, describing, evidencing, or constituting.

14.    "Correspondence" means any letter, memorandum, note, electronic messaging, e-mail, facsimile, text message, instant message, internet message board posting, smartphone message, or any other writing containing a communication from one Person or Persons to another or others.

15.    "Customer Disputes" refers to all disputes, complaints, or disagreements, Including actual or threatened litigation or arbitration Concerning ZoomInfo's customer contracts.

16.    "Debt Collectors" refers to any third parties, Including ALTUS Commercial Receivables, responsible for identifying, collecting, pursuing, or assuming debt or amounts owed by ZoomInfo customers.

17.    "Defendants" refers to ZoomInfo and the Individual Defendants Henry Schuck, Peter Cameron Hyzer, and Joseph Christopher Hays.

18.    "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). "Document" is also intended to have the broadest possible meaning under Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without limitation, electronic or computerized data compilations, electronic file backup tapes, hard drives

3

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

and images of hard drives, all drafts, communications, correspondence, memoranda, records, presentations, books, manuals, reports and recordings of telephone conversations, telephone logs, statements, summaries, notes, transcripts, opinions, agreements, ledgers, journals records of accounts, checks, summary of accounts, spreadsheets, databases, receipts, balance sheets, income statements, confirmation slips, questionnaires, desk calendars, appointment books, diaries, journals, graphs, test results, blogs, charts, data,  files, log files of computer access and activity, and all of the records kept by electronic, photographic, optical, mechanical, magnetic means and things similar to any of the foregoing, including computer media, regardless of their author, transcripts of testimony, subpoenas, and any paper or writing of whatever description, including any computer database or information contained in any computer although not yet printed out.  A document includes all appendices, schedules, exhibits, and other attachments, including linked and hyperlinked documents. A draft or non-identical copy of any document is a separate document within the meaning of this term.

19.    "DO Holdings" refers to DO Holdings (WA), LLC.

20.    "Electronic Messaging" means any communication using the following methods:

(a)    company or personal email;

(b)    text messaging, WhatsApp, Slack, Teams and/or any other direct messaging applications;

(c)    instant messaging or other social media accounts;

(d)    document sharing or collaborative chat platforms; or

(e)    video conferencing software.

21.    "Electronically-Stored Information" or "ESI" means, unless otherwise superseded in this case by an Order Governing the Use of Electronically-Stored Information, ESI is defined herein to include the following:

(a)    all items covered by Fed. R. Civ. P. 34(a)(1)(A);

4

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

(b)     information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation date, file modification date, etc.);

(c)     files, information, or data saved on backup tapes or hard drives;

(d)     internal or external web sites;

(e)     output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger (or similar programs), bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and

(f)     activity listings of electronic mail receipts and transmittals; and

(g)     any and all items stored on computer memories, hard disks, USB flash drives, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, iPads), hand-held wireless devices (*e.g.*, iPhones or other smartphones), or similar devices, and file folder tabs, or containers and labels appended to, or Relating to, any physical storage device associated with each original or copy of all documents requested herein.

22.     "Employee" or "Employees" means any Person who acted or purported to act on behalf of an entity, or another person or persons Including all present and former officers, directors, executives, board members, partners, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, independent contractors, advisors, and consultants of such entity, Person, or Persons.

23.     "Financial Statements" means, without limitation, balance sheets, and statements of income, earnings, retained earnings, projected earnings, sources and applications of fund,

5

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

operations and deficit, profit and loss, change in financial position, and cash flow, and also included all notes to each of the foregoing, and any other notes that pertain to the past, present, or future financial condition of ZoomInfo. Any of the foregoing Documents constitute a financial statement whether it is public (e.g., Form 10-K, Form 10-Q) or non public, audited or unaudited, or final, interim, yearly, monthly, pro forma, complete or partial, consolidated or non-consolidated, or otherwise.

24.    "Gainsight" means customer success software by Gainsight, Inc.  *See, e.g.*, ¶ 41 n. 8.

25.    "GAAP" refers to Generally Accepted Accounting Principles.

26.    "Including" means including but not limited to.  "Including" is used to emphasize the type of document requested and does not limit the request in any way.

27.    "Individual Defendants" refers to Henry Schuck, Cameron Peter Hyzer, and Joseph Christopher Hays.

28.    "Marketing Survey" means marketing surveys conducted by ZoomInfo to analyze, study, or review ZoomInfo's market competitiveness, Including the marketing survey presented to Defendant Hays in 2021, as referenced in ¶¶ 158-60.

29.    "Meeting" or "Meetings" means the contemporaneous presence, whether in person or through any means of communication, of any Persons (including by telephone, chat room, video conference, webcast, Zoom, Microsoft Teams, Google Meet, bulletin board programs, or instant messenger program), whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal or occurred in connection with some other activity. "Meeting" also includes and calls for the production of Documents, such as presentations, minutes, records, invites, invitations, calendar reminders, or calendars regarding a meeting, and Communications regarding the Meeting.

30.    "Net Revenue Retention" or "NRR" shall refer to all topics Relating to the identification, measurement, timing, presentation, disclosure, or audit of such disclosures as defined by ZoomInfo within their annual Form 10-K filing.

6

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

31.    "Person" or "Persons" includes any natural person, firm, association, organization, partnership, limited partnership, sole proprietorship, trust, corporation, or legal or governmental entity, association, or body.

32.    "Policy" or "Policies" means any rule, protocol, procedure, directives, playbooks, practice, or course of conduct, whether formal or informal, written or unwritten, recorded or unrecorded, that was known, recognized, or followed, explicitly or implicitly.

33.    "Portfolio Method" or "Portfolio Approach" shall be defined in accordance with GAAP and ASC 606 (e.g., ASC 606-10-10-4).

34.    "Refer" or "Relate" or "Referring" or "Relating" means all documents that explicitly or implicitly, in whole or in part, were received in conjunction with or were generated as a result of, the subject matter of the request, including, but not limited to, all documents that reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request.

35.    "Representative" means any officer, director, partner, agent, employee, attorney, or other representative of such person.

36.    "Revenue Recognition" shall refer to all practices or processes Relating to the identification, measurement, timing, presentation, disclosure, or audit of revenue under applicable accounting framework, Including GAAP (ASC 605 and ASC 606).

37.    "RPO" means Remaining Performance Obligation, which shall have the meaning as defined under GAAP and ASC 606 (e.g., ASC 606-10-50-13).

38.    "Salesforce" means the customer relationship management software sold by Salesforce Inc. *See, e.g.*, ¶ 41 n. 8.

39.    "SMB" refers to small and medium business.

40.    "SOX Certifications" refers to the certifications of principal executive officer and principal financial officer, required under Section 302 and 906 of the Sarbanes-Oxley Act of 2002.

7

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

41.   "Variable Consideration" or "Variable Constraint" shall be defined in accordance with GAAP and ASC 606.

42.   "You," "Your," or Yours" refers individually and collectively to Defendants, and all other persons acting or purporting to act on Defendants' behalf, including, but not limited to, Your employees, in-house and external attorneys, accountants, consultants, experts, representatives, or agents.

43.   "ZoomInfo" or the "Company" refers to ZoomInfo Technologies, Inc., and any of its subsidiaries, divisions, or affiliates (foreign and domestic), predecessors (Including DiscoverOrg LLC and ZoomInfo Information, Inc), successors, and any present and former officers, directors, Employees (as defined herein), agents, representatives, members of its Board of Directors, accountants, attorneys, advisors, and all other persons and agents acting or purporting to act on its behalf.

44.   The use of the singular form of any word includes the plural and vice versa.

45.   The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

46.   Unless given a prescribed definition herein, each word or term used shall be construed according to its usual and customary dictionary definition.

47.   All defined terms shall have the definitions provided herein whether or not capitalized.

## II.   INSTRUCTIONS

1.   In responding to these requests, all Documents shall be produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure and the parties' forthcoming Electronic Discovery Agreement.

2.   In responding to these Requests, You shall produce all responsive Documents that are in Your possession, custody or control. A Document shall be deemed to be within Your control if You have the ability or right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

8

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

3.      You shall produce each Document requested herein in its entirety, without deletion or excision (except as redacted for privilege), regardless of whether You consider the entire Document to be relevant or responsive to the requests. All Documents must be produced with all attachments and enclosures, and in their original folder, binder, or other cover or container, regardless of whether You consider the entire Document to be relevant or responsive to the request. Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the Document or group of Documents.

4.      If it is not possible to produce any Document responsive to a request, or if any part of a request is objected to, the reasons for the failure to produce the Documents or the objection should be stated specifically as to all grounds.

5.      All Documents responsive to these Requests that are stored on Your electronic backup tapes or hard drives shall be produced.

6.      In responding to these Requests, You shall inquire of all persons within your control who have or may have documents responsive to the Requests.

7.      Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Lead Plaintiffs original Documents as they are kept in the usual course of business in their original folders, binders, covers, and containers, or facsimile thereof, or you shall organize and label the Documents to correspond to the categories in these Requests.  With respect to ESI, you are to follow the foregoing instructions and also produce the ESI as described in the ESI Agreement as agreed upon by the parties.  If the original Document is not in your custody, then you are to produce an identical copy thereof, as well as any non-identical copies that differ for any reason (including, without limitation, the making of notes thereon) from the original or from the other copies produced.

8.      These Requests are specifically intended to encompass any data or information maintained in any form of computer memory or on computer hard drives or diskettes, including any word processing or spreadsheet programs or electronic mail systems, or in any form of

9

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

electronic or computer-related storage, whether or not You currently have "hard copy" printouts of the same.

9. If You claim any form of privilege or any other objection, whether based on statute, common law, or otherwise, as a ground for not producing any requested Document, You shall furnish a log identifying each Document for which the privilege or other objection is claimed together with the following information:

    (a)    the privilege or grounds for withholding being asserted;

    (b)    the date of the Document;

    (c)    the author and recipients of the Documents, including an identification of the employer of each author and recipient (or lack thereof) if such individual was not employed directly by ZoomInfo at such time;

    (d)    identification of each author or recipient is an attorney;

    (e)    the facts upon which you rely as the basis for claiming any privilege as to the Document; and

    (f)    a description of the subject matter of the Document and its nature (*e.g.*, email, letter, text message, memorandum, audio or video tape, etc.).

10. In the event that any document called for by these requests has been destroyed or discarded, that document is to be identified by stating:

    (a)    the nature of the Document;

    (b)    the names of any addressor or addressee;

    (c)    if there are any indicated or blind copies;

    (d)    the Document's date, subject matter, number of pages, and attachments or appendices;

    (e)    all Persons to whom the Document was distributed, shown, or explained;

    (f)    the Document's date of destruction or discard, manner of destruction or discard; and

    (g)    the Persons authorizing or carrying out such destruction or discard.

10

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

11.    If a portion of any Document responsive to these Requests is withheld under claim of privilege, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

12.    Documents attached to each other should not be separated.

13.    If in responding to these Requests You can claim any ambiguity in interpreting a document request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to produce responsive documents, but there shall be set forth as part of your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

14.    With respect to any category of Documents, if the production of which You contend is in some way burdensome or oppressive, state the specific reason for that objection.

15.    All Requests shall be deemed continuing and ongoing, and You are required to supplement your responses with new or newly-discovered material in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## III.    RELEVANT TIME PERIOD

Unless otherwise noted in a specific request for production, all Documents requested are Documents dated, prepared, or Referring to events that occurred during the time period January 1, 2018 through present, inclusive (the "Relevant Time Period"), and all Documents that Refer, Concern, or Relate to all or any portion of the Relevant Time Period, whenever dated or prepared.

## IV.    DOCUMENTS REQUESTED

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications, Including any due diligence, analyses, review, or verification (or lack thereof), Concerning customers' or prospective customers' ability to pay for ZoomInfo's services, credit history, creditworthiness, financials, upfront payment requirement(s), or liquidity performed by You.

11

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications Concerning ZoomInfo's Board of Directors, audit committee, or any other ZoomInfo committee relating to Customer Disputes.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications Concerning any categorization, financial analyses, financial modeling, financial projections, or financial planning conducted or performed by You in connection with ZoomInfo's customer information, Including:

(a)    Customer category (e.g., SMB, Mid-Market, and Enterprise)

(b)    New customer vs. existing customer (Including any cancellation inquiries/ requests from existing customers)

(c)    Existing customer up-sell vs. existing customer down-sell

(d)    Product incentives (e.g., discounts tiers, right of return)

(e)    Customers usage/engagement patterns (e.g., ACV or NRR or third-party Data, such as Gainsight or Salesforce.)

(f)    Customer surveys

(g)    Geographical location

(h)    Subscription vs. usage-based performance obligation

(i)    Duration of contract (e.g., month-to-month, annual, multi-year)

(j)    Billing frequency (e.g., in-arrears, monthly, quarterly, annually)

(k)    Customer credit profile based on third-party services or ZoomInfo's proprietary information

(l)    revenue, RPO, ARR, or collections forecasts prepared during the Class Period, including all versions, supporting data, forecast revisions, and forecast-to-actual variance analyses

(m)    customer cohort analyses relating to usage, churn, renewal likelihood (e.g. Salesforce data), collections behavior, or payment risk

12

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

(n)   Obligations, debts, or outstanding payments between ZoomInfo and customers that were written off, sold, transferred, or otherwise disposed of, and

(o)   The fulfillment of RPO owed to ZoomInfo by its customers, Including documents sufficient to show the transmission of RPO into profits or other metrics indicating that the RPO had been collected by ZoomInfo.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications Concerning ZoomInfo's customers' intent to pay for, renew, or honor their contracts with ZoomInfo, Including Documents Concerning ZoomInfo's monitoring, tracking, or review of customers' delinquencies.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications Concerning ZoomInfo's efforts to sign up new customers before the Company's Initial Public Offering on or around June 4, 2020. *See, e.g.*, ¶¶ 119-25.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications Concerning ZoomInfo's Policies, strategies, or directives from the Individual Defendants Relating to identifying new customers, signing new customers, and determining the pricing of customer contracts, Including any due diligence, analyses, review, or verification (or lack thereof) of customers' ability to pay, credit history, creditworthiness, financials, upfront payment requirement(s), or liquidity performed by You.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify any changes, updates, or revisions to ZoomInfo's sales strategy in response to the COVID-19 pandemic, Including the reasons or basis for such changes, updates, or revisions. *See, e.g.*, ¶¶ 119-32.

13

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications Concerning the increase and/or growth in ZoomInfo's customer base, Including Documents sufficient to identify the reason for such increase and/or growth.  *See, e.g.*, ¶¶ 118-119, 162.

**REQUEST FOR PRODUCTION NO: 9:**

All Documents and Communications Concerning ZoomInfo's Revenue Recognition (Including Variable Consideration and Portfolio Method) and the Company's Policies (Including (policy white papers or revenue recognition memos) for Revenue Recognition (Including Variable Consideration and Portfolio Method), Including Documents sufficient to show that the Company did (or did not) comply with the applicable accounting framework or guidance and Documents Concerning any change in the Company's Revenue Recognition methodology (Including Variable Consideration and Portfolio Method) contemplated, proposed, or implemented.

**REQUEST FOR PRODUCTION NO: 10:**

All Documents and Communications Concerning any processes, systems, or methods used by You to track, monitor, or evaluate customer retention or renewal, Including any reports, presentations, or analyses Relating to customer attrition or a decrease in customer retention or renewals.

**REQUEST FOR PRODUCTION NO: 11:**

All Documents and Communications Concerning any executive dashboards, key performance indicators ("KPI") reports, or other recurring reports provided to senior leadership regarding revenue recognition, RPO, customer usage, churn or renewal risk, customer health, collections, or payment-risk indicators.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications upon which ZoomInfo relied when stating in their SEC filings that "[t]he Company estimates these amounts based on historical experience and reduces revenue recognized." *See, e.g.*, ¶ 134 n. 14.

14

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications Concerning ZoomInfo's RPO, Including any identification, calculations, analyses, evaluations, or projections of RPO, any Policies related thereto, any internal meetings Concerning identification, calculations, analyses, evaluations, or projections of RPO, and any changes to the methodology, inputs, or assumptions used to calculate or forecast RPO during the Class Period, including Documents identifying when such changes occurred and who approved or implemented them.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications Concerning ZoomInfo's Portfolio Method and Policies Relating to Portfolio Method, Including any analyses, calculations, reviews, or internal meetings to determine the composition of ZoomInfo's portfolio of customers.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show that ZoomInfo's Portfolio Method accounted for (or failed to account for) new customers for which ZoomInfo had not performed any due diligence, analyses, review, or verification of customers' intention to pay, ability to pay, credit history, creditworthiness, financials, or liquidity.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications concerning any changes to ZoomInfo's sales practices during the Class Period, including changes relating to discount approval thresholds, credit-approval requirements, upfront payment requirements, contract terms, or auto-renewal enforcement.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify the role, responsibilities, or activities of ZoomInfo Employees involved in accounting, tracking, or monitoring the likelihood of payment (or non-payment) of customers.

15

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications Concerning credit memos issued or requested by customers, billing disputes, payment issues, cancellation requests, or auto-renewal, Including all complaint logs, escalation records, and system exports.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications Concerning ZoomInfo's accounts receivable for customer contracts, Including any analyses, review, projection, or internal meetings in connection with accounts receivable that were delinquent and/or were eventually written off as uncollectible or as Bad Debt Expense.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications Concerning ZoomInfo's efforts to collect outstanding or delinquent payments from customers, Including (i) Documents sufficient to identify any Debt Collectors, retained or engaged by ZoomInfo to collect outstanding payments from delinquent customers on behalf of ZoomInfo and (ii) Documents Concerning ZoomInfo's sale, transfer, surrender, or dispose of delinquent debt to Debt Collectors.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications Concerning the usage, utilization rates, or account health score of the Company's products, Including all projections, analyses, actual results, and internal meetings to review or discuss usage or utilization of the Company's products. *See, e.g.*, ¶¶ 171-175.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications Concerning any reports, analyses, reviews, or internal meetings held in connection with ZoomInfo's market share and Competitors, Including all Documents that show or identify any erosion of ZoomInfo's market share by the Competitors.

16

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications Concerning all Customer Disputes, Including Documents and Communications Concerning the termination and/or non-renewal of contracts by customers.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications Concerning all tactics, practices, plans, or actions undertaken by ZoomInfo to retain customers and/or renew customers' contracts, Including ZoomInfo's attempts to enforce the auto-renewal provision in customers' contracts. *See, e.g.,* ¶¶ 178-82.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications Concerning marketing surveys conducted by the Company, Including the Marketing Survey referenced in ¶¶ 158-60, Including any notes, minutes, attendance list, or notes for any meeting(s) where any such marketing surveys were presented.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications upon which Defendants relied when making public statements during the Class Period Concerning RPO. *See, e.g.*, ¶¶ 254, 263, 274, 276, 283, 288, 298, 300, 309, 311, 313, 317, 321, 323-24, 326-27, 329, 333, 338, 340, 342-43, 345-46, 351-52, 354.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications Concerning ZoomInfo's SOX Certifications, Including all Documents and Communications supporting Defendants Schuck and Hyzer's signatures and attestation to the SOX Certification. *See, e.g.*, ¶¶ 448-51.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications Concerning any SOX control narratives, control matrices, control testing results, identified control deficiencies (including control deficiencies, significant deficiencies and material weaknesses), remediation plans, or discussions of material

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

weaknesses Relating to revenue recognition, RPO, accounts receivable, bad debt expense, credit memos, or collectability.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications Concerning ZoomInfo's internal audit reports and procedures performed by ZoomInfo's internal auditors regarding ZoomInfo's Revenue Recognition (Including Variable Consideration or Portfolio Method), RPO, accounts receivable, bad debt expense, credit memos, customer collectability, customer data, customer usage, or customer retention during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications Concerning ZoomInfo's decision to lower revenue guidance on July 31, 2023, May 7, 2024, and August 5, 2024, Including any financial analyses, financial modeling, or financial planning.  *See, e.g.*, ¶¶ 378, 386, 393.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications Concerning any "increased scrutiny" by ZoomInfo's customers, as described by the Company on November 1, 2022 and November 16, 2022.  *See, e.g.,* ¶¶ 191, 198-99.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications Concerning the $33 million charge announced by You on, which you attributed to "a change in estimates related to the collectability of receivables from customers," Including Documents sufficient to identify the reasons or basis for (i) the $33 million charge and (ii) the requirement of "upfront pre-payment for services from certain smaller customers."  *See, e.g.*, ¶¶ 394-95.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications Concerning the Individual Defendants' personnel files or records, Including any personnel files or records, any Employees complaints and any disciplinary records.

18

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications Concerning Defendant Hyzer's departure from ZoomInfo and the transition to Michael O'Brien as the interim CFO, Including all reasons for his departure. *See, e.g.*, ¶¶ 226, 456-58.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications Concerning Michael O'Brien's statement during the December 4, 2024 Wells Fargo TMT Summit, as referenced in ¶ 446, Including any internal reports, presentations, or analyses Relating to "incremental weakness" in certain customers in late 2023 and 2024. *See, e.g.*, ¶ 446.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications Concerning the performance, compensation, or incentives of the Individual Defendants, Including performance stock units, bonuses, or other compensation.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications Concerning DO Holdings, Including Documents sufficient to show Defendant Schuck's control over DO Holdings.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications Concerning TA Associates Management, L.P. and the Carlyle Group Inc., Including Documents sufficient to show their control over ZoomInfo.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications exchanged between ZoomInfo and KPMG Concerning KPMG's audits of ZoomInfo's Financial Statements (e.g., Revenue Recognition or allowance for doubtful accounts), Including KPMG's review, revision, or approval of ZoomInfo's RPO, as well as all Documents and Communications KPMG requested or received in connection with those audits.

19

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications Concerning any third-party consultants, auditors, advisors, or firms retained to assist with ZoomInfo's market competitiveness, Financial Statements, go-to-market or sales strategy, Revenue Recognition (Including Variable Consideration and Portfolio Method), and RPO during the Class Period.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Concerning ZoomInfo's Policies for preparing, reviewing, editing, approving, modifying, and distributing the Company's press releases, SEC filings, and materials prepared in connection with any Earnings Call, Analyst Call, or other conference call or Meeting with securities analysts, investors, or the media (including any scripts, opening statements, talking points, presentations, questions and answers, or other remarks).

**REQUEST FOR PRODUCTION NO. 42:**

All Documents, Including organizational charts, sufficient to show the reporting structure of ZoomInfo (operating units, divisions, subdivisions, and the relationship between and among them), Including organizational charts and any other Documents: (i) identifying reporting structures within ZoomInfo, Including senior management; (ii) identifying the reporting structures of sales and/or go-to-market organization; (iii) identifying the reporting structures of the finance organization; and (iv) identifying the reporting structures of the accounting organization.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Communications sufficient to identify the computers, smart phones, tablets, or other mobile devices utilized by the Individual Defendants for voice calls, video call, e-mail, messaging, text messaging, or similar Communications.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents Concerning ZoomInfo's Policies for the destruction, retention, and preservation of Documents, as well as Policies involving sources of ESI, Including electronic Communications, mobile device and/or bring-your-own-device ("BYOD"), social media, data

20

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

from off-boarding employees, remote work, computer usage, auto-delete functions, routine purging, and mailbox size limits during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents You intend to rely upon or contemplate relying on to oppose Lead Plaintiffs' motion for class certification or to contest any element of class certification in this Action, Including the elements of numerosity, commonality, adequacy, typicality, and superiority within the meaning of Rule 23 of the Federal Rules of Civil Procedure, as well as any Documents relied upon or considered by Your class certification expert. This Request is not limited to the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents upon which You intend to rely on or contemplate relying on for any of Your defenses to the claims asserted in this Action, Including any affirmative defenses. This Request is not limited to the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents relied upon or used by You in responding to any interrogatory or request for admission to be served by Lead Plaintiffs. This Request is not limited to the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents upon which You intend to rely on or contemplate relying on to oppose Lead Plaintiffs' efforts to establish damages or loss causation. This Request is not limited to the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents received in response to formal or informal document requests or subpoenas to any non-parties to this Action with respect to this Action.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents Concerning any insurance Policies or agreements that may provide coverage or partial coverage for any Defendants in connection with this Action.

21

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Communications Concerning any lawsuits (including customer arbitrations) against ZoomInfo in the past five years, Including all Documents produced by ZoomInfo in connection with any past or on-going litigation or arbitration.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Communications exchanged with any Person(s) Concerning the subject matter of this Action.

Dated:  November 21, 2025          By:     /s/ Michael H. Rogers

**LABATON KELLER SUCHAROW LLP**

Michael P. Canty (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
James T. Christie (*pro hac vice*)
Jacqueline R. Meyers (*pro hac vice*)
Kaicheng Yu (*pro hac vice* forthcoming)

140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 8180-0477
mcanty@labaton.com
mrogers@labaton.com
jchristie@labaton.com
jmeyers@labaton.com
nyu@labaton.com

*Lead Counsel for Lead Plaintiffs State Teachers Retirement System of Ohio and Ohio Public Employees Retirement System and the Class*

**BYRNES KELLER CROMWELL LLP**

Bradley S. Keller, WSBA #10665
Joshua B. Selig, WSBA #39628
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Tel: (206) 622-2000
Fax: (206) 622-2522
bkeller@byrneskeller.com
jselig@byrneskeller.com

*Liaison Counsel for the Class*

22

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

**OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF OHIO**

Shawn Busken (*pro hac vice* forthcoming)
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515
Shawn.Busken@OhioAttorneyGeneral.gov

*Additional Counsel for Plaintiffs*

23

LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANTS
CASE NO. 3:24-CV-05739-TMC

LABATON KELLER SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700 • Fax (212) 818-0477

## <u>CERTIFICATE OF SERVICE</u>

I am a citizen of the United States and a member of the bar of the state of New York.  I am over the age of eighteen years, and not a party to the within Action.  My business address is Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005.  My e-mail address is mrogers@labaton.com.  On the date set forth below, I served the following documents in the manner described below:

- **LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS**

- ☒ **BY ELECTRONIC MAIL –** Based on a court order or agreement of the parties to accept service by e-mail or electronic transmission, I caused such documents described herein to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

on the following parties in this Action:

### ORRICK, HERRINGTON & SUTCLIFFE LLP

Paul F. Rugani
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: +1 206-839-4300
Facsimile: +1 206-839-4301
Email: prugani@orrick.com

James N. Kramer
Alexander K. Talarides
Molly McCafferty
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700
Fax: (415) 773-5957

*Attorneys for Defendants*
*ZoomInfo Technologies, Inc., Henry Schuck,*
*Cameron Hyzer, and Joseph Christopher Hays*

Executed on November 21, 2025 in New York, New York.

By:    */s/ Michael H. Rogers*

CERTIFICATE OF SERVICE
CASE NO. 2:22-CV-02249-FWS-RAO

# EXHIBIT B

THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

STATE TEACHERS RETIREMENT SYSTEM OF OHIO, et al.,

Plaintiffs,

v.

ZOOMINFO TECHNOLOGIES INC., et al.,

Defendants.

Case No. 3:24-cv-05739-TMC

CLASS ACTION

**DEFENDANTS' OBJECTIONS AND RESPONSES TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-52)**

Defendants ZoomInfo Technologies Inc. ("ZoomInfo" or the "Company"), Henry Schuck, Cameron Hyzer, and Joseph Christopher Hays (collectively, "Defendants"), by and through their undersigned attorneys, hereby object and respond to Lead Plaintiffs' First Set of Requests for Production of Documents to Defendants (the "Requests" and each, "a Request"), which Lead Plaintiffs State Teachers Retirement of Ohio and Ohio Public Employees Retirement System (collectively, the "Plaintiffs") served in the above-captioned action (the "Action"), as follows:

**PRELIMINARY STATEMENT**

Defendants make these Objections and Responses solely for the purpose of this Action. These Objections and Responses reflect Defendants' continuing investigation of facts and discovery of information and documents relating to the claims and defenses at issue in this action and are based only upon Defendants' present, actual knowledge and reasonable belief. The Objections and Responses are at all times subject to such additional or different information as discovery or further investigation may disclose and, while based on the present state of Defendants' recollection, are subject to such refreshing of recollection, and such additional knowledge of fact, as may result from Defendants' further discovery and/or investigation. Defendants expressly reserve the right to amend, limit, supplement, and correct their Objections and Responses, as necessary or appropriate, as they learn further information. Defendants reserve the right to rely on, at any time, including trial, subsequently discovered information of which Defendants are currently unaware, as well as information omitted from these Objections and Responses as a result of mistake, error, oversight, or inadvertence.

Defendants are providing these Objections and Responses and will disclose information, without waiver of, or prejudice to, their right at any later time to raise objections to the competence, relevance, materiality, privilege, or admissibility of: (a) the Requests or any part thereof; (b) statements made in connection with Defendants' responses to the Requests or any part thereof; (c) any information disclosed in Defendants' responses to the Requests; or (d) any other demand for discovery involving or relating to the matters raised in the Requests or the information disclosed in response to the Requests.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 1 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

Defendants' Objections and Responses to the Requests are not an admission of matters stated, implied, or assumed by any or all of the Requests. Unless expressly stated, Defendants do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests. Accordingly, Plaintiffs shall not construe Defendants' response or objection to any Request as an admission that Defendants accept or admit the existence of any facts assumed by the Requests, and Plaintiffs shall not construe any response or objection as admissible evidence of any such assumed facts.

Nothing in these Responses shall be deemed an admission by Defendants regarding the existence of any information or documents, the relevance, authenticity, materiality, or admissibility of any information or documents for any purpose, or the truth or accuracy of any statement or characterization contained in any Request. Defendants expressly reserve the right to object to the use of these Responses, the subject matter contained herein, or any documents produced in connection herewith during any subsequent proceeding, including during trial of this or any other action.

## GENERAL OBJECTIONS

Defendants make the following objections to the Requests, which form a part of Defendants' response to each and every Request and are set forth here to avoid repetition and duplication. Although Defendants may specifically invoke some or all of these General Objections in a response to a specific Request, failure to mention a General Objection specifically is not a waiver of any General Objection.

1.      Defendants object to the Requests, and to the Definitions and Instructions thereto, to the extent that they seek to impose obligations that differ from or exceed those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Western District of Washington, this Court's individual practices, and/or any other applicable law or rule (collectively, the "Governing Rules"). Defendants will respond to the Requests in accordance with the Governing Rules.

2.      Defendants' assertion that they will search for or produce documents in response to a particular Request, if any, is not to be construed as an admission that any document exists within any requested category or categories, but solely as an assertion that Defendants will produce (consistent

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                              - 2 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

with objections) any non-privileged, responsive documents within their possession, custody, or control that can be located after a reasonably diligent and proportionate search (the "Search Parameters"). For the avoidance of doubt, Defendants will not collect from or search for documents not in their own possession, custody, or control.

3. To the extent that Defendants agree to produce any documents in response to the Requests, Defendants reserve the right to produce documents responsive to the Requests on a rolling basis at a time, place, and manner to be agreed on by the parties.

4. Defendants object to the Requests to the extent that they are inconsistent with or purport to supersede any order or directive of the Court or any written agreement by the parties concerning discovery in this Action.

5. Defendants object to the Requests, and to the Definitions, to the extent they seek documents or information protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, protection, exemption, or immunity ("Privileged Information"). To the extent that Defendants agree to produce any documents, they will not produce Privileged Information. Inadvertent production or disclosure of any Privileged Information or otherwise protected documents or information by Defendants shall not operate as a waiver of any claim of privilege, protection, exemption, or immunity, in whole or in part. Defendants reserve the right to seek the return or destruction of any Privileged Information that is inadvertently produced.

6. Defendants object to the Requests to the extent they are redundant or duplicative of other Requests. Where information or a document may be responsive to more than one Request, to the extent that Defendants agree to provide information or produce a document in response to a Request, Defendants will provide that information or produce that document only once.

7. Defendants object generally to the Requests to the extent that they assume facts not established in these proceedings. Defendants do not hereby admit, adopt, or acquiesce in any factual or legal contention, characterization, or implication that is contained in the Requests.

8. Defendants object to the Requests to the extent they seek disclosure of any document or information that is confidential, proprietary, nonpublic, or otherwise sensitive information

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 3 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

including the information of third parties. Defendants will only produce confidential, proprietary, or otherwise sensitive documents or information subject to an appropriate Protective Order. In addition, any of Defendants' responses stating that they will produce documents is subject to compliance with the terms of any applicable third-party confidentiality agreements. Defendants will take reasonable steps to produce documents after complying with third-party confidentiality agreements and will inform Plaintiffs if they withhold any documents pending compliance with third-party confidentiality agreements.

9.      Defendants object to the Requests to the extent that they lack proportionality or purport to require the identification and/or restoration of any deleted, legacy, backup, or archival data, or otherwise seek the production of any documents that are not accessible without undue burden, disproportionate efforts, or unreasonable expense. Defendants will conduct a reasonably diligent and proportionate search for, and produce documents in accordance with, the Search Parameters.

10.     Defendants object to any Request seeking "any" or "all" documents because Defendants cannot guarantee that they can locate every single document responsive to a particular Request. To the extent that Defendants agree to produce documents responsive to any Request and subject to Defendants' objections and responses to that Request, Defendants will collect and produce documents responsive to the Requests pursuant to the Search Parameters.

11.     Defendants object to the Requests to the extent that they seek to require Defendants to provide documents or information not within their own possession, custody, or control. Defendants further object to the Requests and Plaintiffs' purported Instructions to the extent that they seek documents that can be obtained from some other source that is more convenient, less burdensome, or less expensive. Any specific Objection on the grounds that the documents can be obtained from some other source that is more convenient, less burdensome, or less expensive should not be construed as a statement about whether Defendants have documents responsive to a specific Request in their possession, custody, or control.

12.     Defendants object to each Request on the grounds and to the extent that it calls for the discovery of information not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                    - 4 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

13.    Defendants object to the Requests to the extent that they purport to require Defendants to draw legal conclusions or are predicated on legal conclusions and arguments. Subject to and without waiving any of the Objections, Defendants state that any response, or provision of documents or information in response, to the Requests is not intended to provide, and shall not constitute providing, a legal conclusion or admission concerning any of the terms used in the Requests.

14.    Defendants will supplement their objections and responses to the extent Rule 26(e) requires.

**OBJECTIONS TO DEFINITIONS**

In addition to their General Objections, Defendants incorporate the following Objections to Definitions into its Specific Objections and Responses to the Requests. Each Specific Objection and Response is made subject to, and without waiver of, the following Objections to Definitions:

1.    Defendants object to the Definitions to the extent that they purport to impose obligations on Defendants beyond those imposed by the Governing Rules and/or other applicable law. Defendants will respond to these Requests in compliance with the Governing Rules.

2.    Defendants object to the Definitions to the extent that they (i) are vague, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; and (iii) purport to impose any requirements or discovery obligations beyond those set forth in the applicable rules.

3.    Defendants object to the definitions of the terms "All," "Each," "Any," "Communication," "Communications," "Competitors," "Concerning," "Correspondence," "Document," "Documents," "Electronic Messaging," "Electronically-Stored Information," "ESI," "Employee," "Employees," "Including," "Meeting," "Meetings," "Policy," "Policies," "Person," "Refer," "Relate," "Referring," "Relating," and "Representative," as vague and ambiguous and overbroad.

4.    Defendants object to the definitions of the terms "ASC," "Average Contract Value," "ACV," "Bad Dept Expense," "Customer Disputes," "Debt Collectors," "Financial Statements,"

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                    - 5 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

"Gainsight," "GAAP," "Marketing Survey," "Net Revenue Retention," "NRR," "Portfolio Method," "Portfolio Approach," "Revenue Recognition," "RPO," "SMB," "SOX Certifications," "Variable Consideration," and "Variable Constraint" to the extent Plaintiffs' use of the Definitions renders any Request overly broad and neither relevant to any party's claim or defense, nor proportional to the needs of this Action to the extent that it is not tethered to the issues in this Action, much less to information that might reasonably be within Defendants' possession, custody, or control.

5.      Defendants object to the definitions of the terms "Company" or "ZoomInfo" as overly broad and unduly burdensome to the extent that the Definitions attempt to encompass any and all individuals or entities acting on behalf of ZoomInfo. In particular, Defendants object to the inclusion in the definition of individuals or entities beyond ZoomInfo Technologies, Inc., including "subsidiaries, divisions, or affiliates (foreign and domestic), predecessors (Including DiscoverOrg LLC and ZoomInfo Information, Inc), successors, and any present and former officers, directors, Employees (as defined herein), agents, representatives, members of its Board of Directors, accountants, attorneys, advisors, and all other persons and agents acting or purporting to act on its behalf." Defendants construe "Company" and "ZoomInfo" to refer to the entity, ZoomInfo Technologies, Inc.

6.      Defendants object to the definitions of the terms "Communication" and "Communications" to the extent those definitions are overbroad, not reasonably particularized, or purports to impose obligations beyond or inconsistent with those imposed by the Governing Rules. For example, this Definition encompasses "any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending, or receipt of information of any kind by or through any means," regardless of whether the communications are reasonably accessible or whether the burden of such search and collection exceeds the potential relevance, and to the extent it seeks documents and/or information that are not within Defendants' possession, custody, or control.

7.      Defendants object to the definitions of the terms "Concern" or "Concerning" because it renders the Requests overbroad, unduly burdensome, oppressive, disproportionate to the needs of this Action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Definition to the extent that it seeks the production of documents

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                              - 6 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

that are not reasonably accessible. Defendants will interpret this term according to its plain meaning.

8.    Defendants object to the definition of the term "Documents" to the extent that it imposes obligations inconsistent with and in excess of the Governing Rules. Defendants further object to the definition of "Documents" to the extent that it incorporates definitions of ESI and Electronic Messages that differ from, add to, or are otherwise inconsistent with any forthcoming stipulation or order establishing an agreed-upon ESI protocol in this Action.

9.    Defendants object to the definitions of the terms "Electronically Stored Information" and "ESI" to the extent each and every Request in which these terms appear calls for information that is not within Defendants' possession, custody, or control. Defendants further object to the definitions of "Electronically Stored Information" and "ESI" as premature to the extent that they purport to require production of confidential materials and/or electronically stored information (ESI) before the entry of an appropriate Protective Order and ESI Order. Defendants will not produce confidential materials or ESI until the appropriate relevant orders have been entered by the Court. If and when the Court orders an ESI protocol, Defendants will produce pursuant to any custodians and search terms negotiated by the parties.

10.    Defendants object to the definitions of the terms "You," "Your," and "Yours" as overly broad and unduly burdensome, as it seeks documents beyond the subject matter involved in the pending Action. In particular, Defendants object to the inclusion in the definition of individuals or entities beyond ZoomInfo Technologies, Inc., including "all other persons acting or purporting to act on Defendants' behalf, including, but not limited to, Your employees, in-house and external attorneys, accountants, consultants, experts, representatives, or agents." Plaintiffs' use of this definition renders any topic in which this term appears overbroad and neither relevant to any party's claim or defense, nor proportional to the needs of this Action. Defendants are construing "You" and "Your" to refer to the ZoomInfo Technologies, Inc. entity, as well as Henry Schuck, Peter Cameron Hyzer, and Joseph Christopher Hays.

11.    Defendants incorporate the foregoing objections into all of its responses, below.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                    - 7 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**OBJECTIONS TO INSTRUCTIONS**

1.      In addition to its General Objections, Defendants object to Plaintiff's Instructions to the extent that they purport to impose obligations on Defendants beyond those imposed by the Governing Rules, including Rules 26 and 34 of the Federal Rules of Civil Procedure and/or the Local Rules of this Court. Defendants will respond to these Requests in compliance with the Governing Rules.

2.      Defendants object to the instructions set forth in Plaintiffs' Requests as overly broad, vague, ambiguous, and often inconsistent with the normal, common usage and meaning of such words. As a result, these instructions constitute an unreasonable expansion of these Requests, making them oppressive, overly broad, and unduly burdensome. Defendants will respond to these Requests in a manner consistent with common usage and understanding of the language used in them.

3.      Defendants object to Instruction No. 1 to the extent that it purports to require the identification and/or restoration of any deleted, legacy, backup, or archival data, or otherwise seek the production of any documents that is not reasonably accessible without undue burden or unreasonable expense and not proportionate to the needs of the Action.

4.      Defendants object to Instruction No. 2 because it purports to require Defendants to produce documents outside their possession, custody, or control, including, but not limited to, documents in the possession, custody, or control of third parties such as "all other persons acting or purporting to act on Defendants' behalf, including, but not limited to, Your employees, in-house and external attorneys, accountants, consultants, experts, representatives, or agents." Defendants further object to Instruction No. 2 as overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to Instruction No. 2 to the extent that it uses an improper definition and standard for possession, custody, or control that includes the "practical ability" to obtain documents as opposed to "legal right" to obtain them as set forth in applicable law from the Ninth Circuit and Western District of Washington. Without waiver of any objections, to the extent that Defendants agree to produce any documents in response to the Requests, Defendants will undertake a reasonably diligent and proportionate search and produce relevant and non-privileged documents

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                            - 8 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

that are responsive to a specific Request.

5. Defendants object to the Instruction No. 5 to the extent it purports to impose obligations on Defendants beyond those imposed by the Governing Rules and the ESI protocol ordered by the Court.

6. Defendants object to Instruction No. 6 because it purports to require Defendants to produce documents outside their possession, custody, or control, including, but not limited to, documents in the possession, custody, or control of third parties such as "all other persons acting or purporting to act on Defendants' behalf, including, but not limited to, Your employees, in-house and external attorneys, accountants, consultants, experts, representatives, or agents." Defendants further object to Instruction No. 6 as overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to Instruction No. 6 to the extent that it uses an improper definition and standard for control that includes the "practical ability" to obtain documents as opposed to "legal right" to obtain them as set forth in applicable law from the Ninth Circuit and Western District of Washington. Without waiver of any objections, to the extent that Defendants agree to produce any documents in response to the Requests, Defendants will undertake a reasonably diligent and proportionate search and produce relevant and non-privileged documents that are responsive to a specific Request.

7. Defendants object to Instruction No. 7 in its entirety. Absent an agreement to the contrary, Defendants will not make any documents or other materials available for inspection or copying, nor will Defendants produce any documents or materials in any format other than as specified in the parties' negotiated ESI protocol that is so ordered by the Court. To the extent the production format specified in the ESI Order is not possible for a given document, Defendants will produce documents in the form or forms in which they are maintained in the ordinary course of business or in a reasonably usable form or forms. Except as set forth herein, Defendants will not produce documents in a manner or format beyond what is required under the Governing Rules.

8. Defendants object to Instruction No. 8 to the extent it purports to impose obligations on Defendants beyond those imposed by the Governing Rules and the any ESI protocol ordered by the Court.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 9 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

9.      Defendants object to Instruction No. 9 to the extent is inconsistent with or seeks to impose obligations beyond those imposed by the Governing Rules and the terms of the parties' negotiated ESI protocol that is ordered by the Court, including with respect to the production of privilege logs. Any privilege logs served by Defendants will be made pursuant to the parameters established in such ESI Order and according to Governing Rules, and Defendants will disregard any contrary terms specified in the Instructions to Plaintiff's Requests.

10.     Defendants object to Instruction No. 10 to the extent it purports to impose obligations on Defendants beyond those imposed by the Governing Rules and the ESI protocol ordered by the Court.

11.     Defendants object to Instruction No. 11 to the extent it purports to impose obligations on Defendants beyond those imposed by the Governing Rules and the ESI protocol ordered by the Court.

12.     Defendants object to Instruction No. 12 to the extent it purports to impose obligations on Defendants beyond those imposed by the Governing Rules and the ESI protocol ordered by the Court.

13.     Defendants object to Instruction No. 15 to the extent it purports to impose obligations on Defendants beyond those imposed by the Governing Rules and the ESI protocol ordered by the Court.

14.      Defendants incorporate the foregoing objections into all of its responses, below.

### OBJECTIONS TO RELEVANT TIME PERIOD

Defendants object to Plaintiffs' Definition of and Instructions for "Relevant Time Period," which seeks documents and information "from January 1, 2018 through present, inclusive" and "all Documents that Refer, Concern, or Relate to all or any portion of the Relevant Time Period, whenever dated or prepared" as unreasonably overbroad and seeking information beyond the time frame relevant to the claims or defenses that are at issue in this case. Defendants will answer all Requests based on reasonable and relevant time periods, about which Defendants are willing to meet and confer.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                          - 10 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications, Including any due diligence, analyses, review, or verification (or lack thereof), Concerning customers' or prospective customers' ability to pay for ZoomInfo's services, credit history, creditworthiness, financials, upfront payment requirement(s), or liquidity performed by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications...Concerning customers' or prospective customers' ability to pay for ZoomInfo's services, credit history, creditworthiness, financials, upfront payment requirement(s), or liquidity performed by You" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants object to this Request on the grounds that the phrase "ability to pay for ZoomInfo's services, credit history, creditworthiness, financials, upfront payment requirement(s), or liquidity" is vague and ambiguous, leaving it unclear what specific information or documentation is being sought. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendant objects to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 11 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications Concerning ZoomInfo's Board of Directors, audit committee, or any other ZoomInfo committee relating to Customer Disputes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Respondent objects to this Request on the grounds that the phrase "Customer Disputes" is vague and ambiguous. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Subject to and without waiving the aforementioned objections, Respondent responds as follows:

Subject to the foregoing general and specific objections, Defendants will conduct a reasonably diligent and proportionate search for board or committee packages, meeting minutes, agendas, resolutions, and presentations provided to the ZoomInfo Board of Directors and Audit Committee thereof, that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request, to the extent such documents exist, within the Relevant Time Period negotiated by the parties.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications Concerning any categorization, financial analyses, financial modeling, financial projections, or financial planning conducted or performed by You in connection with ZoomInfo's customer information, Including:

        a)      Customer category (e.g., SMB, Mid-Market, and Enterprise)

        b)      New customer vs. existing customer (Including any cancellation inquiries/ requests from existing customers)

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE      - 12 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

c)     Existing customer up-sell vs. existing customer down-sell

d)     Product incentives (e.g., discounts tiers, right of return)

e)     Customers usage/engagement patterns (e.g., ACV or NRR or third-party Data, such as Gainsight or Salesforce.)

f)     Customer surveys

g)     Geographical location

h)     Subscription vs. usage-based performance obligation

i)     Duration of contract (e.g., month-to-month, annual, multi-year)

j)     Billing frequency (e.g., in-arrears, monthly, quarterly, annually)

k)     Customer credit profile based on third-party services or ZoomInfo's proprietary information

l)     revenue, RPO, ARR, or collections forecasts prepared during the Class Period, including all versions, supporting data, forecast revisions, and forecast-to-actual variance analyses

m)     customer cohort analyses relating to usage, churn, renewal likelihood (e.g. Salesforce data), collections behavior, or payment risk

n)     Obligations, debts, or outstanding payments between ZoomInfo and customers that were written off, sold, transferred, or otherwise disposed of, and

o)     The fulfillment of RPO owed to ZoomInfo by its customers, Including documents sufficient to show the transmission of RPO into profits or other metrics indicating that the RPO had been collected by ZoomInfo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "Customer category," "New customer vs. existing customer," "cancellation inquiries/requests," "Existing customer up-sell vs. existing customer down-sell,"

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE        - 13 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

"Product incentives," "Customers usage/engagement patterns," "Customer surveys," "Geographical location," "Subscription vs. usage-based performance obligation," "Duration of contract," "Billing frequency," "Customer credit profile," "revenue, RPO, ARR, or collections forecasts" "collections behavior, or payment risk," "Obligations," "debts," "outstanding payments," "written off," "otherwise disposed of," "fulfillment of RPO owed to ZoomInfo by its customers," and "transmission of RPO into profits or other metrics indicating that the RPO had been collected by ZoomInfo." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications Concerning any categorization, financial analyses, financial modeling, financial projections, or financial planning conducted or performed by You in connection with ZoomInfo's customer information" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendant objects to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications Concerning ZoomInfo's customers' intent to pay for, renew, or honor their contracts with ZoomInfo, Including Documents Concerning ZoomInfo's monitoring, tracking, or review of customers' delinquencies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous,

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 14 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

including as to the phrases "customers' intent to pay for," "honor their contracts," and "review of customers' delinquencies." Defendants object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications Concerning ZoomInfo's efforts to sign up new customers before the Company's Initial Public Offering on or around June 4, 2020. *See, e.g.*, ¶¶ 119-25.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the phrase "efforts to sign up new customers." Defendants object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege

or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications Concerning ZoomInfo's Policies, strategies, or directives from the Individual Defendants Relating to identifying new customers, signing new customers, and determining the pricing of customer contracts, Including any due diligence, analyses, review, or verification (or lack thereof) of customers' ability to pay, credit history, creditworthiness, financials, upfront payment requirement(s), or liquidity performed by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "Policies, strategies, or directives," " identifying new customers, signing new customers, and determining the pricing of customer contracts," "verification," "ability to pay," "creditworthiness," "financials," "upfront payment requirement(s)," and "liquidity." Defendants object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                                           - 16 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

Subject to and without waiving any of the aforementioned objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request that are sufficient to show ZoomInfo's written policies and strategy documents regarding identifying new customers, signing new customers, and determining the pricing of customer contracts, to the extent such documents exist, within the Relevant Time Period negotiated by the parties.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to identify any changes, updates, or revisions to ZoomInfo's sales strategy in response to the COVID-19 pandemic, Including the reasons or basis for such changes, updates, or revisions. *See, e.g.*, ¶¶ 119-32.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the phrases "changes, updates, or revisions to ZoomInfo's sales strategy," and "in response to the COVID-19 pandemic." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "any changes, updates, or revisions" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                                    - 17 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications Concerning the increase and/or growth in ZoomInfo's customer base, Including Documents sufficient to identify the reason for such increase and/or growth. *See, e.g.*, ¶¶ 118-119, 162.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the phrases "increase and/or growth in ZoomInfo's customer base" and "the reason for such increase and/or growth." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications Concerning ZoomInfo's Revenue Recognition (Including Variable Consideration and Portfolio Method) and the Company's Policies (Including (policy white papers or revenue recognition memos) for Revenue Recognition (Including Variable Consideration and Portfolio Method), Including Documents sufficient to show that the Company did (or did not) comply with the applicable accounting framework or guidance and Documents Concerning any change in the Company's Revenue Recognition methodology (Including Variable

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                               - 18 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

Consideration and Portfolio Method) contemplated, proposed, or implemented.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "Revenue Recognition," "Variable Consideration," "Portfolio Method," "Company's Policies," "policy white papers," "revenue recognition memos," "comply with the applicable accounting framework or guidance," "change," "Revenue Recognition methodology," and "contemplated, proposed, or implemented." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications," and "any change…contemplated, proposed, or implemented" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications Concerning any processes, systems, or methods used by You to track, monitor, or evaluate customer retention or renewal, Including any reports, presentations, or analyses Relating to customer attrition or a decrease in customer retention or renewals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                  - 19 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "processes, systems, or methods," "track, monitor, or evaluate," "customer retention or renewal," "reports, presentations, or analyses," and "Relating to customer attrition." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications Concerning any executive dashboards, key performance indicators ("KPI") reports, or other recurring reports provided to senior leadership regarding revenue recognition, RPO, customer usage, churn or renewal risk, customer health, collections, or payment-risk indicators.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants further object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "executive dashboards," "key performance indicators ("KPI") reports," "other recurring reports," "senior leadership," and "revenue recognition, RPO, customer usage, churn or renewal risk, customer health, collections, or payment-risk indicators." Defendants object to this Request as overbroad and unduly burdensome, including to the

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPs, SET ONE                                    - 20 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

extent that it seeks "All Documents and Communications" and "Concerning any" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications upon which ZoomInfo relied when stating in their SEC filings that "[t]he Company estimates these amounts based on historical experience and reduces revenue recognized." *See, e.g.*, ¶ 134 n. 14.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the term "relied." Defendants object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                                    - 21 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications Concerning ZoomInfo's RPO, Including any identification, calculations, analyses, evaluations, or projections of RPO, any Policies related thereto, any internal meetings Concerning identification, calculations, analyses, evaluations, or projections of RPO, and any changes to the methodology, inputs, or assumptions used to calculate or forecast RPO during the Class Period, including Documents identifying when such changes occurred and who approved or implemented them.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "RPO," "identification, calculations, analyses, evaluations, or projections of RPO," "Policies related thereto," "any changes to the methodology, inputs, or assumptions," and "approved or implemented them." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" and "Including any" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                              - 22 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications Concerning ZoomInfo's Portfolio Method and Policies Relating to Portfolio Method, Including any analyses, calculations, reviews, or internal meetings to determine the composition of ZoomInfo's portfolio of customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "Portfolio Method," "Policies Relating to Portfolio Method," "analyses, calculations, reviews," and "determine the composition of ZoomInfo's portfolio of customers." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" and "Including any" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request, to the extent such documents exist, within the Relevant Time Period negotiated by the parties.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 23 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show that ZoomInfo's Portfolio Method accounted for (or failed to account for) new customers for which ZoomInfo had not performed any due diligence, analyses, review, or verification of customers' intention to pay, ability to pay, credit history, creditworthiness, financials, or liquidity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "Portfolio Method," "accounted for (or failed to account for)," "new customers," and "due diligence, analyses, review, or verification of customers' intention to pay, ability to pay, credit history, creditworthiness, financials, or liquidity." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to the foregoing general and specific objections, to the extent such documents exist and are located upon a reasonably diligent and proportionate search, Defendants will produce, on a rolling basis, non-privileged documents responsive to this Request that are sufficient to show ZoomInfo's Portfolio Method during the Relevant Time Period negotiated by the parties.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE        - 24 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications concerning any changes to ZoomInfo's sales practices during the Class Period, including changes relating to discount approval thresholds, credit-approval requirements, upfront payment requirements, contract terms, or auto-renewal enforcement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "changes," "sales practices," and "discount approval thresholds, credit-approval requirements, upfront payment requirements, contract terms, or auto-renewal enforcement." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" and "concerning any changes" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to identify the role, responsibilities, or activities of ZoomInfo Employees involved in accounting, tracking, or monitoring the likelihood of payment (or non-payment) of customers.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 25 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "role, responsibilities, or activities," "ZoomInfo Employees," "involved in," and "accounting, tracking, or monitoring the likelihood of payment (or non-payment) of customers." Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request, to the extent such documents exist, within the Relevant Time Period negotiated by the parties.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications Concerning credit memos issued or requested by customers, billing disputes, payment issues, cancellation requests, or auto-renewal, Including all complaint logs, escalation records, and system exports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "credit memos issued or requested by customers," "billing

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                                - 26 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

disputes," "payment issues," "cancellation requests," "auto-renewal," "complaint logs," "escalation records," and "system exports." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" and "Including all…system exports" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications Concerning ZoomInfo's accounts receivable for customer contracts, Including any analyses, review, projection, or internal meetings in connection with accounts receivable that were delinquent and/or were eventually written off as uncollectible or as Bad Debt Expense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "accounts receivable for customer contracts," "analyses, review, projection," "in connection with accounts receivable," "delinquent," "written off as uncollectible," and "Bad Debt Expense." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" and "Including any" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                                    - 27 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications Concerning ZoomInfo's efforts to collect outstanding or delinquent payments from customers, Including (i) Documents sufficient to identify any Debt Collectors, retained or engaged by ZoomInfo to collect outstanding payments from delinquent customers on behalf of ZoomInfo and (ii) Documents Concerning ZoomInfo's sale, transfer, surrender, or dispose of delinquent debt to Debt Collectors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "efforts to collect outstanding or delinquent payments," "Debt Collectors," "retained or engaged," "delinquent customers," "sale, transfer, surrender, or dispose of," and "delinquent debt." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" and "Including any" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                    - 28 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications Concerning the usage, utilization rates, or account health score of the Company's products, Including all projections, analyses, actual results, and internal meetings to review or discuss usage or utilization of the Company's products. *See, e.g.*, ¶¶ 171-175.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "usage," "utilization rates," "account health score," "Company's products," "projections, analyses, actual results," and "review." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" and "Including all" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                                    - 29 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications Concerning any reports, analyses, reviews, or internal meetings held in connection with ZoomInfo's market share and Competitors, Including all Documents that show or identify any erosion of ZoomInfo's market share by the Competitors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "reports, analyses, reviews," "held in connection with ZoomInfo's market share and Competitors," "show or identify any erosion," "ZoomInfo's market share," and "by the Competitors." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" and "Including all" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to the foregoing general and specific objections, to the extent such documents exist and are located upon a reasonably diligent and proportionate search, Defendants will produce, on a rolling basis, non-privileged documents responsive to this Request that are sufficient to show any changes in ZoomInfo's market share, to the extent such documents exist, during the Relevant Time Period negotiated by the parties.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                          - 30 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications Concerning all Customer Disputes, Including Documents and Communications Concerning the termination and/or non-renewal of contracts by customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "Customer Disputes" and "termination and/or non-renewal of contracts by customers." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" and "Concerning all Customer Disputes" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications Concerning all tactics, practices, plans, or actions undertaken by ZoomInfo to retain customers and/or renew customers' contracts, Including ZoomInfo's attempts to enforce the auto-renewal provision in customers' contracts. *See, e.g.*, ¶¶ 178-82.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                    - 31 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "tactics, practices, plans, or actions," "undertaken by ZoomInfo to retain customers and/or renew customers' contracts," and "attempts to enforce the auto-renewal provision in customers' contracts." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" and "all tactics, practices, plans, or actions" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications Concerning marketing surveys conducted by the Company, Including the Marketing Survey referenced in ¶¶ 158-60, Including any notes, minutes, attendance list, or notes for any meeting(s) where any such marketing surveys were presented.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "marketing surveys conducted by the Company," "Marketing Survey referenced in ¶¶ 158-60," and "any meeting(s) where any such marketing surveys were

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                    - 32 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

presented." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" and "marketing surveys conducted by the Company" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications upon which Defendants relied when making public statements during the Class Period Concerning RPO. *See, e.g.*, ¶¶ 254, 263, 274, 276, 283, 288, 298, 300, 309, 311, 313, 317, 321, 323-24, 326-27, 329, 333, 338, 340, 342-43, 345-46, 351-52, 354.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "relied," "public statements," and "Concerning RPO." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                                    - 33 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications Concerning ZoomInfo's SOX Certifications, Including all Documents and Communications supporting Defendants Schuck and Hyzer's signatures and attestation to the SOX Certification. *See, e.g.*, ¶¶ 448-51.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "ZoomInfo's SOX Certifications" and "supporting Defendants Schuck and Hyzer's signatures and attestation." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC
- 34 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications Concerning any SOX control narratives, control matrices, control testing results, identified control deficiencies (including control deficiencies, significant deficiencies and material weaknesses), remediation plans, or discussions of material weaknesses Relating to revenue recognition, RPO, accounts receivable, bad debt expense, credit memos, or collectability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "any SOX control narratives," "control matrices," "control testing results," "identified control deficiencies (including control deficiencies, significant deficiencies and material weaknesses)," "remediation plans," "revenue recognition," "RPO," "accounts receivable," "bad debt expense," "credit memos," and "collectability." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" and "any SOX control narratives, control matrices, control testing results, identified control deficiencies (including control deficiencies, significant deficiencies and material weaknesses), remediation plans, or discussions of material weaknesses" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPs, SET ONE                                    - 35 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications Concerning ZoomInfo's internal audit reports and procedures performed by ZoomInfo's internal auditors regarding ZoomInfo's Revenue Recognition (Including Variable Consideration or Portfolio Method), RPO, accounts receivable, bad debt expense, credit memos, customer collectability, customer data, customer usage, or customer retention during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "internal audit reports and procedures," "performed by ZoomInfo's internal auditors," "regarding ZoomInfo's Revenue Recognition (Including Variable Consideration or Portfolio Method)," and "RPO, accounts receivable, bad debt expense, credit memos, customer collectability, customer data, customer usage, or customer retention." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                    - 36 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications Concerning ZoomInfo's decision to lower revenue guidance on July 31, 2023, May 7, 2024, and August 5, 2024, Including any financial analyses, financial modeling, or financial planning. *See, e.g.,* ¶¶ 378, 386, 393.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "decision to lower revenue guidance" and "analyses, financial modeling, or financial planning." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request, to the extent such documents exist, within the Relevant Time Period negotiated by the parties.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications Concerning any "increased scrutiny" by ZoomInfo's customers, as described by the Company on November 1, 2022 and November 16, 2022. *See, e.g.*, ¶¶ 191, 198-99.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 37 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the term "increased scrutiny." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" and "any increased scrutiny" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications Concerning the $33 million charge announced by You on, which you attributed to "a change in estimates related to the collectability of receivables from customers," Including Documents sufficient to identify the reasons or basis for (i) the $33 million charge and (ii) the requirement of "upfront pre-payment for services from certain smaller customers." *See, e.g.*, ¶¶ 394-95.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "$33 million charge announced by You," "attributed," "the reasons or basis for (i) the $33 million charge and (ii) the requirement of upfront pre-payment for

services from certain smaller customers." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request, to the extent such documents exist, within the Relevant Time Period negotiated by the parties.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications Concerning the Individual Defendants' personnel files or records, Including any personnel files or records, any Employees complaints and any disciplinary records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "personnel files or records," "Employees complaints," and "disciplinary records." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope or subject matter. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                     - 39 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to the aforementioned objections, Defendants do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications Concerning Defendant Hyzer's departure from ZoomInfo and the transition to Michael O'Brien as the interim CFO, Including all reasons for his departure. *See, e.g.*, ¶¶ 226, 456-58.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "departure," "transition," and "reason for departure." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope or subject matter. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to the foregoing general and specific objections, to the extent such documents exist and are located upon a reasonably diligent and proportionate search, Defendants will produce, on a rolling basis, non-privileged documents responsive to this Request that are sufficient to show the date and circumstances of Cameron Hyzer's departure from ZoomInfo as Chief Financial Officer, during the Relevant Time Period negotiated by the parties.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 40 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and Communications Concerning Michael O'Brien's statement during the December 4, 2024 Wells Fargo TMT Summit, as referenced in ¶ 446, Including any internal reports, presentations, or analyses Relating to "incremental weakness" in certain customers in late 2023 and 2024. *See, e.g.*, ¶ 446.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms "incremental weakness," "analyses Relating to incremental weakness," and "certain customers in late 2023 and 2024." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications Concerning the performance, compensation, or incentives of the Individual Defendants, Including performance stock units, bonuses, or other compensation.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC
- 41 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the phrase "performance, compensation, or incentives of the Individual Defendants." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to the foregoing general and specific objections, to the extent such documents exist and are located upon a reasonably diligent and proportionate search, Defendants will produce, on a rolling basis, non-privileged documents responsive to this Request that are sufficient to show the compensation, including any bonuses and stock incentives, received by Henry Schuck, Cameron Hyzer, and Joseph Christopher Hays from ZoomInfo during the Relevant Time Period negotiated by the parties.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications Concerning DO Holdings, Including Documents sufficient to show Defendant Schuck's control over DO Holdings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the term "control over." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                                    - 42 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks information relevant only to claims already dismissed by the Court. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications Concerning TA Associates Management, L.P. and the Carlyle Group Inc., Including Documents sufficient to show their control over ZoomInfo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the term "control over." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent it seeks information relevant only to claims already dismissed by the Court. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 43 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications exchanged between ZoomInfo and KPMG Concerning KPMG's audits of ZoomInfo's Financial Statements (e.g., Revenue Recognition or allowance for doubtful accounts), Including KPMG's review, revision, or approval of ZoomInfo's RPO, as well as all Documents and Communications KPMG requested or received in connection with those audits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the phrases and terms "exchanged between," "KPMG's audits of ZoomInfo's Financial Statements," "e.g., Revenue Recognition or allowance for doubtful accounts," "review, revision, or approval of ZoomInfo's RPO," and "requested or received in connection with those audits." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope or subject matter. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications Concerning any third-party consultants, auditors, advisors, or firms retained to assist with ZoomInfo's market competitiveness, Financial Statements, go-to-market or sales strategy, Revenue Recognition (Including Variable Consideration and Portfolio

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 44 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

Method), and RPO during the Class Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the phrases and terms "third-party consultants, auditors, advisors, or firms," "retained to assist with ZoomInfo's market competitiveness," "Financial Statements," "go-to-market or sales strategy," "Revenue Recognition (Including Variable Consideration and Portfolio Method)," and "RPO." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope or identifying any specific entities. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request on the grounds that it seeks information protected from disclosure by Defendants' and Defendants' customers' applicable privacy rights, as it involves sensitive customer data and financial information.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Concerning ZoomInfo's Policies for preparing, reviewing, editing, approving, modifying, and distributing the Company's press releases, SEC filings, and materials prepared in connection with any Earnings Call, Analyst Call, or other conference call or Meeting with securities analysts, investors, or the media (including any scripts, opening statements, talking points, presentations, questions and answers, or other remarks).

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 45 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the phrases and terms "Policies," "preparing, reviewing, editing, approving, modifying, and distributing," "materials prepared in connection with any Earnings Call, Analyst Call, or other conference call or Meeting with securities analysts, investors, or the media," and "remarks." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" without limitation to a reasonable scope. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to the foregoing general and specific objections, to the extent such documents exist and are located upon a reasonably diligent and proportionate search, Defendants will produce, on a rolling basis, non-privileged documents responsive to this Request that are sufficient to show any of ZoomInfo's policies regarding preparing the Company's press releases, SEC filings, and materials prepared for calls with investors, securities analysts, or the media during the Relevant Time Period negotiated by the parties.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents, Including organizational charts, sufficient to show the reporting structure of ZoomInfo (operating units, divisions, subdivisions, and the relationship between and among them), Including organizational charts and any other Documents: (i) identifying reporting structures within ZoomInfo, Including senior management; (ii) identifying the reporting structures of sales and/or go-to-market organization; (iii) identifying the reporting structures of the finance organization; and (iv) identifying the reporting structures of the accounting organization.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                    - 46 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "reporting structure," "senior management," "finance organization," "sales and/or go-to-market organization," and "accounting organization." Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of the aforementioned objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents sufficient to show the organizational structure of ZoomInfo's senior management, sales and/or go-to-market, finance and accounting organizations, including organizational charts, to the extent such documents exist, within the Relevant Time Period negotiated by the parties.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Communications sufficient to identify the computers, smart phones, tablets, or other mobile devices utilized by the Individual Defendants for voice calls, video call, e-mail, messaging, text messaging, or similar Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that it seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case. Defendants further object to this Request on the grounds that it is overbroad and unduly burdensome. Defendants further object to this Request on the grounds that it seeks information implicating individuals' constitutional

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                    - 47 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

right to privacy.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents Concerning ZoomInfo's Policies for the destruction, retention, and preservation of Documents, as well as Policies involving sources of ESI, Including electronic Communications, mobile device and/or bring-your-own-device ("BYOD"), social media, data from off-boarding employees, remote work, computer usage, auto-delete functions, routine purging, and mailbox size limits during the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "Policies," "involving sources of ESI," "data from off-boarding employees," "computer usage," and "routine purging." Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request as overly broad and unduly burdensome in that it asks for "All Documents" without limitation. Defendants further object to this Request as an inappropriate and premature request for "discovery on discovery" since it seeks information about where and how information is stored or retained without regard to whether such information is relevant. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to the foregoing general and specific objections, to the extent such documents exist and are located upon a reasonably diligent and proportionate search, Defendants will produce, on a rolling basis, non-privileged documents responsive to this Request that are sufficient to show any ZoomInfo policies related to the enumerated topics during the Relevant Time Period negotiated by

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 48 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

the parties.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents You intend to rely upon or contemplate relying on to oppose Lead Plaintiffs' motion for class certification or to contest any element of class certification in this Action, Including the elements of numerosity, commonality, adequacy, typicality, and superiority within the meaning of Rule 23 of the Federal Rules of Civil Procedure, as well as any Documents relied upon or considered by Your class certification expert. This Request is not limited to the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "intend to rely upon or contemplate relying on," "to oppose Lead Plaintiffs' motion for class certification or to contest any element of class certification in this Action," "including elements of numerosity, commonality, adequacy, typicality, and superiority within the meaning of Rule 23 of the Federal Rules of Civil Procedure," and "relied upon or considered by Your class certification expert." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents" without limitation to a reasonable scope. Defendants further object to this Request as premature and inappropriate, as expert discovery and class certification briefing has not yet commenced. Defendants further object to this request to the extent it seeks to impose obligations on the Defendants that exceed those set out in the Governing Rules, including FRCP 26 and the deadlines imposed by the Court for expert discovery and class certification briefing. Defendants further object to this Request to the extent it calls for a legal conclusion. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 49 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**REQUEST FOR PRODUCTION NO. 46:**

All Documents upon which You intend to rely on or contemplate relying on for any of Your defenses to the claims asserted in this Action, Including any affirmative defenses. This Request is not limited to the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the phrase "intend to rely upon or contemplate relying on." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents" without limitation to a reasonable scope. Defendants further object to this Request as premature and inappropriate, as expert discovery and class certification briefing has not yet commenced. Defendants further object to this request to the extent it seeks to impose obligations on the Defendants that exceed those set out in the Governing Rules, including FRCP 26. Defendants further object to this Request to the extent it calls for a legal conclusion. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of the aforementioned objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, non-privileged documents responsive to this Request, to the extent such documents exist, within the Relevant Time Period negotiated by the parties.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents relied upon or used by You in responding to any interrogatory or request for admission to be served by Lead Plaintiffs. This Request is not limited to the Relevant Time Period.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE          - 50 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the term "relied upon." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents" without limitation to a reasonable scope. Defendants further object to this Request to the extent it is redundant or duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request as to the extent it seeks to impose obligations on Defendants that exceed those set out in the Governing Rules, including FRCP 26 and FRCP 33.

Subject to the aforementioned objections, Defendants do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents upon which You intend to rely on or contemplate relying on to oppose Lead Plaintiffs' efforts to establish damages or loss causation. This Request is not limited to the Relevant Time Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the phrase "intend to rely upon or contemplate relying on." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents" without limitation to a reasonable scope. Defendants further object to this Request as premature and inappropriate, as expert discovery and class certification briefing has not yet

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                                    - 51 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

commenced. Defendants further object to this Request to the extent it seeks to impose obligations on the Defendants that exceed those set out in the Governing Rules, including FRCP 26 and the deadlines imposed by the Court for expert discovery and class certification briefing. Defendants further object to this Request to the extent it calls for a legal conclusion. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of the aforementioned objections, Defendants are willing to meet and confer with Plaintiffs regarding appropriate limitations to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents received in response to formal or informal document requests or subpoenas to any non-parties to this Action with respect to this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents that are not relevant to any party's claims or defenses or proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request as to the extent it seeks to impose obligations on Defendants that exceed those set out in the Governing Rules, including FRCP 26 and FRCP 45.

Subject to and without waiving any of their specific or general objections, Defendants will produce all documents produced by any third party in response to a subpoena issued by Defendants in this Action.

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                    - 52 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**REQUEST FOR PRODUCTION NO. 50:**

All Documents Concerning any insurance Policies or agreements that may provide coverage or partial coverage for any Defendants in connection with this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the phrase "may provide." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents Concerning any insurance policy" without limitation to a reasonable scope. Defendants further object to this request to the extent it seeks to impose obligations on the Defendants that exceed those set out in the Governing Rules, including FRCP 26. Defendants further object to this Request to the extent it calls for a legal conclusion. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Subject to and without waiving any of the aforementioned objections, Defendants will conduct a reasonably diligent and proportionate search of documents that are in their possession, custody, or control, and will produce, on a rolling basis, copies of any insurance policies required under FRCP 26, to the extent such documents exist, within the Relevant Time Period negotiated by the parties.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Communications Concerning any lawsuits (including customer arbitrations) against ZoomInfo in the past five years, Including all Documents produced by ZoomInfo in connection with any past or on-going litigation or arbitration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 53 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "lawsuits," "customer arbitrations," "against ZoomInfo," "in connection with any past or on-going litigation or arbitration." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications," "concerning any lawsuits," and "all Documents produced by ZoomInfo in connection with any past or on-going litigation or arbitration," without limitation to a reasonable scope, subject matter, or time period. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request as to the extent it seeks to impose obligations on Defendants that exceed those set out in the Governing Rules, including FRCP 26.

Subject to the aforementioned objections, Defendants do not intend to produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents and Communications exchanged with any Person(s) Concerning the subject matter of this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendants reassert and incorporate by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Defendants object to this Request on the grounds that the Request is vague and ambiguous, including as to the terms and phrases "exchanged" and "concerning the subject matter of this Action." Defendants further object to this Request as overbroad and unduly burdensome, including to the extent that it seeks "All Documents and Communications" and "exchanged with any Person" without limitation to a reasonable scope, subject matter, or time period. Defendants further object to this Request to the extent it is redundant or duplicative of other Requests. Defendants further object to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE                    - 54 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

defenses nor proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Defendants further object to this Request as to the extent it seeks to impose obligations on Defendants that exceed those set out in the Governing Rules, including FRCP 26.

Subject to the aforementioned objections, Defendants do not intend to produce documents in response to this Request.

Dated: December 22, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  */s/ Paul F. Rugani*
Paul F. Rugani (WSBA No. 38664)
prugani@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: +1 206-839-4300
Facsimile: +1 206-839-4301

James N. Kramer (*Pro Hac Vice*)
Alexander K. Talarides (*Pro Hac Vice*)
405 Howard Street
San Francisco, CA 94105
Telephone: +1 415-773-5700
Facsimile: +1 415-773-5957

Molly McCafferty (*Pro Hac Vice*)
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1 650-614-7400
Facsimile: +1 650-614-7401

*Attorneys for Defendants ZoomInfo Technologies Inc., Henry Schuck, Cameron Hyzer, and Joseph Christopher Hays*

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE
CASE NO. 3:24-CV-05739-TMC

- 55 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**PROOF OF SERVICE BY ELECTRONIC MAIL**

I am a citizen of the United States, more than eighteen years old and not a party to this action. My place of employment and business address is Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco, California, 94105-2669, and my e-mail address is lpatts@orrick.com.

On December 22, 2025, I served the following document:

- **DEFENDANTS' OBJECTIONS AND RESPONSES TO LEAD PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-52)**

on the interested parties listed below by transmitting true and correct copies of the documents in Portable Document Format ("pdf") via electronic mail ("e-mail") from the e-mail address lpatts@orrick.com to the following e-mail addresses:

- **SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 22, 2025, at San Francisco, California.


      */s/ Lenny T. Patts*
      LENNY T. PATTS

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPs, SET ONE
CASE NO. 3:24-CV-05739-TMC
- 56 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**SERVICE LIST**

| | |
|---|---|
| Michael P. Canty<br>Michael H. Rogers<br>James T. Christie<br>Jacqueline Meyers<br>Kaicheng Yu<br>**LABATON KELLER SUCHAROW LLP**<br>140 Broadway<br>New York, NY 10005<br>Tel.: 212-907-0878<br>Fax: 212-818-0477<br>Email: mcanty@labaton.com<br>mrogers@labaton.com<br>jmeyers@labaton.com<br>jchristie@labaton.com<br>nyu@labaton.com | Bradley S. Keller<br>Joshua Bacon Selig<br>**BYRNES KELLER CROMWELL LLP**<br>1000 Second Avenue, 38th Floor<br>Seattle, WA 98104<br>Tel: 206-622-2000<br>Fax: 206-622-2522<br>Email: bkeller@byrneskeller.com<br>jselig@byrneskeller.com |

*Counsel for Lead Plaintiffs State Teachers Retirement System of Ohio and Ohio Public Employees Retirement System*

Shawn Busken
**OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF OHIO**
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515
Email: Shawn.Busken@OhioAttorneyGeneral.gov

*Additional Counsel for Lead Plaintiffs*

DEFENDANTS' OBJECTIONS & RESPONSES TO
PLAINTIFFS' RFPS, SET ONE          - 57 -
CASE NO. 3:24-CV-05739-TMC

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

# EXHIBIT C

**From:** Renfro Spencer, Sloan
**To:** Boscolo, Stephen C.
**Cc:** Meyers, Jacqueline R.; Eynon, Tayler K.; Foley, William J.; McCafferty, Molly; Yu, Newton; Liegeois, Tess
**Subject:** RE: [EXTERNAL]3:24-cv-05739-TMC: State Teachers Ret. Sys. of Ohio, et al. v. ZoomInfo Technologies Inc.
**Date:** Thursday, February 26, 2026 10:21:00 AM
**Attachments:** image002.png

---

Caution! This message was sent from outside your organization.                    Allow sender | Block sender | Report

Thank you, Stephen. My last day at Orrick is tomorrow, so my colleagues Molly and Tess will follow-up with their availability.

Best,
Sloan

---

**From:** Boscolo, Stephen C. <sboscolo@labaton.com>
**Sent:** Thursday, February 26, 2026 6:18 AM
**To:** Renfro Spencer, Sloan <srenrospencer@orrick.com>
**Cc:** Meyers, Jacqueline R. <jmeyers@labaton.com>; Eynon, Tayler K. <teynon@labaton.com>; Foley, William J. <wfoley@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Yu, Newton <nyu@labaton.com>; Liegeois, Tess <tliegeois@orrick.com>
**Subject:** Re: [EXTERNAL]3:24-cv-05739-TMC: State Teachers Ret. Sys. of Ohio, et al. v. ZoomInfo Technologies Inc.


**[EXTERNAL]**

Thanks, Sloan.

I think an additional meet and confer would be helpful in light of the below. Please let me know your teams' availability next week.

Best,
Stephen

---

**From:** Renfro Spencer, Sloan <srenrospencer@orrick.com>
**Sent:** Tuesday, February 24, 2026 8:21:32 PM
**To:** Boscolo, Stephen C. <sboscolo@labaton.com>
**Cc:** Meyers, Jacqueline R. <jmeyers@labaton.com>; Eynon, Tayler K. <teynon@labaton.com>; Foley, William J. <wfoley@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Yu, Newton <nyu@labaton.com>; Liegeois, Tess <tliegeois@orrick.com>
**Subject:** RE: [EXTERNAL]3:24-cv-05739-TMC: State Teachers Ret. Sys. of Ohio, et al. v. ZoomInfo Technologies Inc.

Stephen,

Please find below DO Holdings' responses to Lead Plaintiffs' counterproposals. DO Holdings reserves all rights. Please let us know if an additional meet-and-confer would be helpful in light of the responses below.

| Subject | Parties' Stances | Lead Plaintiffs' Proposal (incorporating all defined terms and instructions) | DO Holdings' Response |
|---|---|---|---|
| **Time Period** | DO agreed to consider whether a time period starting on January 1, 2020 and ending a quarter or two after August 5, 2024 was appropriate. If Plaintiffs are not ultimately satisfied with DO's position on that 'default' time period, Lead Plaintiffs agreed to consider whether certain requests would be more susceptible to a longer time period, beginning in 2019, and agreed to provide a written proposal and list of requests falling within this category. | Lead Plaintiffs agree to a Relevant Time Period of January 1, 2020 through November 3, 2024 on the condition that certain Requests have a Relevant Time Period starting on January 1, 2019. | DO Holdings agrees to a Relevant Time Period of January 1, 2020 through November 3, 2024. DO Holdings further agrees to consider different time periods for specific requests but will not agree that January 1, 2019 is an appropriate start to the relevant time period for any of the Requests. |
| **Document Request No. 1:** All Documents and Communications Concerning the relationship between DO Holdings and ZoomInfo, Defendant Schuck, Defendant Hyzer, Defendant Hays, and Kirk Brown, Including DO Holdings' power or control over ZoomInfo, its officers, and directors during the Relevant Time Period | DO agreed to consider a proportionally tailored written proposal to identify responsive documents and communications concerning the relationship between DO and ZoomInfo, Defendant Schuck, Defendant Hyzer, Defendant Hays, and Kirk Brown, Including DO's power or control over ZoomInfo, its officers, and directors. Lead Plaintiffs stated that they would respond with such a proposal.<br><br>DO's position remains that information about any such "relationship" is vague, ambiguous, not proportional to the needs of the case, and otherwise seeks irrelevant information. | All Documents and Communications sufficient to show:<br><br>1. the degree of control to which Defendant Schuck, Defendant Hyzer, Defendant Hays, and Kirk Brown exercised over DO Holdings, Including DO Holdings' ability to purchase or sell stock, and;<br>2. DO Holdings' power or control over ZoomInfo, its officers, and directors during the Relevant Time Period. | DO Holdings agrees to Lead Plaintiffs' proposal, subject to the written objections in DO Holdings' responses and objections. |
| **Document Request No. 2:** All Documents and Communications Concerning DO Holdings' sale of ZoomInfo common stock during the Relevant Time Period, Including Defendant Schuck's ownership and/or involvement in such stock sales | DO agreed to produce non-privileged documents responsive to this Request that are sufficient to identify Mr. Schuck's ownership or involvement in such stock sales. DO stated at this time it would defer its positions on whether it would produce ESI communications. | Lead Plaintiffs appreciate DO's willingness to produce certain documents. However, Lead Plaintiffs cannot and will not accept a proposal, even in the interim, that does not include Communications in DO's possession, custody, or control concerning Defendant Schuck's ownership and/or involvement in such ZoomInfo stock sales. Such documents are relevant because, among other things, DO may have purchased or sold stock at the direction of | DO Holdings agrees to Lead Plaintiffs' proposal, subject to the written objections in DO Holdings' responses and objections. DO Holdings will produce all non-privileged Communications and Documents in DO Holdings' possession, custody, or control concerning Defendant Schuck's ownership and/or involvement in such stock sales. |

| | | Defendant Schuck, which would bear on the question of Defendant Schuck's scienter.<br><br>Please let us know if DO will produce all Communications and Documents in DO's possession, custody, or control concerning Defendant Schuck's ownership and/or involvement in such stock sales. Otherwise, we are at an impasse. | |
|---|---|---|---|
| **Document Request No. 3**:<br>All Documents sufficient to identify the names of Employees at DO Holdings who interacted with or otherwise Communicated with ZoomInfo, TA Associates, and/or Carlyle Group during the Relevant Time Period. | DO stated that to the best of its knowledge at the time of the meet and confer, the only persons who would potentially be "Employees" (and custodians) of DO would be Henry Schuck and Kirk Brown. | Lead Plaintiffs acknowledge this response and reserve all rights. Please identify at your earliest convenience whether Mr. Schuck and Mr. Brown used ZoomInfo-associated, DO associated, or personal email addresses to conduct business on behalf of DO. | DO Holdings is working diligently on Lead Plaintiffs' request. |
| **Document Request No. 4**:<br>All Documents and Communications sufficient to identify the beneficial owner of ZoomInfo shares held, purchased, or sold by DO Holdings during the Relevant Time Period. | Subject to its written responses and objections, DO stated it would conduct a reasonably diligent search and will produce, on a rolling basis, non-privileged responsive documents in DO's possession, custody, or control. | Lead Plaintiffs accept this proposal and looks forward to receiving documents. | N/A |
| **Document Request No. 5**:<br>All Documents and Communications Concerning a 10b5-1 trading plan (or lack thereof) adopted by DO Holdings during the Relevant Time Period. | DO agreed to produce, on a rolling basis, non-privileged documents responsive to this Request that are sufficient to identify any 10b5-1 trading plans adopted by DO. If, after DO completes any such production, Plaintiffs believe they are entitled to additional documents to satisfy this request, DO stated it would consider a proportionally tailored written proposal to identify additional responsive documents and communications concerning any adoptions of 10b5-1 trading plan by DO. Lead Plaintiffs stated that they would respond with such a proposal. | Lead Plaintiffs appreciate DO's willingness to produce certain documents. However, Lead Plaintiffs cannot and will not accept a proposal, even in the interim, that does not include Communications in DO's possession, custody, or control concerning a 10b5-1 trading plan (or lack thereof) adopted by DO Holdings. Such documents are relevant because, among other things, DO may have purchased or sold ZoomInfo stock at the direction of Defendant Schuck, or adopted a 105b-1 plan due to insider knowledge possessed by Defendant Schuck, which would bear on the question of Defendant Schuck's scienter.<br><br>Please let us know if DO will produce all Communications and Documents in DO's possession, custody, or control concerning a 10b5-1 trading plan (or lack thereof) adopted by DO Holdings. Otherwise, we are at an impasse. | DO Holdings agrees to Lead Plaintiffs' proposal, subject to the written objections in DO Holdings' responses and objections. DO Holdings will produce all non-privileged Communications and Documents in its possession, custody, or control concerning a 10b5-1 trading plan (or lack thereof) adopted by DO Holdings during the Relevant Time Period of January 1, 2020 through November 3, 2024. |
| **Document Request No. 6**:<br>All Documents sufficient to identify All affiliates and subsidiaries associated with and/or controlled by DO Holdings. | DO stated that there are no affiliates or subsidiaries associated with and/or controlled by DO Holdings, so DO Holdings is not in possession of documents responsive to this Request. | Lead Plaintiffs acknowledge this response and reserve all rights. | N/A |
| **Document Request No. 7**:<br>All Documents and Communications Concerning ZoomInfo's "growth and customer demand," Including All metrics and reports Relating to ZoomInfo's revenue. | DO stated it would consider a proportionally tailored written proposal to identify relevant and responsive documents and communications concerning ZoomInfo's growth and customer demand not in the possession, custody, or control of ZoomInfo or otherwise publicly available. Lead Plaintiffs stated that they would respond with such a proposal. | All Documents and Communications created or commissioned by DO Holdings or its employees, consultants, or agents Concerning ZoomInfo's "growth and customer demand," Including All metrics and reports Relating to ZoomInfo's revenue.<br><br>The Relevant Time Period for this Request is January 1, 2019 through November 3, 2024. | Subject to the written objections in DO Holdings' responses and objections, DO Holdings agrees to produce all non-privileged Documents and Communications created or commissioned by DO Holdings or its employees, consultants, or agents Concerning ZoomInfo's "growth and customer demand," Including All metrics and reports Relating to ZoomInfo's revenue.<br><br>However, DO Holdings will not agree that January 1, 2019 through November 3, 2024 is an appropriate Relevant Time Period for this Request. Lead Plaintiffs have not explained the relevance of documents sought by this Request that were created nearly two years prior to the start of the class period and 17 months before ZoomInfo's IPO. DO Holdings agrees to provide non-privileged, responsive documents dated January 1, 2020 through November 3, 2024. |
| **Document Request No. 8**:<br>All Documents and Communications Concerning DO Holdings' sale of ZoomInfo shares in the August 6, 2021 secondary offering, Including total proceeds obtained by DO Holdings. | DO stated it would consider a proportionally tailored written proposal to identify relevant and responsive documents and communications concerning DO Holdings' sale of ZoomInfo shares in the August 6, 2021 secondary offering. Lead Plaintiffs stated that they would respond with such a proposal. | All Documents and Communications Concerning:<br><br>1. Any decision made by DO Holdings or an individual with control or power over DO Holdings to purchase or sell stock in connection with ZoomInfo's August 6, 2021 secondary offering.<br>2. The total proceeds obtained by DO holding in connection with sale of the August 6, 2021 secondary offering. | DO Holdings agrees to Lead Plaintiffs' proposal, subject to the written objections in DO Holdings' responses and objections and a relevant time period of January 1, 2021 through December 31, 2021. DO Holdings will produce all non-privileged Documents and Communications Concerning: 1) Any decision made by DO Holdings or an individual with control or power over DO Holdings to purchase or sell stock in connection with ZoomInfo's August 6, 2021 secondary offering; and 2) The total proceeds obtained by DO Holdings in connection with sale of the August 6, 2021 secondary offering. |
| **Document Request No. 9**: | DO stated that while it would consider a | All Documents and Communications between | DO Holdings does not agree to Lead Plaintiffs' |

| | | | |
|---|---|---|---|
| All Documents and Communications between TA Associates, Carlyle Group, and/or DO Holdings Concerning ZoomInfo. | proportionally tailored written proposal to identify relevant and responsive documents and communications, it did not see the relevance of this Request and at this point did not intend to produce documents in response to this Request. Lead Plaintiffs stated they would offer a more targeted proposal. | TA Associates, Carlyle Group, and/or DO Holdings Concerning ZoomInfo's growth, demand, or process of recognizing revenue, Including the reporting of RPO. The Relevant Time Period for this Request is January 1, 2019 through November 3, 2024. | proposal and stands on its written responses and objections. Lead Plaintiffs' proposal remains overly broad and unduly burdensome and seeks irrelevant information, both in terms of the substance of the request and the proposed relevant time period. DO Holdings does not intend to produce documents responsive to this Request. |

Best,
Sloan

**From:** Renfro Spencer, Sloan <srenfrospencer@orrick.com>
**Sent:** Friday, February 20, 2026 6:55 PM
**To:** Boscolo, Stephen C. <sboscolo@labaton.com>
**Cc:** Meyers, Jacqueline R. <jmeyers@labaton.com>; Eynon, Tayler K. <teynon@labaton.com>; Foley, William J. <wfoley@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Yu, Newton <nyu@labaton.com>
**Subject:** Re: [EXTERNAL]3:24-cv-05739-TMC: State Teachers Ret. Sys. of Ohio, et al. v. ZoomInfo Technologies Inc.

Thank you, Stephen. We plan to send you our responses to your counterproposals by early next week and will let you know if an additional meet and confer would be helpful.

Hope you have a nice weekend too.

Best,
Sloan

**From:** Boscolo, Stephen C. <sboscolo@labaton.com>

**Sent:** Friday, February 20, 2026 6:50:07 PM
**To:** Renfro Spencer, Sloan <srenfrospencer@orrick.com>
**Cc:** Meyers, Jacqueline R. <jmeyers@labaton.com>; Eynon, Tayler K. <teynon@labaton.com>; Foley, William J. <wfoley@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Yu, Newton <nyu@labaton.com>
**Subject:** RE: [EXTERNAL]3:24-cv-05739-TMC: State Teachers Ret. Sys. of Ohio, et al. v. ZoomInfo Technologies Inc.


**[EXTERNAL]**

Sloan,

Hope you had a nice week. I'm reaching out to follow up on the below and see if you have had a chance to discuss our counterproposal. I'm available early next week if a meet and confer would be helpful. I hope you have a nice weekend.

Best,
Stephen

**From:** Boscolo, Stephen C.
**Sent:** Friday, February 13, 2026 1:56 PM
**To:** 'Renfro Spencer, Sloan' <srenfrospencer@orrick.com>
**Cc:** Meyers, Jacqueline R. <jmeyers@labaton.com>; Eynon, Tayler K. <teynon@labaton.com>; Foley, William J. <wfoley@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Yu, Newton <nyu@labaton.com>
**Subject:** RE: [EXTERNAL]3:24-cv-05739-TMC: State Teachers Ret. Sys. of Ohio, et al. v. ZoomInfo Technologies Inc.

Sloan,

Thanks for this. Below, please find Lead Plaintiffs' proposal to narrow the issues you identified on the last meet and confer. Please note that our proposals are not alterations of the requests in the subpoena, but rather good-faith efforts to narrow the documents the requests call for— so while the proposals may indicate multiple categories of documents, they all call for a subset of documents each original Document Requests sought. Let me know an additional meet and confer would be productive.

Best,
Stephen

| Subject | Parties' Stances | Lead Plaintiffs' Proposal (incorporating all defined terms and instructions) |
|---|---|---|
| **Time Period** | DO agreed to consider whether a time period starting on January 1, 2020 and ending a quarter or two after August 5, 2024 was appropriate. If Plaintiffs are not ultimately satisfied with DO's position on that 'default' time period, Lead Plaintiffs agreed to consider whether certain requests would be more susceptible to a longer time period, beginning in 2019, and agreed to provide a written proposal and list of requests falling within this category. | Lead Plaintiffs agree to a Relevant Time Period of January 1, 2020 through November 3, 2024 on the condition that certain Requests have a Relevant Time Period starting on January 1, 2019. |
| **Document Request No. 1**: All Documents and Communications Concerning the relationship between DO Holdings and ZoomInfo, Defendant Schuck, Defendant Hyzer, Defendant Hays, and Kirk Brown, Including DO Holdings' power or control over ZoomInfo, its officers, and directors during the Relevant Time Period | DO agreed to consider a proportionally tailored written proposal to identify responsive documents and communications concerning the relationship between DO and ZoomInfo, Defendant Schuck, Defendant Hyzer, Defendant Hays, and Kirk Brown, Including DO's power or control over ZoomInfo, its officers, and directors. Lead Plaintiffs stated that they would respond with such a proposal.<br><br>DO's position remains that information about any such "relationship" is vague, ambiguous, not proportional to the needs of the case, and otherwise seeks irrelevant information. | All Documents and Communications sufficient to show:<br><br>1. the degree of control to which Defendant Schuck, Defendant Hyzer, Defendant Hays, and Kirk Brown exercised over DO Holdings, Including DO Holdings' ability to purchase or sell stock, and;<br>2. DO Holdings' power or control over ZoomInfo, its officers, and directors during the Relevant Time Period. |
| **Document Request No. 2**: | DO agreed to produce non- | Lead Plaintiffs appreciate DO's |

| | | |
|---|---|---|
| All Documents and Communications Concerning DO Holdings' sale of ZoomInfo common stock during the Relevant Time Period, Including Defendant Schuck's ownership and/or involvement in such stock sales | privileged documents responsive to this Request that are sufficient to identify Mr. Schuck's ownership or involvement in such stock sales. DO stated at this time it would defer its positions on whether it would produce ESI communications. | willingness to produce certain documents. However, Lead Plaintiffs cannot and will not accept a proposal, even in the interim, that does not include Communications in DO's possession, custody, or control concerning Defendant Schuck's ownership and/or involvement in such ZoomInfo stock sales. Such documents are relevant because, among other things, DO may have purchased or sold stock at the direction of Defendant Schuck, which would bear on the question of Defendant Schuck's scienter. Please let us know if DO will produce all Communications and Documents in DO's possession, custody, or control concerning Defendant Schuck's ownership and/or involvement in such stock sales. Otherwise, we are at an impasse. |
| **Document Request No. 3**: All Documents sufficient to identify the names of Employees at DO Holdings who interacted with or otherwise Communicated with ZoomInfo, TA Associates, and/or Carlyle Group during the Relevant Time Period. | DO stated that to the best of its knowledge at the time of the meet and confer, the only persons who would potentially be "Employees" (and custodians) of DO would be Henry Schuck and Kirk Brown. | Lead Plaintiffs acknowledge this response and reserve all rights. Please identify at your earliest convenience whether Mr. Schuck and Mr. Brown used ZoomInfo-associated, DO associated, or personal email addresses to conduct business on behalf of DO. |
| **Document Request No. 4**: All Documents and Communications sufficient to identify the beneficial owner of ZoomInfo shares held, purchased, or sold by DO Holdings during the Relevant Time Period. | Subject to its written responses and objections, DO stated it would conduct a reasonably diligent search and will produce, on a rolling basis, non-privileged responsive documents in DO's possession, custody, or control. | Lead Plaintiffs accept this proposal and looks forward to receiving documents. |
| **Document Request No. 5**: All Documents and Communications Concerning a 10b5-1 trading plan (or lack thereof) adopted by DO Holdings during the Relevant Time Period. | DO agreed to produce, on a rolling basis, non-privileged documents responsive to this Request that are sufficient to identify any 10b5-1 trading plans adopted by DO. If, after DO completes any such production, Plaintiffs believe they are entitled to additional documents to satisfy this request, DO stated it would consider a proportionally tailored written proposal to identify additional responsive documents and communications concerning any adoptions of 10b5-1 trading plan by DO. Lead Plaintiffs stated that they would respond with such a proposal. | Lead Plaintiffs appreciate DO's willingness to produce certain documents. However, Lead Plaintiffs cannot and will not accept a proposal, even in the interim, that does not include Communications in DO's possession, custody, or control concerning a 10b5-1 trading plan (or lack thereof) adopted by DO Holdings. Such documents are relevant because, among other things, DO may have purchased or sold ZoomInfo stock at the direction of Defendant Schuck, or adopted a 105b-1 plan due to insider knowledge possessed by Defendant Schuck, which would bear on the question of Defendant Schuck's scienter. Please let us know if DO will produce all Communications and Documents in DO's possession, custody, or control concerning a 10b5-1 trading plan (or lack thereof) adopted by DO Holdings. Otherwise, we are at an impasse. |
| **Document Request No. 6**: All Documents sufficient to | DO stated that there are no affiliates or subsidiaries | Lead Plaintiffs acknowledge this response and reserve all |

| | associated with and/or controlled by DO Holdings, so DO Holdings is not in possession of documents responsive to this Request. | rights. |
|---|---|---|
| identify All affiliates and subsidiaries associated with and/or controlled by DO Holdings. | | |
| **Document Request No. 7**: All Documents and Communications Concerning ZoomInfo's "growth and customer demand," Including All metrics and reports Relating to ZoomInfo's revenue. | DO stated it would consider a proportionally tailored written proposal to identify relevant and responsive documents and communications concerning ZoomInfo's growth and customer demand not in the possession, custody, or control of ZoomInfo or otherwise publicly available. Lead Plaintiffs stated that they would respond with such a proposal. | All Documents and Communications created or commissioned by DO Holdings or its employees, consultants, or agents Concerning ZoomInfo's "growth and customer demand," Including All metrics and reports Relating to ZoomInfo's revenue.<br><br>The Relevant Time Period for this Request is January 1, 2019 through November 3, 2024. |
| **Document Request No. 8**: All Documents and Communications Concerning DO Holdings' sale of ZoomInfo shares in the August 6, 2021 secondary offering, Including total proceeds obtained by DO Holdings. | DO stated it would consider a proportionally tailored written proposal to identify relevant and responsive documents and communications concerning DO Holdings' sale of ZoomInfo shares in the August 6, 2021 secondary offering. Lead Plaintiffs stated that they would respond with such a proposal. | All Documents and Communications Concerning:<br><br>1. Any decision made by DO Holdings or an individual with control or power over DO Holdings to purchase or sell stock in connection with ZoomInfo's August 6, 2021 secondary offering.<br>2. The total proceeds obtained by DO holding in connection with sale of the August 6, 2021 secondary offering. |
| **Document Request No. 9**: All Documents and Communications between TA Associates, Carlyle Group, and/or DO Holdings Concerning ZoomInfo. | DO stated that while it would consider a proportionally tailored written proposal to identify relevant and responsive documents and communications, it did not see the relevance of this Request and at this point did not intend to produce documents in response to this Request. Lead Plaintiffs stated they would offer a more targeted proposal. | All Documents and Communications between TA Associates, Carlyle Group, and/or DO Holdings Concerning ZoomInfo's growth, demand, or process of recognizing revenue, Including the reporting of RPO.<br><br>The Relevant Time Period for this Request is January 1, 2019 through November 3, 2024. |

**From:** Renfro Spencer, Sloan <srenfrospencer@orrick.com>
**Sent:** Monday, February 9, 2026 9:23 PM
**To:** Boscolo, Stephen C. <sboscolo@labaton.com>
**Cc:** Meyers, Jacqueline R. <jmeyers@labaton.com>; Eynon, Tayler K. <teynon@labaton.com>; Foley, William J. <wfoley@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Yu, Newton <nyu@labaton.com>
**Subject:** RE: [EXTERNAL]3:24-cv-05739-TMC: State Teachers Ret. Sys. of Ohio, et al. v. ZoomInfo Technologies Inc.

Stephen,

Thank you for your DO Holdings meet-and-confer summary. Below are our clarifications in red. Please note that DO Holdings' positions as outlined below remain subject to its written objections.

DO Holdings reserves all rights and looks forward to reviewing Lead Plaintiffs' written counterproposals.

*****

Time Period:
DO agreed to consider whether a time period starting on January 1, 2020 and ending a quarter or two after August 5, 2024 was appropriate. If Plaintiffs are not ultimately satisfied with DO's position on that 'default' time period, Lead Plaintiffs agreed to consider whether certain requests would be more susceptible to a longer time period, beginning in 2019, and agreed to provide a written proposal and list of requests falling within this category.

Document Request No. 1:
DO agreed to consider a proportionally tailored written proposal to identify responsive documents and communications concerning the relationship between DO and ZoomInfo, Defendant Schuck, Defendant Hyzer, Defendant Hays, and Kirk Brown, Including DO's power or control over ZoomInfo, its officers, and directors.

Lead Plaintiffs stated that they would respond with such a proposal.

**@Stephen**: To clarify, Plaintiffs' anticipated counterproposal should include (but not be limited to) a proposal specifically narrowing the request for information about the "relationship" between DO and these parties, as DO's position remains that information about any such "relationship" is vague, ambiguous, not proportional to the needs of the case, and otherwise seeks irrelevant information.

Document Request No. 2:
DO agreed to produce non-privileged documents responsive to this Request that are sufficient to identify Mr. Schuck's ownership or involvement in such stock sales. DO stated at this time it would defer its positions on whether it would produce ESI communications.

Document Request No. 3:
DO stated that to the best of its knowledge at the time of the meet and confer, the only persons who would potentially be "Employees" (and custodians) of DO would be Henry Schuck and Kirk Brown.

Document Request No. 4:
Subject to its written responses and objections, DO stated it would conduct a reasonably diligent search and will produce, on a rolling basis, non-privileged responsive documents in DO's possession/custody/control.

Document Request No. 5:
DO agreed to produce, on a rolling basis, non-privileged documents responsive to this Request that are sufficient to identify any 10b5-1 trading plans adopted by DO. If, after DO completes any such production, Plaintiffs believe they are entitled to additional documents to satisfy this request, DO stated it would consider a proportionally tailored written proposal to identify additional responsive documents and communications concerning any adoptions of 10b5-1 trading plan by DO. Lead Plaintiffs stated that they would respond with such a proposal.

Document Request No. 6:
DO stated that there are no affiliates or subsidiaries associated with and/or controlled by DO Holdings, so DO Holdings is not in possession of documents responsive to this Request.

Document Request No. 7:
DO stated it would consider a proportionally tailored written proposal to identify relevant and responsive documents and communications concerning ZoomInfo's growth and customer demand not in the possession, custody, or control of ZoomInfo or otherwise publicly available. Lead Plaintiffs stated that they would respond with such a proposal.

Document Request No. 8:
DO stated it would consider a proportionally tailored written proposal to identify relevant and responsive documents and communications concerning DO Holdings' sale of ZoomInfo shares in the August 6, 2021 secondary offering. Lead Plaintiffs stated that they would respond with such a proposal.

Document Request No. 9:
DO stated that while it would consider a proportionally tailored written proposal to identify relevant and responsive documents and communications, it did not see the relevance of this Request and at this point did not intend to produce documents in response to this Request. Lead Plaintiffs stated they would offer a more targeted proposal.

Best,
Sloan

**From:** McCafferty, Molly <mmccafferty@orrick.com>
**Sent:** Friday, February 6, 2026 10:47 PM
**To:** Boscolo, Stephen C. <sboscolo@labaton.com>; Renfro Spencer, Sloan <srenfrospencer@orrick.com>; Yu, Newton <nyu@labaton.com>
**Cc:** Meyers, Jacqueline R. <jmeyers@labaton.com>; Eynon, Tayler K. <teynon@labaton.com>; Foley, William J. <wfoley@orrick.com>
**Subject:** RE: [EXTERNAL]3:24-cv-05739-TMC: State Teachers Ret. Sys. of Ohio, et al. v. ZoomInfo Technologies Inc.

Thanks, Stephen. We have a few clarifications to the below, which we'll send over on Monday. (To preview, we do not think our forthcoming clarifications present substantive differences from what you've set out below.)

Have a nice weekend,

**Molly McCafferty**
mmccafferty@orrick.com

**From:** Boscolo, Stephen C. <sboscolo@labaton.com>
**Sent:** Thursday, February 5, 2026 10:05 AM
**To:** Renfro Spencer, Sloan <srenfrospencer@orrick.com>; Yu, Newton <nyu@labaton.com>
**Cc:** Meyers, Jacqueline R. <jmeyers@labaton.com>; Eynon, Tayler K. <teynon@labaton.com>; McCafferty, Molly <mmccafferty@orrick.com>; Foley, William J. <wfoley@orrick.com>
**Subject:** RE: [EXTERNAL]3:24-cv-05739-TMC: State Teachers Ret. Sys. of Ohio, et al. v. ZoomInfo Technologies Inc.

Sloan,

Thanks so much for taking the time to speak with Lead Plaintiffs yesterday. Here is a list of where we stand so we can continue to move the ball forward- let me know if you disagree with any of the characterizations.

Time Period:

DO agreed to consider whether a time period starting on January 1, 2020 and ending a quarter or two after August 5, 2024 was appropriate. Lead Plaintiffs agreed to consider whether certain requests would be more susceptible to a longer time period, beginning in 2019, and agreed to provide a proposal and list of requests falling within this category.

Document Request No. 1:
DO agreed to consider a proportionally tailored proposal to identify responsive documents and communications concerning the relationship between DO and ZoomInfo, Defendant Schuck, Defendant Hyzer, Defendant Hays, and Kirk Brown, Including DO's power or control over ZoomInfo, its officers, and directors. Lead Plaintiffs stated that they would respond with such a proposal.

**Document Request No. 2:**
DO agreed to produce non-privileged documents responsive to this Request that are sufficient to identify Mr. Schuck's ownership or involvement in such stock sales. DO stated at this time it would defer its positions on whether it would produce ESI communications.

**Document Request No. 3:**
DO stated that to the best of its knowledge at the time of the meet and confer, the only persons who would potentially be "Employees" (and custodians) of DO would be Henry Schuck and Kirk Brown.

**Document Request No. 4:**
DO stated it would conduct a reasonably diligent search and will produce, on a rolling basis, responsive documents in DO's possession/custody control.

**Document Request No. 5:**
DO agreed to produce, on a rolling basis, non-privileged documents responsive to this Request that are sufficient to identify any 10b5-1 trading plans adopted by DO. DO stated it would consider a proportionally tailored proposal to identify additional responsive documents and communications concerning any adoptions of 10b5-1 trading plan by DO. Lead Plaintiffs stated that they would respond with such a proposal.

**Document Request No. 6:**
DO stated that there are no affiliates or subsidiaries associated with and/or controlled by DO Holdings, so DO Holdings is not in possession of documents responsive to this Request.

**Document Request No. 7:**
DO stated it would consider a proportionally tailored proposal to identify relevant and responsive documents and communications concerning ZoomInfo's growth and customer demand not in the possession, custody, or control of ZoomInfo. Lead Plaintiffs stated that they would respond with such a proposal.

**Document Request No. 8:**
DO stated it would consider a proportionally tailored proposal to identify relevant and responsive documents and communications concerning DO Holdings' sale of ZoomInfo shares in the August 6, 2021 secondary offering. Lead Plaintiffs stated that they would respond with such a proposal.

**Document Request No. 9:**
DO stated that while it would consider a proportionally tailored proposal to identify relevant and responsive documents and communications, it did not see the relevance of this Request and at this point did not intend to produce documents in response to this Request. Lead Plaintiffs stated they would offer a more targeted proposal.

Lead Plaintiffs reserve all rights and look forward DO's forthcoming production(s) and additional correspondence concerning the subpoena.

Best,
Stephen

---

**From:** Renfro Spencer, Sloan <srenfrospencer@orrick.com>
**Sent:** Thursday, January 29, 2026 3:04 PM
**To:** Yu, Newton <nyu@labaton.com>
**Cc:** Meyers, Jacqueline R. <jmeyers@labaton.com>; Boscolo, Stephen C. <sboscolo@labaton.com>; Eynon, Tayler K. <teynon@labaton.com>; McCafferty, Molly <mmccafferty@orrick.com>; Foley, William J. <wfoley@orrick.com>
**Subject:** RE: [EXTERNAL]3:24-cv-05739-TMC: State Teachers Ret. Sys. of Ohio, et al. v. ZoomInfo Technologies Inc.

Hi Newton,

We're available to meet and confer next week at the following times:
- Wednesday, 2/4 from 12-5PM ET
- Thursday, 2/5 from 12-1PM or 4-6PM ET

Best,
Sloan

---

**From:** Yu, Newton <nyu@labaton.com>
**Sent:** Wednesday, January 28, 2026 4:56 PM
**To:** Renfro Spencer, Sloan <srenfrospencer@orrick.com>
**Cc:** Meyers, Jacqueline R. <jmeyers@labaton.com>; Boscolo, Stephen C. <sboscolo@labaton.com>; Eynon, Tayler K. <teynon@labaton.com>
**Subject:** RE: [EXTERNAL]3:24-cv-05739-TMC: State Teachers Ret. Sys. of Ohio, et al. v. ZoomInfo Technologies Inc.

**[EXTERNAL]**

Hi Sloan,

Thank you for sending the responses and objections.  We would like to have a meet and confer to discuss further.

Are you available later this week or next week?  Please provide a few times that work for you, and we will circulate an invite.

Best,
Newton

---

**From:** Renfro Spencer, Sloan <srenfrospencer@orrick.com>
**Sent:** Monday, January 19, 2026 9:50 PM
**To:** Canty, Michael P. <mcanty@labaton.com>; Rogers, Michael H. <mrogers@labaton.com>; Meyers, Jacqueline R. <jmeyers@labaton.com>; Christie, James <jchristie@labaton.com>; bkeller@byrneskeller.com; jselig@byrneskeller.com; Yu, Newton <nyu@labaton.com>; Shawn.Busken@OhioAttorneyGeneral.gov
**Cc:** Kramer, James N. <jkramer@orrick.com>; Rugani, Paul F. <prugani@orrick.com>; Talarides, Alex <atalarides@orrick.com>; Foley, William J. <wfoley@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; McAlevey, Harry <hmcalevey@orrick.com>; Kuethman, Kathryn <kkuethman@orrick.com>
**Subject:** [EXTERNAL]3:24-cv-05739-TMC: State Teachers Ret. Sys. of Ohio, et al. v. ZoomInfo Technologies Inc.

Counsel:

Attached for service, please find non-party DO Holdings (WA), LLC's Objections and Responses to Lead Plaintiffs' Subpoena to Produce Documents.

Best,
Sloan

**Sloan Renfro Spencer**
Managing Associate
Orrick
Washington, D.C.    ⓥ
T +1 (202) 339-8576
srenfrospencer@orrick.com

Admitted in New York and the District of Columbia.

 <!--[if !vml]--><!--[endif]-->

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

***Privilege and Confidentiality Notice*** This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use,

dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

# EXHIBIT D

THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE TEACHERS RETIREMENT SYSTEM
OF OHIO, et al., on Behalf of
Itself and All Others Similarly Situated,

Plaintiff,

v.

ZOOMINFO TECHNOLOGIES INC., et al.,

Defendants.

No. 3:24-cv-05739-TMC

**TA ASSOCIATES MANAGEMENT, L.P.'S OBJECTIONS AND RESPONSES TO LEAD PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS**

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – i
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

TA Associates Management, L.P. ("TA Associates"), by and through its undersigned attorneys, hereby objects and responds to Lead Plaintiffs' Subpoena To Produce Documents (the "Subpoena") and the Requests on Schedule A (the "Requests" and each "a Request"), which Lead Plaintiffs State Teachers Retirement of Ohio and Ohio Public Employees Retirement System (collectively, "Plaintiffs") served in the above-captioned action (the "Action"), as follows:

**PRELIMINARY STATEMENT**

TA Associates makes these Objections and Responses solely for the purpose of this Action. The Court dismissed the claims against TA Associates, The Carlyle Group, Inc. ("Carlyle"), and DO Holdings (WA), LLC ("DO Holdings") from this Action in its Order, dated October 28, 2025 (the "MTD Order"), and Plaintiffs subsequently informed the Court that they do not intend to pursue claims against TA Associates or the other entities at this time. TA Associates thus is no longer a party to this Action, and there are no claims or defenses in this Action that relate to or concern TA Associates. The Requests are improper to the extent they seek documents and information concerning solely TA Associates and/or the dismissed claims against TA Associates.

These Objections and Responses reflect TA Associates' continuing investigation of facts, information, and documents relating to the claims and defenses currently at issue in the Action and are based only upon TA Associates' present, actual knowledge and reasonable belief. The Objections and Responses are at all times subject to such additional or different information as further investigation may disclose and, while based on the present state of TA Associates' recollection, are subject to such refreshing of recollection, and such additional knowledge of fact, as may result from TA Associates' further investigation. TA Associates expressly reserves the right to amend, limit, supplement, and correct its Objections and Responses, as necessary or appropriate, as it learns further information. TA Associates reserves the right to rely on, at any time, subsequently discovered information of which TA Associates is currently unaware, as well as information omitted from these Objections and Responses as a result of mistake, error, oversight, or inadvertence.

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 1
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

TA Associates' Objections and Responses to the Requests are not an admission of matters stated, implied, or assumed by any or all of the Requests. Unless expressly stated, TA Associates does not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests. Accordingly, Plaintiffs shall not construe TA Associates' response or objection to any Request as an admission that TA Associates accepts or admits the existence of any facts assumed by the Requests, and Plaintiffs shall not construe any response or objection as admissible evidence of any such assumed facts. Nothing in these Objections and Responses shall be deemed an admission by TA Associates regarding the existence of any information or documents, the relevance, authenticity, materiality, or admissibility of any information or documents for any purpose, or the truth or accuracy of any statement or characterization contained in any Request. TA Associates expressly reserves the right to object to the use of these Responses, the subject matter contained herein, or any documents produced in connection herewith during any subsequent proceeding, including during trial of this or any other action.

## GENERAL OBJECTIONS

TA Associates makes the following objections to the Requests, which form a part of TA Associates' response to each and every Request and are set forth here to avoid repetition and duplication. Although TA Associates may specifically invoke some or all of these General Objections in a response to a specific Request, failure to mention a General Objection specifically is not a waiver of any General Objection.

1. TA Associates objects to the Requests, and to the Definitions and Instructions thereto, to the extent they seek to impose obligations that differ from or exceed those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Western District of Washington, this Court's individual practices, and/or any other applicable law or rule (collectively, the " Rules"). TA Associates will respond to the Requests in accordance with the Rules.

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 2
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

2.      TA Associates' response that it will search for or produce documents in response to a particular Request, if any, is not to be construed as an admission that any document exists within any requested category or categories, but solely as an assertion that TA Associates will produce (consistent with objections) any non-privileged, responsive documents within their possession, custody, or control that can be located after a reasonably diligent and proportionate search. For the avoidance of doubt, TA Associates will not collect from or search for documents not in its own possession, custody, or control.

3.      To the extent TA Associates agrees to search for or produce documents in response to the Requests, TA Associates reserves the right to produce documents responsive to the Requests on a rolling basis at a time, place, and manner to be agreed on by TA Associates and Plaintiffs.

4.      TA Associates objects to the Requests, and to the Definitions and Instructions thereto, to the extent they seek documents or information protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, protection, exemption, or immunity ("Privileged Material"). To the extent TA Associates agrees to search for or produce any documents, it will not produce Privileged Material. Inadvertent production or disclosure of any Privileged Material or otherwise protected documents or information by TA Associates shall not operate as a waiver of any claim of privilege, protection, exemption, or immunity, in whole or in part. TA Associates reserves the right to seek the return or destruction of any Privileged Material that is inadvertently produced.

5.      TA Associates objects to the Requests to the extent they are redundant or duplicative of other Requests. Where documents or information may be responsive to more than one Request, to the extent TA Associates agrees to produce documents or provide information in response to a Request, TA Associates will produce those documents or provide that information only once.

6.      TA Associates objects to the Requests, and to the Definitions and Instructions thereto, to the extent they seek documents or information relevant only to claims already dismissed by the Court in the MTD Order. A plaintiff "may not serve subpoenas on non-parties to search for evidence to support new causes of action." *Vantage Mobility International, LLC v. Kersey Mobility*,

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 3
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

LLC, 2020 WL 4530478, 3-4 (D. Ariz. June 11, 2020) (quashing subpoenas and collecting cases), *report and recommendation adopted by* 2020 WL 4530478 (D. Ariz. Aug. 10, 2020).

7.    TA Associates objects to the Requests, and to the Definitions and Instructions thereto, to the extent they assume facts not established in this Action. TA Associates does not hereby admit, adopt, or acquiesce in any factual or legal contention, characterization, or implication that is contained in the Requests.

8.    TA Associates objects to the Requests, and to the Definitions and Instructions thereto, to the extent they seek disclosure of any document or information that is confidential, proprietary, nonpublic, or otherwise sensitive information including the information of third parties. TA Associates will only produce confidential, proprietary, or otherwise sensitive documents or information subject to an appropriate protective order. For the avoidance of doubt, TA Associates reserves the right to seek additional or supplemental protections to those agreed to by the parties in the stipulated protective order, entered by the Court on December 31, 2025 (the "Stipulated Protective Order"), prior to its production of any documents in response to the Requests. In addition, to the extent TA Associates agrees to search for or produce documents in response to the Requests, that agreement is subject to TA Associates' compliance with the terms of any applicable third-party confidentiality agreements. TA Associates will take reasonable steps to produce documents after complying with third-party confidentiality agreements and will inform Plaintiffs if it withholds any documents pending compliance with third-party confidentiality agreements.

9.    TA Associates objects to the Requests, and to the Definitions and Instructions thereto, to the extent they lack proportionality or purport to require the identification and/or restoration of any deleted, legacy, backup, or archival data, or otherwise seek the production of any documents that are not accessible without undue burden, disproportionate efforts, or unreasonable expense. To the extent TA Associates agrees to search for or produce documents in response to the Requests, TA Associates will conduct a reasonably diligent and proportionate search for responsive documents.

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 4
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

10. TA Associates objects to any Request seeking "any" or "all" documents because TA Associates cannot guarantee that it can locate every single document responsive to a particular Request. To the extent TA Associates agrees to search for or produce documents in response to the Requests, TA Associates will conduct a reasonably diligent and proportionate search for responsive documents.

11. TA Associates objects to the Requests, and to the Definitions and Instructions thereto, to the extent they seek to require TA Associates to provide documents or information not within its own possession, custody, or control. TA Associates further objects to the Requests to the extent they seek documents that can be obtained from some other source that is more convenient, less burdensome, or less expensive, including the Defendants in the Action. Any specific Objection on the grounds that the documents can be obtained from some other source that is more convenient, less burdensome, or less expensive should not be construed as a statement about whether TA Associates has documents responsive to a specific Request in its possession, custody, or control.

12. TA Associates objects to each Request, and to the Definitions and Instructions thereto, on the grounds and to the extent it calls for the discovery of information and documents that impose an undue burden or expense on TA Associates.

13. TA Associates objects to the Requests, and to the Definitions and Instructions thereto, to the extent they purport to require TA Associates to draw legal conclusions or are predicated on legal conclusions and arguments. Subject to and without waiving any of the Objections, TA Associates states that any response, or provision of documents or information in response, to the Requests is not intended to provide, and shall not constitute providing, a legal conclusion or admission concerning any of the terms used in the Requests.

**OBJECTIONS TO DEFINITIONS**

In addition to its General Objections, TA Associates incorporates the following Objections to Definitions into its Specific Objections and Responses to the Requests. Each Specific Objection and Response is made subject to, and without waiver of, the following Objections to Definitions:

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 5
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

1.    TA Associates objects to the Definitions to the extent they purport to impose obligations on TA Associates beyond those imposed by the Rules and/or other applicable law. TA Associates will respond to these Requests in compliance with the Rules.

2.    TA Associates objects to the Definitions to the extent they (i) are vague, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; and (iii) purport to impose any requirements or discovery obligations beyond those set forth in the applicable rules.

3.    TA Associates objects to the definitions of the terms "All," "Each," "Any," "Communication," "Communications," "Concerning," "Correspondence," "Document," "Documents," "Electronic Data," "Electronic Messaging," "Electronically-Stored Information," "ESI," "Employee," "Employees," "Including," "Person," "Refer," "Relate," "Referring," "Relating," as vague and ambiguous and overbroad.

4.    TA Associates objects to the definitions of the terms "Communication" and "Communications" to the extent those definitions are overbroad, not reasonably particularized, or purport to impose obligations beyond or inconsistent with those imposed by the Rules. For example, those definitions encompass "any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending, or receipt of information of any kind by or through any means," regardless of whether the communications are reasonably accessible or whether the burden of such search and collection exceeds the potential relevance, and to the extent it seeks documents and/or information that are not within TA Associates' possession, custody, or control.

5.    TA Associates objects to the definitions of the terms "Concern" or "Concerning" because they render the Requests overbroad, unduly burdensome, oppressive, disproportionate to the needs of this Action, and/or not reasonably calculated to lead to the discovery of admissible evidence. TA Associates further objects to this Definition to the extent it seeks the production of documents that are not reasonably accessible. TA Associates will interpret these terms according to their plain meaning.

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 6
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

6.     TA Associates objects to the definition of the term "Documents" to the extent it imposes obligations inconsistent with and in excess of the Rules.

7.     TA Associates objects to the definitions of the terms "Electronically Stored Information" and "ESI" to the extent each and every Request in which these terms appear calls for information that is not within TA Associates' possession, custody, or control.

8.     TA Associates objects to the definitions of the terms "You," "Your," and "Yours" as overly broad and unduly burdensome because it seeks documents beyond the subject matter involved in the pending Action. In particular, TA Associates objects to the inclusion in the definition of individuals or entities beyond TA Associates Management, L.P., including "all of its divisions, business units, subsidiaries, affiliates, predecessors, successors-in-interest, and companies under its direct or indirect management or control, as well as any of its present and former agents, directors, officers, managers, analysts, accountants, attorneys, representatives, servants, employees, or other persons acting or purporting to act on its behalf or under its direction or control." TA Associates will construe "You" and "Your" to refer only to TA Associates Management, L.P.

9.     TA Associates incorporates the foregoing objections into all of its responses, below.

## OBJECTIONS TO INSTRUCTIONS

In addition to its General Objections and Objections to Definitions, TA Associates incorporates the following Objections to Instruction into its Specific Objections and Responses to the Requests. Each Specific Objection and Response is made subject to, and without waiver of, the following Objections to Instructions:

1.     TA Associates objects to the Instructions to the extent they purport to impose obligations on TA Associates beyond those imposed by the Rules and/or other applicable law. TA Associates will respond to these Requests in compliance with the Rules.

2.     TA Associates objects to the Instructions as overly broad, vague, ambiguous, and inconsistent with the normal, common usage and meaning of such words. As a result, the Instructions constitute an unreasonable expansion of these Requests, making them oppressive,

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 7
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

overly broad, and unduly burdensome. TA Associates will respond to these Requests in a manner consistent with common usage and understanding of the language used in them.

3.     TA Associates objects to Instruction No. 2 because it purports to require TA Associates to produce documents outside its possession, custody, or control, including, but not limited to, documents in the possession, custody, or control of third parties such as "another person having possession or custody of the document." TA Associates further objects to Instruction No. 2 as overbroad, unduly burdensome, and not proportional to the needs of the case. TA Associates further objects to Instruction No. 2 to the extent it uses an improper definition and standard for possession, custody, or control that includes the "ability or right" to obtain documents as opposed to "legal right" to obtain them as set forth in applicable law from the Ninth Circuit and Western District of Washington. Without waiver of any objections, to the extent TA Associates agrees to search for or produce any documents in response to the Requests, TA Associates will conduct a reasonably diligent and proportionate search for responsive documents within its possession, custody, or control.

4.     TA Associates objects to Instruction Nos. 3 and 4 to the extent they purport to require the identification and/or restoration of any deleted, legacy, backup, or archival data, or otherwise seek the production of any documents that is not reasonably accessible without undue burden or unreasonable expense and not proportionate to the needs of the Action.

5.     TA Associates objects to Instruction No. 6 to the extent it is inconsistent with or seeks to impose obligations beyond those required by the Rules, including with respect to the production of privilege logs. Any privilege logs served by TA Associates will be made according to the Rules, and TA Associates will disregard any contrary terms specified in the Instructions to Plaintiff's Requests.

6.     TA Associates objects to Instruction No. 9 to the extent it purports to impose obligations on TA Associates beyond those imposed by the Rules.

7.     TA Associates objects to Instruction No. 16 to the extent it purports to require TA Associates to comply with the Parties' Agreement Regarding the Discovery of Electronically

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 8
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

Stored Information, entered by the Court on December 17, 2025. To the extent TA Associates agrees to search for or produce documents in response to the Requests, TA Associates is willing to meet and confer with Plaintiffs regarding the production of any electronically stored information. TA Associates further Objects to Instruction No. 16 to the extent it purports to require TA Associates to produce documents subject to the Stipulated Protective Order. TA Associates expressly reserves the right to seek additional or supplemental protections to those set forth in the Stipulated Protective Order prior to its production of any documents in response to the Requests.

8.      TA Associates incorporates the foregoing objections into all of its responses, below.

## OBJECTIONS TO RELEVANT TIME PERIOD

TA Associates objects to Plaintiffs' Definition of and Instructions for the "Relevant Time Period," which seeks documents and information "from January 1, 2018 through present, inclusive" and "all Documents that Refer, Concern, or Relate to all or any portion of the Relevant Time Period, whenever dated or prepared" as unreasonably overbroad and seeking information beyond the timeframe relevant to the claims or defenses that are at issue in this case. To the extent TA Associates agrees to search for or produce documents responsive to the Requests, TA Associates is willing to meet and confer about an appropriate time period(s) for the Requests.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

### REQUEST NO. 1

All Documents and Communications Concerning TA Associates' sale of ZoomInfo common stock during the Relevant Time Period, Including sales effectuated through registered public stock offerings. *See e.g.* ¶¶ 92-93.

### RESPONSE TO REQUEST NO. 1:

TA Associates reasserts and incorporates by reference its Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. TA Associates objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents and Communications" without limitation to a reasonable scope. TA Associates further objects to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. TA Associates

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 9
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

further objects to this Request to the extent it seeks documents and information for which the only conceivable relevance is to the claims against TA Associates that were dismissed by the Court in the MTD Order and are no longer part of this Action. TA Associates further objects to this Request to the extent it seeks information that is publicly available, and thus equally accessible to Plaintiffs as to TA Associates. TA Associates further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Based on the foregoing objections, TA Associates will not search for or produce documents in response to this Request.

**REQUEST NO. 2**

All Documents sufficient to identify the names of Employees at TA Associates who interacted with or otherwise communicated with ZoomInfo during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 2:**

TA Associates reasserts and incorporates by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. TA Associates objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents" without limitation to a reasonable scope. TA Associates further objects to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. TA Associates further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. TA Associates further objects to this Request to the extent it seeks documents that can be obtained from some other source that is more convenient, less burdensome, or less expensive, including the Defendants in the Action.

Based on the foregoing objections, TA Associates states that it will not search for or produce documents in response to this Request at this time, but TA Associates is willing to meet and confer

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 10
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

with Plaintiffs to discuss this Request and whether a reasonable basis exists for a narrowed request related to the same subject matter.

**REQUEST NO. 3**

All Documents and Communications Concerning the percentage of voting power in ZoomInfo held by TA Associates during the Relevant Time Period, Including All Communications Related to TA Associates' power or control over ZoomInfo, its officers, and directors. *See e.g.* ¶¶ 92-93.

**RESPONSE TO REQUEST NO. 3:**

TA Associates reasserts and incorporates by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. TA Associates objects to this Request on the grounds that the Request is vague and ambiguous, including as to the term "power or control over." TA Associates objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents and Communications" without limitation to a reasonable scope. TA Associates further objects to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. TA Associates further objects to this Request to the extent it seeks documents and information for which the only conceivable relevance is to the claims against TA Associates that were dismissed by the Court in the MTD Order and are no longer part of this Action. TA Associates further objects to this Request to the extent it seeks information that is publicly available, and thus equally accessible to Plaintiffs as to TA Associates. TA Associates further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Based on the foregoing objections, TA Associates will not search for or produce documents in response to this Request.

**REQUEST NO. 4**

All Documents and Communications Concerning a 10b5-1 trading plan (or lack thereof) adopted by TA Associates during the Relevant Time Period. *See e.g.* ¶ 154 n. 19.

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 11
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

**RESPONSE TO REQUEST NO. 4:**

TA Associates reasserts and incorporates by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. TA Associates objects to this Request on the grounds that the Request is vague and ambiguous, including as to the term "lack thereof." TA Associates objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents and Communications" without limitation to a reasonable scope. TA Associates further objects to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. TA Associates further objects to this Request to the extent it seeks documents and information for which the only conceivable relevance is to the claims against TA Associates that were dismissed by the Court in the MTD Order and are no longer part of this Action. TA Associates further objects to this Request to the extent it seeks information that is publicly available, and thus equally accessible to Plaintiffs as to TA Associates. TA Associates further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Based on the foregoing objections, TA Associates will not search for or produce documents in response to this Request.

**REQUEST NO. 5**

All Documents sufficient to identify All investment funds, affiliates, and subsidiaries associated with and/or controlled by TA Associates. *See e.g.* ¶ 166 n. 23.

**RESPONSE TO REQUEST NO. 5:**

TA Associates reasserts and incorporates by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. TA Associates objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents" without limitation to a reasonable scope. TA Associates further objects to this Request on the grounds that it seeks materials that are neither relevant to any parties'

TA ASSOCIATES' OBJECTIONS & RESPONSES TO LEAD PLAINTIFFS' SUBPOENA – 12
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

claims or defenses nor proportional to the needs of the case. TA Associates further objects to this Request to the extent it seeks documents and information for which the only conceivable relevance is to the claims against TA Associates that were dismissed by the Court in the MTD Order and are no longer part of this Action. TA Associates further objects to this Request to the extent it seeks information that is publicly available, and thus equally accessible to Plaintiffs as to TA Associates. Further, this Request attempts to improperly serve an interrogatory on a non-party. TA Associates further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Based on the foregoing objections, TA Associates will not search for or produce documents in response to this Request.

**REQUEST NO. 6**

All Documents and Communications Concerning ZoomInfo's "growth and customer demand," Including All metrics and reports Relating to ZoomInfo's revenue. *See e.g.* ¶¶ 154, 169.

**RESPONSE TO REQUEST NO. 6:**

TA Associates reasserts and incorporates by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. TA Associates objects to this Request on the grounds that the Request is vague and ambiguous, including as to the terms "growth and customer demand," "metrics" and "reports." TA Associates objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents and Communications" without limitation to a reasonable scope. TA Associates further objects to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. TA Associates further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. TA Associates further objects to this Request to the extent it seeks documents that can be obtained from some

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 13
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

other source that is more convenient, less burdensome, or less expensive, including the Defendants in the Action.

Based on the foregoing objections, TA Associates states that it will not search for or produce documents in response to this Request at this time, but TA Associates is willing to meet and confer with Plaintiffs to discuss this Request and whether a reasonable basis exists for a narrowed request related to the same subject matter.

**REQUEST NO. 7**

All Documents and Communications Concerning ZoomInfo's decision to issue secondary registered public offerings on August 6, 2021, *see e.g.* ¶¶ 408-18, and August 11, 2021, *see e.g.* ¶¶ 419-26, Including the maximum public offering price, and total proceeds obtained by TA Associates following each secondary registered public offering.

**RESPONSE TO REQUEST NO. 7:**

TA Associates reasserts and incorporates by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. TA Associates objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents and Communications" without limitation to a reasonable scope. TA also objects to this Request on the grounds that the information sought in the clause stating "Including . . . total proceeds obtained by TA Associates following each secondary registered public offering" is not relevant or related to ZoomInfo's decision to issue secondary registered public offerings. TA Associates further objects to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. TA Associates further objects to this Request to the extent it seeks documents and information for which the only conceivable relevance is to the claims against TA Associates that were dismissed by the Court in the MTD Order and are no longer part of this Action. TA Associates further objects to this Request to the extent it seeks information that is publicly available, and thus equally accessible to Plaintiffs as to TA Associates. TA Associates further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 14
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

applicable privilege or protection against disclosure. TA Associates further objects to this Request to the extent it seeks documents that can be obtained from some other source that is more convenient, less burdensome, or less expensive, including the Defendants in the Action.

Based on the foregoing objections, TA Associates states that it will not search for or produce documents in response to this Request at this time, but TA Associates is willing to meet and confer with Plaintiffs to discuss this Request and whether a reasonable basis exists for a narrowed request related to the same subject matter.

**REQUEST NO. 8**

All Documents and Communications between TA Associates, Carlyle Group, and/or DO Holdings Concerning ZoomInfo.

**RESPONSE TO REQUEST NO. 8:**

TA Associates reasserts and incorporates by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. TA Associates objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents and Communications" without limitation to a reasonable scope. TA Associates further objects to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. TA Associates further objects to this Request to the extent it seeks documents and information for which the only conceivable relevance is to the claims against TA Associates that were dismissed by the Court in the MTD Order and are no longer part of this Action. TA Associates further objects to this Request to the extent it seeks information that is publicly available, and thus equally accessible to Plaintiffs as to TA Associates. TA Associates further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. TA Associates further objects to this Request to the extent it seeks documents that can be obtained from some other source that is more convenient, less burdensome, or less expensive, including the Defendants in the Action.

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 15
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

Based on the foregoing objections, TA Associates states that it will not search for or produce documents in response to this Request at this time, but TA Associates is willing to meet and confer with Plaintiffs to discuss this Request and whether a reasonable basis exists for a narrowed request related to the same subject matter.

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 16
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

DATED: January 16, 2026.

**GOODWIN PROCTER LLP**

*s/ Deborah S. Birnbach*
Deborah S. Birnbach
Brendan Blake
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
DBirnbach@goodwinlaw.com
BBlake@goodwinlaw.com

*Attorneys for TA Associates
Management, L.P.*

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 17
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

**CERTIFICATE OF SERVICE BY ELECTRONIC MAIL**

I am a citizen of the United States, more than eighteen years old and not a party to this action. My place of employment and business address is Goodwin Procter LLP, 100 Northern Ave, Boston, Massachusetts, 02155, and my e-mail address is BBlake@goodwinlaw.com. On January 16, 2026, I caused the following document to be served:

- **TA ASSOCIATES MANAGEMENT, L.P.'S OBJECTIONS AND RESPONSES TO LEAD PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS,**

on the interested parties listed below by transmitting true and correct copies of the documents in Portable Document Format ("pdf") via electronic mail ("e-mail") from the e-mail address BBlake@goodwinlaw.com to the following e-mail addresses:

- **SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that the above is true and correct. Executed on January 16, 2026, at Boston, Massachusetts.

*s/ Brendan Blake*
Brendan Blake

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 18
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

**SERVICE LIST**

Michael P. Canty
Michael H. Rogers
James T. Christie
Jacqueline Meyers
Kaicheng Yu
Derick Cividini
Stephen C. Boscolo
Grace T. Harmon
Tayler K. Eynon
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel.: 212-907-0878
Fax: 212-818-0477
Email: mcanty@labaton.com
      mrogers@labaton.com
      jchristie@labaton.com
      jmeyers@labaton.com
      nyu@labaton.com
      dcividini@labaton.com
      sboscolo@labaton.com
      gharmon@labaton.com
      teynon@labaton.com

*Counsel for Lead Plaintiffs State Teachers Retirement System of Ohio and Ohio Public Employees Retirement System*

TA ASSOCIATES' OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 19
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE TEACHERS RETIREMENT SYSTEM OF OHIO, et al., on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZOOMINFO TECHNOLOGIES INC., et al.,<br><br>Defendants. | No. 3:24-cv-05739-TMC<br><br>**THE CARLYLE GROUP, INC.'S OBJECTIONS AND RESPONSES TO LEAD PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS** |

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – i
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

The Carlyle Group, Inc. ("Carlyle"), by and through its undersigned attorneys, hereby objects and responds to Lead Plaintiffs' Subpoena To Produce Documents (the "Subpoena") and the Requests on Schedule A (the "Requests" and each, "a Request"), which Lead Plaintiffs State Teachers Retirement of Ohio and Ohio Public Employees Retirement System (collectively, "Plaintiffs") served in the above-captioned action (the "Action"), as follows:

**PRELIMINARY STATEMENT**

Carlyle makes these Objections and Responses solely for the purpose of this Action. The Court dismissed the claims against Carlyle, TA Associates Management, L.P. ("TA Associates"), and DO Holdings (WA), LLC ("DO Holdings") from this Action in its Order, dated October 28, 2025 (the "MTD Order"), and Plaintiffs subsequently informed the Court that they do not intend to pursue claims against Carlyle or the other entities at this time. Carlyle thus is no longer a party to this Action, and there are no claims or defenses in this Action that relate to or concern Carlyle. The Requests are improper to the extent they seek documents and information solely concerning Carlyle and/or the dismissed claims against Carlyle.

These Objections and Responses reflect Carlyle's continuing investigation of facts, information, and documents relating to the claims and defenses currently at issue in the Action and are based only upon Carlyle' present, actual knowledge and reasonable belief. The Objections and Responses are at all times subject to such additional or different information as further investigation may disclose and, while based on the present state of Carlyle' recollection, are subject to such refreshing of recollection, and such additional knowledge of fact, as may result from Carlyle's further investigation. Carlyle expressly reserves the right to amend, limit, supplement, and correct its Objections and Responses, as necessary or appropriate, as it learns further information. Carlyle reserves the right to rely on, at any time, subsequently discovered information of which Carlyle is currently unaware, as well as information omitted from these Objections and Responses as a result of mistake, error, oversight, or inadvertence.

Carlyle's Objections and Responses to the Requests are not an admission of matters stated, implied, or assumed by any or all of the Requests. Unless expressly stated, Carlyle does not admit,

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 1
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests. Accordingly, Plaintiffs shall not construe Carlyle's response or objection to any Request as an admission that Carlyle accepts or admits the existence of any facts assumed by the Requests, and Plaintiffs shall not construe any response or objection as admissible evidence of any such assumed facts. Nothing in these Objections and Responses shall be deemed an admission by Carlyle regarding the existence of any information or documents, the relevance, authenticity, materiality, or admissibility of any information or documents for any purpose, or the truth or accuracy of any statement or characterization contained in any Request. Carlyle expressly reserves the right to object to the use of these Responses, the subject matter contained herein, or any documents produced in connection herewith during any subsequent proceeding, including during trial of this or any other action.

**GENERAL OBJECTIONS**

Carlyle makes the following objections to the Requests, which form a part of Carlyle's response to each and every Request and are set forth here to avoid repetition and duplication. Although Carlyle may specifically invoke some or all of these General Objections in a response to a specific Request, failure to mention a General Objection specifically is not a waiver of any General Objection.

1.     Carlyle objects to the Requests, and to the Definitions and Instructions thereto, to the extent they seek to impose obligations that differ from or exceed those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Western District of Washington, this Court's individual practices, and/or any other applicable law or rule (collectively, the " Rules"). Carlyle will respond to the Requests in accordance with the Rules.

2.     Carlyle's response that it will search for or produce documents in response to a particular Request, if any, is not to be construed as an admission that any document exists within any requested category or categories, but solely as an assertion that Carlyle will produce (consistent with objections) any non-privileged, responsive documents within their possession, custody, or

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 2
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

control that can be located after a reasonably diligent and proportionate search. For the avoidance of doubt, Carlyle will not collect from or search for documents not in its own possession, custody, or control.

3.    To the extent Carlyle agrees to search for or produce documents in response to the Requests, Carlyle reserves the right to produce documents responsive to the Requests on a rolling basis at a time, place, and manner to be agreed on by Carlyle and Plaintiffs.

4.    Carlyle objects to the Requests, and to the Definitions and Instructions thereto, to the extent they seek documents or information protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, protection, exemption, or immunity ("Privileged Material"). To the extent Carlyle agrees to search for or produce any documents, it will not produce Privileged Material. Inadvertent production or disclosure of any Privileged Material or otherwise protected documents or information by Carlyle shall not operate as a waiver of any claim of privilege, protection, exemption, or immunity, in whole or in part. Carlyle reserves the right to seek the return or destruction of any Privileged Material that is inadvertently produced.

5.    Carlyle objects to the Requests to the extent they are redundant or duplicative of other Requests. Where documents or information may be responsive to more than one Request, to the extent Carlyle agrees to produce documents or provide information in response to a Request, Carlyle will produce those documents or provide that information only once.

6.    Carlyle objects to the Requests, and to the Definitions and Instructions thereto, to the extent they seek documents or information relevant only to claims already dismissed by the Court in the MTD Order. A plaintiff "may not serve subpoenas on non-parties to search for evidence to support new causes of action." *Vantage Mobility International, LLC v. Kersey Mobility*, LLC, 2020 WL 4530478, 3-4 (D. Ariz. June 11, 2020) (quashing subpoenas and collecting cases), *report and recommendation adopted by* 2020 WL 4530478 (D. Ariz. Aug. 10, 2020).

7.    Carlyle objects to the Requests, and to the Definitions and Instructions thereto, to the extent they assume facts not established in this Action. Carlyle does not hereby admit, adopt,

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 3
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

or acquiesce in any factual or legal contention, characterization, or implication that is contained in the Requests.

8.      Carlyle objects to the Requests, and to the Definitions and Instructions thereto, to the extent they seek disclosure of any document or information that is confidential, proprietary, nonpublic, or otherwise sensitive information including the information of third parties. Carlyle will only produce confidential, proprietary, or otherwise sensitive documents or information subject to an appropriate protective order. For the avoidance of doubt, Carlyle reserves the right to seek additional or supplemental protections to those agreed to by the parties in the stipulated protective order, entered by the Court on December 31, 2025 (the "Stipulated Protective Order"), prior to its production of any documents in response to the Requests. In addition, to the extent Carlyle agrees to search for or produce documents in response to the Requests, that agreement is subject to Carlyle's compliance with the terms of any applicable third-party confidentiality agreements. Carlyle will take reasonable steps to produce documents after complying with third-party confidentiality agreements and will inform Plaintiffs if it withholds any documents pending compliance with third-party confidentiality agreements.

9.      Carlyle objects to the Requests, and to the Definitions and Instructions thereto, to the extent they lack proportionality or purport to require the identification and/or restoration of any deleted, legacy, backup, or archival data, or otherwise seek the production of any documents that are not accessible without undue burden, disproportionate efforts, or unreasonable expense. To the extent Carlyle agrees to search for or produce documents in response to the Requests, Carlyle will conduct a reasonably diligent and proportionate search for responsive documents.

10.      Carlyle objects to any Request seeking "any" or "all" documents because Carlyle cannot guarantee that it can locate every single document responsive to a particular Request. To the extent Carlyle agrees to search for or produce documents in response to the Requests, Carlyle will conduct a reasonably diligent and proportionate search for responsive documents.

11.      Carlyle objects to the Requests, and to the Definitions and Instructions thereto, to the extent they seek to require Carlyle to provide documents or information not within its own

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 4
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

possession, custody, or control. Carlyle further objects to the Requests to the extent they seek documents that can be obtained from some other source that is more convenient, less burdensome, or less expensive, including the Defendants in the Action. Any specific Objection on the grounds that the documents can be obtained from some other source that is more convenient, less burdensome, or less expensive should not be construed as a statement about whether Carlyle has documents responsive to a specific Request in its possession, custody, or control.

12.     Carlyle objects to each Request, and to the Definitions and Instructions thereto, on the grounds and to the extent it calls for the discovery of information and documents that impose an undue burden or expense on Carlyle.

13.     Carlyle objects to the Requests, and to the Definitions and Instructions thereto, to the extent they purport to require Carlyle to draw legal conclusions or are predicated on legal conclusions and arguments. Subject to and without waiving any of the Objections, Carlyle states that any response, or provision of documents or information in response, to the Requests is not intended to provide, and shall not constitute providing, a legal conclusion or admission concerning any of the terms used in the Requests.

## OBJECTIONS TO DEFINITIONS

In addition to its General Objections, Carlyle incorporates the following Objections to Definitions into its Specific Objections and Responses to the Requests. Each Specific Objection and Response is made subject to, and without waiver of, the following Objections to Definitions:

1.     Carlyle objects to the Definitions to the extent they purport to impose obligations on Carlyle beyond those imposed by the Rules and/or other applicable law. Carlyle will respond to these Requests in compliance with the Rules.

2.     Carlyle objects to the Definitions to the extent they (i) are vague, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; and (iii) purport to impose any requirements or discovery obligations beyond those set forth in the applicable rules.

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 5
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

3.     Carlyle objects to the definitions of the terms "All," "Each," "Any," "Communication," "Communications," "Concerning," "Correspondence," "Document," "Documents," "Electronic Data," "Electronic Messaging," "Electronically-Stored Information," "ESI," "Employee," "Employees," "Including," "Person," "Refer," "Relate," "Referring," "Relating," as vague and ambiguous and overbroad.

4.     Carlyle objects to the definitions of the terms "Communication" and "Communications" to the extent those definitions are overbroad, not reasonably particularized, or purport to impose obligations beyond or inconsistent with those imposed by the Rules. For example, those definitions encompass "any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending, or receipt of information of any kind by or through any means," regardless of whether the communications are reasonably accessible or whether the burden of such search and collection exceeds the potential relevance, and to the extent it seeks documents and/or information that are not within Carlyle's possession, custody, or control.

5.     Carlyle objects to the definitions of the terms "Concern" or "Concerning" because they render the Requests overbroad, unduly burdensome, oppressive, disproportionate to the needs of this Action, and/or not reasonably calculated to lead to the discovery of admissible evidence. Carlyle further objects to this Definition to the extent it seeks the production of documents that are not reasonably accessible. Carlyle will interpret these terms according to their plain meaning.

6.     Carlyle objects to the definition of the term "Documents" to the extent it imposes obligations inconsistent with and in excess of the Rules.

7.     Carlyle objects to the definitions of the terms "Electronically Stored Information" and "ESI" to the extent each and every Request in which these terms appear calls for information that is not within Carlyle's possession, custody, or control.

8.     Carlyle objects to the definitions of the terms "You," "Your," and "Yours" as overly broad and unduly burdensome because it seeks documents beyond the subject matter involved in the pending Action. In particular, Carlyle objects to the inclusion in the definition of individuals or entities beyond The Carlyle Group, Inc., including "all of its divisions, business units, subsidiaries,

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 6
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

affiliates, predecessors, successors-in-interest, and companies under its direct or indirect management or control, as well as any of its present and former agents, directors, officers, managers, analysts, accountants, attorneys, representatives, servants, employees, or other persons acting or purporting to act on its behalf or under its direction or control." Carlyle will construe "You" and "Your" to refer only to The Carlyle Group, Inc.

9. Carlyle incorporates the foregoing objections into all of its responses, below.

**OBJECTIONS TO INSTRUCTIONS**

In addition to its General Objections and Objections to Definitions, Carlyle incorporates the following Objections to Instruction into its Specific Objections and Responses to the Requests. Each Specific Objection and Response is made subject to, and without waiver of, the following Objections to Instructions:

1. Carlyle objects to the Instructions to the extent they purport to impose obligations on Carlyle beyond those imposed by the Rules and/or other applicable law. Carlyle will respond to these Requests in compliance with the Rules.

2. Carlyle objects to the Instructions as overly broad, vague, ambiguous, and inconsistent with the normal, common usage and meaning of such words. As a result, the Instructions constitute an unreasonable expansion of these Requests, making them oppressive, overly broad, and unduly burdensome. Carlyle will respond to these Requests in a manner consistent with common usage and understanding of the language used in them.

3. Carlyle objects to Instruction No. 2 because it purports to require Carlyle to produce documents outside its possession, custody, or control, including, but not limited to, documents in the possession, custody, or control of third parties such as "another person having possession or custody of the document." Carlyle further objects to Instruction No. 2 as overbroad, unduly burdensome, and not proportional to the needs of the case. Carlyle further objects to Instruction No. 2 to the extent it uses an improper definition and standard for possession, custody, or control that includes the "ability or right" to obtain documents as opposed to "legal right" to obtain them as set forth in applicable law from the Ninth Circuit and Western District of Washington. Without

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 7
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

waiver of any objections, to the extent Carlyle agrees to search for or produce any documents in response to the Requests, Carlyle will conduct a reasonably diligent and proportionate search for responsive documents within its possession, custody, or control.

4.    Carlyle objects to Instruction Nos. 3 and 4 to the extent they purport to require the identification and/or restoration of any deleted, legacy, backup, or archival data, or otherwise seek the production of any documents that is not reasonably accessible without undue burden or unreasonable expense and not proportionate to the needs of the Action.

5.    Carlyle objects to Instruction No. 6 to the extent it is inconsistent with or seeks to impose obligations beyond those required by the Rules, including with respect to the production of privilege logs. Any privilege logs served by Carlyle will be made according to the Rules, and Carlyle will disregard any contrary terms specified in the Instructions to Plaintiff's Requests.

6.    Carlyle objects to Instruction No. 9 to the extent it purports to impose obligations on Carlyle beyond those imposed by the Rules.

7.    Carlyle objects to Instruction No. 16 to the extent it purports to require Carlyle to comply with the Parties' Agreement Regarding the Discovery of Electronically Stored Information, entered by the Court on December 17, 2025. To the extent Carlyle agrees to search for or produce documents in response to the Requests, Carlyle is willing to meet and confer with Plaintiffs regarding the production of any electronically stored information. Carlyle further Objects to Instruction No. 16 to the extent it purports to require Carlyle to produce documents subject to the Stipulate Protective Order. Carlyle expressly reserves the right to seek additional or supplemental protections to those set forth in the Stipulated Protective Order prior to its production of any documents in response to the Requests.

8.    Carlyle incorporates the foregoing objections into all of its responses, below.

## OBJECTIONS TO RELEVANT TIME PERIOD

Carlyle objects to Plaintiffs' Definition of and Instructions for the "Relevant Time Period," which seeks documents and information "from January 1, 2018 through present, inclusive" and "all Documents that Refer, Concern, or Relate to all or any portion of the Relevant Time Period,

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 8
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

whenever dated or prepared" as unreasonably overbroad and seeking information beyond the timeframe relevant to the claims or defenses that are at issue in this case. To the extent Carlyle agrees to search for or produce documents responsive to the Requests, Carlyle is willing to meet and confer about an appropriate time period(s) for the Requests.

<div align="center"><b>SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS</b></div>

**REQUEST NO. 1**

All Documents and Communications Concerning Carlyle's sale of ZoomInfo common stock during the Relevant Time Period, Including sales effectuated through registered public stock offerings. *See e.g.* ¶¶ 92-93.

**RESPONSE TO REQUEST NO. 1:**

Carlyle reasserts and incorporates by reference its Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Carlyle objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents and Communications" without limitation to a reasonable scope. Carlyle further objects to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Carlyle further objects to this Request to the extent it seeks documents and information for which the only conceivable relevance is to the claims against Carlyle that were dismissed by the Court in the MTD Order and are no longer part of this Action. Carlyle further objects to this Request to the extent it seeks information that is publicly available, and thus equally accessible to Plaintiffs as to Carlyle. Carlyle further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Based on the foregoing objections, Carlyle will not search for or produce documents in response to this Request.

**REQUEST NO. 2**

All Documents sufficient to identify the names of Employees at Carlyle who interacted with or otherwise communicated with ZoomInfo during the Relevant Time Period.

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 9
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

**RESPONSE TO REQUEST NO. 2:**

Carlyle reasserts and incorporates by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Carlyle objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents" without limitation to a reasonable scope. Carlyle further objects to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Carlyle further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Carlyle further objects to this Request to the extent it seeks documents that can be obtained from some other source that is more convenient, less burdensome, or less expensive, including the Defendants in the Action.

Based on the foregoing objections, Carlyle states that it will not search for or produce documents in response to this Request at this time, but Carlyle is willing to meet and confer with Plaintiffs to discuss this Request and whether a reasonable basis exists for a narrowed request related to the same subject matter.

**REQUEST NO. 3**

All Documents and Communications Concerning the percentage of voting power in ZoomInfo held by Carlyle during the Relevant Time Period, Including All Communications Related to Carlyle's power or control over ZoomInfo, its officers, and directors. *See e.g.* ¶¶ 92-93.

**RESPONSE TO REQUEST NO. 3:**

Carlyle reasserts and incorporates by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Carlyle objects to this Request on the grounds that the Request is vague and ambiguous, including as to the term "power or control over." Carlyle objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents and Communications" without limitation to a reasonable scope. Carlyle further objects to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 10
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

of the case. Carlyle further objects to this Request to the extent it seeks documents and information for which the only conceivable relevance is to the claims against Carlyle that were dismissed by the Court in the MTD Order and are no longer part of this Action. Carlyle further objects to this Request to the extent it seeks information that is publicly available, and thus equally accessible to Plaintiffs as to Carlyle. Carlyle further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Based on the foregoing objections, Carlyle will not search for or produce documents in response to this Request.

**REQUEST NO. 4**

All Documents and Communications Concerning a 10b5-1 trading plan (or lack thereof) adopted by Carlyle during the Relevant Time Period. *See e.g.* ¶ 154 n. 19.

**RESPONSE TO REQUEST NO. 4:**

Carlyle reasserts and incorporates by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Carlyle objects to this Request on the grounds that the Request is vague and ambiguous, including as to the term "lack thereof." Carlyle objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents and Communications" without limitation to a reasonable scope. Carlyle further objects to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Carlyle further objects to this Request to the extent it seeks documents and information for which the only conceivable relevance is to the claims against Carlyle that were dismissed by the Court in the MTD Order and are no longer part of this Action. Carlyle further objects to this Request to the extent it seeks information that is publicly available, and thus equally accessible to Plaintiffs as to Carlyle. Carlyle further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 11
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Based on the foregoing objections, Carlyle will not search for or produce documents in response to this Request.

**REQUEST NO. 5**

All Documents sufficient to identify All investment funds, affiliates, and subsidiaries associated with and/or controlled by Carlyle. *See e.g.* ¶ 166 n. 23.

**RESPONSE TO REQUEST NO. 5:**

Carlyle reasserts and incorporates by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Carlyle objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents" without limitation to a reasonable scope. Carlyle further objects to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Carlyle further objects to this Request to the extent it seeks documents and information for which the only conceivable relevance is to the claims against Carlyle that were dismissed by the Court in the MTD Order and are no longer part of this Action. Carlyle further objects to this Request to the extent it seeks information that is publicly available, and thus equally accessible to Plaintiffs as to Carlyle. Further, this Request attempts to improperly serve an interrogatory on a non-party. Carlyle further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure.

Based on the foregoing objections, Carlyle will not search for or produce documents in response to this Request.

**REQUEST NO. 6**

All Documents and Communications Concerning ZoomInfo's "growth and customer demand," Including All metrics and reports Relating to ZoomInfo's revenue. *See e.g.* ¶¶ 154, 169.

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 12
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

**RESPONSE TO REQUEST NO. 6:**

Carlyle reasserts and incorporates by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Carlyle objects to this Request on the grounds that the Request is vague and ambiguous, including as to the terms "growth and customer demand," "metrics" and "reports." Carlyle objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents and Communications" without limitation to a reasonable scope. Carlyle further objects to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Carlyle further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Carlyle further objects to this Request to the extent it seeks documents that can be obtained from some other source that is more convenient, less burdensome, or less expensive, including the Defendants in the Action.

Based on the foregoing objections, Carlyle states that it will not search for or produce documents in response to this Request at this time, but Carlyle is willing to meet and confer with Plaintiffs to discuss this Request and whether a reasonable basis exists for a narrowed request related to the same subject matter.

**REQUEST NO. 7**

All Documents and Communications Concerning ZoomInfo's decision to issue secondary registered public offerings on August 6, 2021, *see e.g.* ¶¶ 408-18, and August 11, 2021, *see e.g.* ¶¶ 419-26, Including the maximum public offering price, and total proceeds obtained by Carlyle following each secondary registered public offering.

**RESPONSE TO REQUEST NO. 7:**

Carlyle reasserts and incorporates by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Carlyle objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents and Communications" without limitation to a reasonable scope. TA also

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 13
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

objects to this Request on the grounds that the information sought in the clause stating "Including . . . total proceeds obtained by Carlyle following each secondary registered public offering" is not relevant or related to ZoomInfo's decision to issue secondary registered public offerings. Carlyle further objects to this Request on the grounds that it seeks materials that are neither relevant to any parties' claims or defenses nor proportional to the needs of the case. Carlyle further objects to this Request to the extent it seeks documents and information for which the only conceivable relevance is to the claims against Carlyle that were dismissed by the Court in the MTD Order and are no longer part of this Action. Carlyle further objects to this Request to the extent it seeks information that is publicly available, and thus equally accessible to Plaintiffs as to Carlyle. Carlyle further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Carlyle further objects to this Request to the extent it seeks documents that can be obtained from some other source that is more convenient, less burdensome, or less expensive, including the Defendants in the Action.

Based on the foregoing objections, Carlyle states that it will not search for or produce documents in response to this Request at this time, but Carlyle is willing to meet and confer with Plaintiffs to discuss this Request and whether a reasonable basis exists for a narrowed request related to the same subject matter.

**REQUEST NO. 8**

All Documents and Communications between TA Associates, Carlyle Group, and/or DO Holdings Concerning ZoomInfo.

**RESPONSE TO REQUEST NO. 8:**

Carlyle reasserts and incorporates by reference their Preliminary Statement, General Objections, Objections to Instructions, Objections to Definitions, and Objections to Relevant Time Period. Carlyle objects to this Request as overbroad and unduly burdensome, including to the extent it seeks "All Documents and Communications" without limitation to a reasonable scope. Carlyle further objects to this Request on the grounds that it seeks materials that are neither relevant to any

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 14
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

parties' claims or defenses nor proportional to the needs of the case. Carlyle further objects to this Request to the extent it seeks documents and information for which the only conceivable relevance is to the claims against Carlyle that were dismissed by the Court in the MTD Order and are no longer part of this Action. Carlyle further objects to this Request to the extent it seeks information that is publicly available, and thus equally accessible to Plaintiffs as to Carlyle. Carlyle further objects to this Request to the extent it seeks information that is protected from disclosure or discovery by the attorney-client privilege, the attorney work-product doctrine, or the common-interest privilege, and any other applicable privilege or protection against disclosure. Carlyle further objects to this Request to the extent it seeks documents that can be obtained from some other source that is more convenient, less burdensome, or less expensive, including the Defendants in the Action.

Based on the foregoing objections, Carlyle states that it will not search for or produce documents in response to this Request at this time, but Carlyle is willing to meet and confer with Plaintiffs to discuss this Request and whether a reasonable basis exists for a narrowed request related to the same subject matter.

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 15
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

DATED: January 16, 2026.

**GOODWIN PROCTER LLP**

*s/ Deborah S. Birnbach*
Deborah S. Birnbach
Brendan Blake
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
DBirnbach@goodwinlaw.com
BBlake@goodwinlaw.com

*Attorneys for The Carlyle Group, Inc.*

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 16
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

**CERTIFICATE OF SERVICE BY ELECTRONIC MAIL**

I am a citizen of the United States, more than eighteen years old and not a party to this action. My place of employment and business address is Goodwin Procter LLP, 100 Northern Ave, Boston, Massachusetts, 02155, and my e-mail address is BBlake@goodwinlaw.com. On January 16, 2026, I caused the following document to be served:

- **THE CARLYLE GROUP, INC'S OBJECTIONS AND RESPONSES TO LEAD PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS**

on the interested parties listed below by transmitting true and correct copies of the documents in Portable Document Format ("pdf") via electronic mail ("e-mail") from the e-mail address BBlake@goodwinlaw.com to the following e-mail addresses:

- **SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that the above is true and correct. Executed on January 16, 2026, at Boston, Massachusetts.

*s/ Brendan Blake*
Brendan Blake

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 17
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

**SERVICE LIST**

> Michael P. Canty
> Michael H. Rogers
> James T. Christie
> Jacqueline Meyers
> Kaicheng Yu
> Derick Cividini
> Stephen C. Boscolo
> Grace T. Harmon
> Tayler K. Eynon
> **LABATON KELLER SUCHAROW LLP**
> 140 Broadway
> New York, NY 10005
> Tel.: 212-907-0878
> Fax: 212-818-0477
> Email: mcanty@labaton.com
>        mrogers@labaton.com
>        jchristie@labaton.com
>        jmeyers@labaton.com
>        nyu@labaton.com
>        dcividini@labaton.com
>        sboscolo@labaton.com
>        gharmon@labaton.com
>        teynon@labaton.com
>
> *Counsel for Lead Plaintiffs State Teachers Retirement System of Ohio and Ohio Public Employees Retirement System*

CARLYLE'S OBJECTIONS & RESPONSES TO
LEAD PLAINTIFFS' SUBPOENA – 18
(No. 3:24-cv-05739-TMC)

Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
Telephone: 617-570-1000
Fax: 617-523-1231

# EXHIBIT E



February 16, 2026

**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025

**orrick.com**

*Via E-mail*

Jacqueline R. Meyers
LABATON KELLER SUCHAROW
jmeyers@labaton.com

**Molly McCafferty**
**E** mmccafferty@orrick.com
**T** +1 650 614 7351
**M** +1 978 257 3996

Re:    *State Teachers Retirement System of Ohio, et al. v. ZoomInfo Technologies Inc., et al.*

Counsel,

We write on behalf of Defendants in response to your February 9, 2026 letter (the "Letter") regarding Plaintiffs' Requests for Production ("RFPs"). We appreciate Plaintiffs' cooperation and believe agreement is within reach on several issues.  However, many of Plaintiffs' proposals regarding search methodologies and relevant time periods ("RTPs") are inconsistent with the Federal and Local Rules.

Below, we outline the areas of agreement and address Plaintiffs' proposals that remain unreasonable.

> ### A.    <u>Relevant Time Periods</u>

Plaintiffs initially sought an indiscriminate RTP of January 1, 2018 through the present, for all RFPs. Following extensive negotiations, both parties have worked toward an approach that aligns with the Federal Rules' requirements of relevance and proportionality, as well as the Local Rules' mandate that discovery be reasonably targeted and specific. Defendants' most recent proposal, as outlined in our January 30, 2026 letter, was: (1) Default Relevant Time Period (June 4, 2020 – September 4, 2024); (2) "Historical Experience" RFPs (January 1, 2019 – August 5, 2024); and (3) narrower time periods for self-limited RFPs.

While Defendants continue to believe that Plaintiffs' framework and requested date ranges in the Letter are overbroad and insufficiently targeted, we are willing to compromise in the hopes of reaching resolution on these issues. Accordingly, Defendants agree to Plaintiffs' approach to dividing the RFPs into three categories, with the following date ranges:

(1) **<u>Default RTP:</u>** January 1, 2020 – September 4, 2024;



February 16, 2026
Page 2

(2) **RPO & Historical Experience RTP:** January 1, 2019 – September 4, 2024; and

(3) **Self-Defined RTP**: Date range as specified by the particular RFP.

Our agreement to these date ranges is subject to our prior objections regarding scope and relevance, and contingent on the parties' agreement on reasonable search terms and custodians. To the extent that the parties negotiate search terms and custodians that result in unduly burdensome hit counts, Defendants expressly reserve the right to revisit the appropriate date ranges for Plaintiffs' RFPs.

Defendants do not agree with certain Plaintiffs' designations of RFPs within these categories, nor with some proposed time periods for RFPs in the Self-Defined RTP category. For clarity, Defendants group the RFPs as follows:[1]

(1) **Default RTP** *(January 1, 2020 – September 4, 2024)*: RFP Nos. 2, 6, 8, 10, 16, 18, 20, 21, 22, 23, 24, 25, 27, 28, 30, 36, 37, 41, 42, 44, and 46.

(2) **RPO & Historical Experience RTP** *(January 1, 2019 – September 4, 2024)*: RFP Nos. 1, 3, 4, 9, 11, 12, 13, 14, 15, 17, 19, 26, 29, 32, and 40; and

(3) **Self-Defined RTP** *(as defined by RFP)*: RFP Nos.
- 5 (January 1, 2020 – June 4, 2021)
- 7 (March 1, 2020 – December 31, 2022)
- 31 (March 1, 2021 – December 31, 2022)
- 34 (September 1, 2023 – September 5, 2024)
- 35 (January 1, 2023 – December 31, 2024)
- 39 (January 1, 2020 through December 31, 2024)
- 40 (November 10, 2020 – August 4, 2024)
- 49 (whatever date range(s) are included in the underlying subpoena)

---

[1] For the avoidance of doubt, for the reasons stated in Defendants' written responses and objections and previously discussed during the parties' meet and confers, Defendants have not agreed to produce documents responsive to RFP Nos. 33, 38, 47, 51, and 52, and accordingly do not propose a relevant time period for those requests. Additionally, as further detailed in Exhibit A, Defendants do not believe that a defined "relevant time period" is appropriate for RFP Nos. 43, 45, 48, given the nature of those requests.



February 16, 2026
Page 3

- 50 (the Class Period).[2]

Our detailed responses regarding Defendants' positions on the appropriate categorizations, RTPs, scope, and search proposals for the "Meet and Confer RFPs" are set forth in **Exhibit A**.

### B.       Search Methodologies

Plaintiffs' broad objection to "go-get" searches is misplaced. As we have made clear during the parties' meet and confers, central repositories and targeted collections are, in many instances, the most efficient and appropriate means to identify responsive documents, especially for RFPs where custodial searches **would not provide** the information Plaintiffs seek. Plaintiffs' blanket demand for custodial searches for **all RFPs** is disproportionate and would result in unnecessary and burdensome review.   Plaintiffs' only apparent justification for categorically rejecting "go-get" searches is a generalized distrust of Defendants' search processes. *See* Ltr. at 2 ("'[G]o-gets' are problematic insofar as they allow Defendants the sole discretion to exclude potentially responsive Documents"). However, as numerous federal courts have recognized, mere distrust of opposing counsel does not provide a valid basis for disregarding their representations regarding discovery or discovery processes.[3]

Nevertheless, in the spirit of compromise and in light of Plaintiffs' Letter, Defendants agree to conduct custodial searches for certain additional RFPs where such searches are reasonably likely to yield responsive documents proportional to the burden imposed. For those RFPs, Defendants will negotiate mutually agreeable search terms and custodians. However, Defendants will not agree to

---

[2] Defendants continue to believe that December 30, 2024 is an improper end date for the majority of Plaintiffs' RFPs, including those that fall within the "Default RTP" and "RPO & Historical Experience RTP" categories. However, given the parties' prior discussions on meet and convers regarding the potential relevance of certain topics alleged in Plaintiffs' Complaint, Defendants are willing to agree to an end date of December 31, 2024 for RFP Nos. 35 and 39.

[3] *See, e.g.*, *Schessler v. Bass*, No. 1:23-CV-01012-BAM (PC), 2025 WL 2207246, at *3 (E.D. Cal. Aug. 4, 2025) ("While Plaintiff may believe that additional documents exist and are in the possession of Defendant, in the absence of legal or fact-based substantive deficiencies, he is required to accept the responses provided."); *Thomas v. Holmes*, No. 218CV1711DADDMCP, 2023 WL 3853415, at *4 (E.D. Cal. May 5, 2023) ( "Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge sufficient responses"); *Laethem Equipment Co. v. Deere & Co.*, 261 FRD 127, 137 (E.D. Mich. 2009) (absent contrary evidence, "the Court presumes the truthfulness of representations made to the Court by attorneys").



February 16, 2026
Page 4

custodial searches where centralized sources are sufficient or more suitable to obtain the requested information. Our detailed responses to Plaintiffs' specific counterproposals on search methodology are set forth in **Exhibit A.**

### C.    <u>RFP No. 1</u>

As previously noted, Plaintiffs' RFP No. 1 is facially overbroad, as it seeks all documents and communications concerning nearly every aspect of ZoomInfo's customer information across multiple categories and systems, including but not limited to Salesforce. The scope of this request far exceeds what is proportional to the needs of the case and would impose a substantial and unjustified burden on Defendants. In light of Plaintiffs' continued refusal to appropriately narrow the request, Defendants have undertaken efforts to identify a workable solution. At present, we are continuing our assessment of whether a more proportional response—such as customer-by-customer exports from relevant fields within ZoomInfo's systems—is feasible. We will provide an update on our assessment by next week.

<p align="center">***</p>

We trust this letter clarifies Defendants' positions, the areas where agreement has been reached by the parties, as well as those where disputes remain. We remain willing to engage in further discussions to resolve outstanding issues efficiently and in accordance with the governing rules. Please review our detailed responses in Exhibit A and advise if Plaintiffs are prepared to proceed on the bases outlined above. Defendants reserve all rights.

Sincerely,

*/s/ Molly McCafferty*

Molly McCafferty



**UPDATED EXHIBIT A**
**Defendants' Counterproposal to Narrow the Scope of the M&C RFPs**

| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| 3 | All Documents and Communications Concerning any categorization, financial analyses, financial modeling, financial projections, or financial planning conducted or performed by You in connection with ZoomInfo's customer information, Including:  a) Customer category (*e.g.*, SMB, Mid-Market, and Enterprise); b) New customer vs. existing customer (Including any cancellation inquiries/ requests from existing customers); c) Existing customer up-sell vs. existing customer down-sell; d) Product incentives (e.g., discounts tiers, right of return); e) Customers usage/engagement patterns (*e.g.*, ACV or NRR or third-party Data, such as Gainsight or Salesforce.); f) Customer surveys; g) Geographical location; h) Subscription vs. usage-based performance obligation; i) Duration of contract (*e.g.*, month-to-month, annual, multi-year); j) Billing frequency (*e.g.*, in-arrears, monthly, quarterly, annually); k) Customer credit profile based on third-party services or ZoomInfo's proprietary information; l) revenue, RPO, ARR, or collections forecasts prepared during the Class Period, including all versions, supporting data, forecast | **Counterproposal**<br>Documents sufficient to show the methodologies and results of any financial analysis, modeling, projections, or planning conducted in connection with ZoomInfo's customer information, limited to the following categories: (a) Customer category (SMB, Mid-Market, Enterprise); (b) New vs. existing customer; (c) Existing customer up-sell vs. down-sell; (e) Customer usage/engagement patterns, but only to the extent such analyses were relied upon for financial reporting or Class Period disclosures; (l) Revenue, RPO, ARR, or collections forecasts—limited to final versions and summary-level variance analyses presented to senior management or the Board; (m) Customer cohort analyses relating to usage, churn, renewal likelihood, collections behavior, or payment risk, but only at a summary or aggregate level;  (n) Documents sufficient to show the Company's policies regarding obligations, debts, or outstanding payments that were written off, sold, transferred, or otherwise disposed of; and (o) Documents sufficient to show that the RPO had been collected by | **Counterproposal**<br>Lead Plaintiffs cannot agree to Defendants' proposed limitations for RFP 3 to the extent that it excludes communications. Lead Plaintiffs' request expressly seeks both documents and communications concerning the identified categories, as communications are essential to understanding the contemporaneous deliberations, decision-making processes, and the context in which financial analyses, modeling, and planning were conducted. Excluding communications would omit critical responsive documents regarding how methodologies were developed, applied, and revised, as well as the rationale for key assumptions and categorizations.<br><br>Lead Plaintiffs also cannot agree to restrict production to only final versions or summary-level variance analyses presented to senior management or the Board. Drafts, interim analyses, supporting data, and working-level materials are necessary to provide a complete picture of the evolution of the Company's financial planning and customer-related analyses. | **Counterproposal**<br>We note that Plaintiffs continue to refuse to provide or agree to any proposed narrowing of this facially overbroad request (including in light of the parties' repeated meet and confers) and refrain from meaningfully engaging with Defendants' January 30 counterproposal. To facilitate resolution on the parties' negotiations, Defendants will agree to the following:<br><br>Documents and Communications concerning the categorization, financial analyses, financial modeling, financial projections, or financial planning conducted or performed by You in connection with ZoomInfo's customer information, limited to the following categories: (a) Customer category (SMB, Mid-Market, Enterprise); (b) New customer vs. existing customer; (c) Existing customer up-sell vs. existing customer down-sell; (d) Product incentives; (e) Customer usage/engagement patterns; (l) Revenue, RPO, ARR, or collections forecasts prepared during the Class Period; (m) Customer cohort analyses relating to usage, churn, |

1

| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | revisions, and forecast-to-actual variance analyses; m) customer cohort analyses relating to usage, churn, renewal likelihood (*e.g.* Salesforce data), collections behavior, or payment risk; n) Obligations, debts, or outstanding payments between ZoomInfo and customers that were written off, sold, transferred, or otherwise disposed of; and o) The fulfillment of RPO owed to ZoomInfo by its customers, Including documents sufficient to show the transmission of RPO into profits or other metrics indicating that the RPO had been collected by ZoomInfo. | ZoomInfo.<br><br>**Search Proposal**<br>While Defendants' investigation remains ongoing, it is Defendants' current understanding that the information sought by this counterproposal is best addressed through targeted "go-get" collections from central repositories or databases. Defendants are prepared to prioritize their search and production accordingly. If the go-get collection(s) do not yield documents sufficient to respond to this RFP, Defendants are willing to supplement their searches with limited custodial search(es). To promote efficiency, the parties may negotiate applicable search terms for any supplemental custodial search in advance, with the understanding that such custodial search will only be conducted if the go-get collection(s) are insufficient to fully respond to the RFP.<br><br>**RTP Proposal**<br>1/1/2019 – 8/5/2024 (RPO & Historical Experience RTP) | Similarly, Lead Plaintiffs cannot accept a limitation of customer cohort analyses to only summary or aggregate levels; underlying and more granular cohort analyses are directly relevant to Lead Plaintiffs' claims and necessary to test Defendants' representations regarding customer behavior, renewal likelihood, and payment risk. Lead Plaintiffs therefore maintain their request for all documents and communications responsive to RFP 3, without the additional narrowing limitations proposed by Defendants.<br><br>Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 12/31/2024 | renewal likelihood, collections behavior, or payment risk; (n) obligations, debts, or outstanding payments between ZoomInfo and customers that were written off, sold, transferred, or otherwise disposed of; and (o) The fulfillment of RPO owed to ZoomInfo by its customers, including documents sufficient to show the transmission of RPO into profits or other metrics indicating that the RPO had been collected by ZoomInfo.<br><br>Defendants' agreement to this counterproposal is contingent on the understanding that while summary data, aggregate data, and trend-level analyses of the information specified in this RFP is responsive to the request, individual customer data is not responsive.<br><br>**Search Proposal**<br>The parties agree that this RFP will be addressed through a hybrid search. Defendants' agreement is contingent on Plaintiffs' agreement that Defendants will not need to apply search terms for individual customer names to address this request.<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 9/5/2024 |



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| 4 | All Documents and Communications Concerning ZoomInfo's customers' intent to pay for, renew, or honor their contracts with ZoomInfo, Including Documents Concerning ZoomInfo's monitoring, tracking, or review of customers' delinquencies. | **Counterproposal**<br>Documents and Communications concerning ZoomInfo's policies or procedures for monitoring customer delinquencies and renewals, and any periodic reports or dashboards provided to senior management regarding overall renewal or delinquency rates.<br><br>**Search Proposal**<br>"ZoomInfo's policies or procedures for monitoring customer delinquencies and renewals" is best addressed through a "go-get" collection for such policies and procedures. "Documents and Communications concerning" such policies and procedures, as well as "[a]ny periodic reports or dashboards provided to senior management regarding overall renewal or delinquency rates," would be identified utilizing custodial searches.<br><br>**RTP Proposal**<br>1/1/2019 – 8/5/2024 (RPO & Historical Experience RTP) | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal for RFP No. 4, relating to its language, on the condition that "policies or procedures" is interpreted to include documents and communications reflecting customer intent, irrespective of their formal policy status, and that "periodic reports or dashboards" includes all relevant reports, not solely those provided to senior management.<br><br>Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 12/31/2024 | **Counterproposal**<br>Defendants agree to Plaintiffs' February 9 proposal on the language of RFP 4, including the interpretation of "policies or procedures."<br><br>**Search Proposal**<br>The parties agree that this RFP will be addressed through a hybrid search.<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 9/5/2024 |
| 5 | All Documents and Communications Concerning ZoomInfo's efforts to sign up new customers before the Company's Initial Public Offering on or around June 4, 2020. *See, e.g.*, ¶¶ 119-25. | **Counterproposal**<br>Documents and Communications concerning any written policy or directive from senior management regarding customer acquisition practices in the six months prior to | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal on the condition (and with Defendants' assurance) that "written policy or directive from senior management" | **Counterproposal**<br>Defendants agree to Plaintiffs' February 9 proposal on the language of RFP 5, including the interpretation of "written policy or directive from senior management." |

3



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | | the Company's IPO.<br><br>**Search Proposal**<br>A "written policy" regarding "customer acquisition practices" is best addressed through a "go-get" collection for any such policy. "Documents and Communications concerning" such policies or any directive from senior management regarding customer acquisition practices would be identified utilizing custodial searches.<br><br>**RTP Proposal**<br>1/1/2020 – 6/30/2020 (Modified RTP) | includes all directives, guidance, or practices issued or encouraged by management and senior executives, regardless of whether they were memorialized in formal written policies or procedures.<br><br>Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 12/31/2024 | **Search Proposal**<br>The parties agree that this RFP will be addressed through a hybrid search.<br><br>**RTP Proposal**<br>Self-Defined RTP: 1/1/2020 – 12/31/2021 |
| 7 | Documents sufficient to identify any changes, updates, or revisions to ZoomInfo's sales strategy in response to the COVID-19 pandemic, Including the reasons or basis for such changes, updates, or revisions. *See, e.g.*, ¶¶ 119-32. | **Counterproposal**<br>Documents and Communications concerning any Company-wide changes to sales practices or policies in response to the COVID-19 pandemic, as approved by senior management, and the reasons for such changes.<br><br>**Search Proposal**<br>"Documents and Communications concerning any Company-wide changes to sales practices or | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal on the condition (and with Defendants' assurance) that "company-wide process(es)" includes all directives, guidance, or practices issued or encouraged by management and senior executives, regardless of whether they were memorialized in formal written policies or procedures or explicitly "approved by senior management." | **Counterproposal**<br>Defendants agree to Plaintiffs' February 9 proposal on the language of RFP 7.<br><br>**Search Proposal**<br>The parties agree that this RFP will be addressed through a hybrid search.<br><br>**RTP Proposal**<br>Self-Defined RTP: 3/1/2020 – 12/31/2023 |



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | | policies" are best addressed through a targeted "go-get" collection for such practices or policies, in combination with limited custodial searches.<br><br>**RTP Proposal**<br>3/1/2020 – 12/31/2022 (Modified RTP) | Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 12/31/2024 | |
| 8 | All Documents and Communications Concerning the increase and/or growth in ZoomInfo's customer base, Including Documents sufficient to identify the reason for such increase and/or growth. *See, e.g.*, ¶¶ 118-119, 162. | **Counterproposal**<br>Documents sufficient to show overall trends in the growth of ZoomInfo's customer base during the Class Period and, to the extent such documents exist, the principal reasons for such customer growth trends.<br><br>**Search Proposal**<br>While Defendants' investigation remains ongoing, it is Defendants' current understanding that the information sought by this counterproposal is best addressed through targeted "go-get" collections from central repositories or databases. Defendants are prepared to prioritize their search and production accordingly. If the "go-get" collection(s) do not yield | **Counterproposal**<br>Lead Plaintiffs cannot agree to narrow this request to exclude Communications, but otherwise agree to Defendants' counterproposal on the condition (and with Defendants' assurance) that the term "principal" will be interpreted to include all documents relevant to the claims and defenses in this litigation.<br><br>Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts. | **Counterproposal**<br>Documents and Communications concerning overall trends in the growth of ZoomInfo's customer base during the Class Period and, to the extent such documents exist, the principal reasons for such customer growth trends.<br><br>Defendants will also agree to Plaintiffs' interpretation of the term "principal."<br><br>**Search Proposal**<br>The parties agree that this RFP will be addressed through a hybrid search. Defendants' agreement is contingent on Plaintiffs' agreement that Defendants will not need to apply search terms for individual customer names to address this request. |

5



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | | documents sufficient to respond to this RFP, Defendants are willing to supplement their searches with limited custodial search(es). To promote efficiency, the parties may negotiate applicable search terms for any supplemental custodial search in advance, with the understanding that such custodial search will only be conducted if the "go-get" collection(s) are insufficient to fully respond to the RFP.<br><br>**RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | **Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 12/31/2024 | **RTP Proposal**<br>Default RTP: 1/1/2020 – 9/5/2024 |
| 9 | All Documents and Communications Concerning ZoomInfo's Revenue Recognition (Including Variable Consideration and Portfolio Method) and the Company's Policies (Including (policy white papers or revenue recognition memos) for Revenue Recognition (Including Variable Consideration and Portfolio Method), Including Documents sufficient to show that the Company did (or did not) comply with the applicable accounting framework or guidance and Documents Concerning any change in the Company's Revenue Recognition methodology (Including Variable Consideration and Portfolio Method) contemplated, proposed, or implemented. | **Counterproposal**<br>Documents and Communications concerning ZoomInfo's revenue recognition (including variable consideration and the portfolio method), ZoomInfo's Company-wide policies and practices for revenue recognition (including variable consideration and the portfolio method), and any substantive changes to those policies or practices that were contemplated, proposed, or implemented. For the avoidance of doubt, this counterproposal does not contemplate the collection of documents concerning revenue recognized on an individual customer basis.<br>Documents and Communications | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal on the condition (and with Defendants' assurance) that "company-wide process(es)" includes all directives, guidance, or practices issued or encouraged by management and senior executives, regardless of whether they were memorialized in formal written policies or procedures or explicitly "approved by senior management."<br><br>Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered | **Counterproposal**<br>Defendants agree to Plaintiffs' February 9 proposal on the language of RFP 9.<br><br>**Search Proposal**<br>The parties agree that this RFP will be addressed through a hybrid search.<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 9/5/2024 |

orrick

| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | | concerning the Company's compliance with the applicable accounting framework or guidance for revenue recognition.<br><br>**Search Proposal**<br>"Company-wide policies or practices" are best addressed through a targeted "go-get" collection for such practices or policies. The remainder of Defendants' counterproposal lends itself to custodial searches.<br><br>**RTP Proposal**<br>1/1/2019 – 8/5/2024 (RPO & Historical Experience RTP) | by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 12/31/2024 | |
| 10 | All Documents and Communications Concerning any processes, systems, or methods used by You to track, monitor, or evaluate customer retention or renewal, Including any reports, presentations, or analyses Relating to customer attrition or a decrease in customer retention or renewals. | **Counterproposal**<br>Documents sufficient to show the processes or systems used to track customer retention or renewal, and any periodic reports provided to senior management regarding overall retention rates.<br><br>**Search Proposal**<br>"Documents sufficient to show the processes or systems used to track customer retention or renewal" is best addressed through a "go-get" collection for such documents. "Any periodic reports or dashboards provided to senior management regarding overall retention rates" would be identified utilizing a | **Counterproposal**<br>Lead Plaintiffs cannot agree to narrow this request to exclude Communications, but otherwise agree to Defendants' counterproposal.<br><br>Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal**<br>Hybrid | **Counterproposal**<br>Documents and Communications regarding the processes or systems used to track customer retention or renewal, and any periodic reports provided to senior management regarding overall retention rates.<br><br>**Search Proposal**<br>The parties agree that this RFP will be addressed through a hybrid search.<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 9/5/2024 |



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | | custodial search, as any such documents would likely be transmitted to senior management via email.<br><br>**RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | **RTP Proposal**<br>Default RTP: 1/1/2020 – 12/31/2024 | |
| 11 | All Documents and Communications Concerning any executive dashboards, key performance indicators ("KPI") reports, or other recurring reports provided to senior leadership regarding revenue recognition, RPO, customer usage, churn or renewal risk, customer health, collections, or payment-risk indicators. | **Counterproposal**<br>Documents and Communications concerning periodic (e.g., quarterly or monthly) executive-level dashboards or KPI reports provided to the Individual Defendants or other officers reflecting RPO, revenue recognition, customer usage, churn/renewal, collections, or payment risk.<br><br>**Search Proposal**<br>This counterproposal lends itself to custodial searches.<br><br>**RTP Proposal**<br>1/1/2019 – 8/5/2024 (RPO & Historical Experience RTP) | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal on the condition (and with Defendants' assurance) that the counterproposal be modified to include "customer health."<br><br>**Search Proposal**<br>Custodial Searches<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 12/31/24 | **Counterproposal**<br>Defendants agree to Plaintiffs' February 9 proposal on the language of RFP 11.<br><br>**Search Proposal**<br>The parties agree that custodial searches are appropriate.<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 9/5/2024 |
| 12 | All Documents and Communications upon which ZoomInfo relied when stating in their SEC filings that "[t]he Company estimates these amounts based on historical experience and reduces revenue recognized." *See, e.g.*, ¶ 134 n. 14. | **Counterproposal**<br>In the spirit of compromise, Defendants will agree to RFP No. 12 as written, but reiterate their objections based on the attorney-client privilege and work product doctrines.<br><br>**Search Proposal** | **Counterproposal**<br>Lead Plaintiffs acknowledge and accept Defendants' agreement to RFP No. 12 as proposed.<br><br>**Search Proposal**<br>Custodial Searches<br><br>**RTP Proposal** | **Counterproposal**<br>The parties are in agreement regarding the language of RFP 12.<br><br>**Search Proposal**<br>The parties agree that custodial searches are appropriate.<br><br>**RTP Proposal** |



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | | This request lends itself to custodial searches.<br><br>**RTP Proposal**<br>6/4/2020 – 8/5/2024 (Modified RTP) | RPO & Historical Experience RTP:<br>1/1/2019 – 12/31/2024 | RPO & Historical Experience RTP:<br>1/1/2019 – 9/5/2024 |
| 13 | All Documents and Communications Concerning ZoomInfo's RPO, Including any identification, calculations, analyses, evaluations, or projections of RPO, any Policies related thereto, any internal meetings Concerning identification, calculations, analyses, evaluations, or projections of RPO, and any changes to the methodology, inputs, or assumptions used to calculate or forecast RPO during the Class Period, including Documents identifying when such changes occurred and who approved or implemented them. | **Counterproposal**<br>Documents and Communications reflecting ZoomInfo's policies, methodologies, and substantive changes to the calculation or forecasting of RPO, including Documents identifying when such changes occurred and who approved or implemented them, as well as final analyses or projections of RPO presented to senior management or the Board.<br><br>**Search Proposal**<br>ZoomInfo's "policies, methodologies and substantive changes to the calculation or forecasting of RPO" and "final analyses or projections of RPO" presented to the Board are best addressed through a targeted "go-get" collection for such documents and Board materials. The remainder of Defendants' counterproposal lends itself to custodial searches.<br><br>**RTP Proposal**<br>11/10/2020 – 8/5/2024 (Modified RTP) | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal on the condition (and with Defendants' assurance) that, for purposes of RFP 13, the term "substantive changes" will be interpreted broadly so as not to exclude documents that are clearly relevant to the claims and defenses in this litigation, and that all final analyses and projections of RPO will be produced, regardless of whether they were presented to senior management or the Board.<br><br>Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal**<br>Hybrid<br>**RTP Proposal**<br>RPO & Historical Experience RTP: | **Counterproposal**<br>Defendants agree to Plaintiffs' February 9 proposal on the language of RFP 13.<br><br>**Search Proposal**<br>The parties agree that this RFP will be addressed through a hybrid search.<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP:<br>1/1/2019 – 9/5/2024 |



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | | | 1/1/2019 – 12/31/2024 | |
| 16 | All Documents and Communications concerning any changes to ZoomInfo's sales practices during the Class Period, including changes relating to discount approval thresholds, credit-approval requirements, upfront payment requirements, contract terms, or auto-renewal enforcement. | **Counterproposal** Documents and Communications concerning Company-wide changes to sales practices that relate to (a) customer vetting/credit approval, (b) upfront payment requirements, or (c) auto-renewal enforcement, as approved or implemented by senior management.<br><br>**Search Proposal** "Company-wide changes to sales practices" sought by this counterproposal are best addressed through a targeted "go-get" collection from central repositories or databases. The remainder of Defendants' counterproposal lends itself to custodial searches.<br><br>**RTP Proposal** 11/10/2020 – 8/5/2024 (Modified RTP) | **Counterproposal** Lead Plaintiffs can agree to Defendants' counterproposal on the condition (and with Defendants' assurance) that "company-wide process(es)" includes all directives, guidance, or practices issued or encouraged by management and senior executives, regardless of whether they were memorialized in formal written policies or procedures or explicitly "approved or implemented by senior management."<br><br>Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal** Hybrid<br><br>**RTP Proposal** RPO & Historical Experience RTP: 1/1/2019 – 12/31/2024 | **Counterproposal** Defendants agree to Plaintiffs' February 9 proposal on the language of RFP 16.<br><br>**Search Proposal** The parties agree that this RFP will be addressed through a hybrid search.<br><br>**RTP Proposal** Default RTP: 1/1/2020 – 9/5/2024 |
| 18 | All Documents and Communications Concerning credit memos issued or requested by customers, billing disputes, payment issues, | **Counterproposal** Defendants maintain their objections to RFP No. 18. However, should the parties reach agreement on an | **Counterproposal** Lead Plaintiffs acknowledge Defendants' position and are willing to revisit the scope of RFP No. 18 | **Counterproposal** N/A<br><br>**Search Proposal** |

10



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | cancellation requests, or auto-renewal, Including all complaint logs, escalation records, and system exports. | appropriate scope and proposal for RFP No. 1, Defendants are willing to revisit whether the information sought by RFP No. 18 can be addressed within that framework.<br><br>**Search Proposal**<br>N/A<br><br>**RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | following resolution of RFP No. 1. In the interim, Lead Plaintiffs maintain RFP No. 18 as served<br><br>**Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 12/31/2024 | N/A<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 9/5/2024 |
| 19 | All Documents and Communications Concerning ZoomInfo's accounts receivable for customer contracts, Including any analyses, review, projection, or internal meetings in connection with accounts receivable that were delinquent and/or were eventually written off as uncollectible or as Bad Debt Expense. | **Counterproposal**<br>Documents and Communications concerning ZoomInfo's total accounts receivable, including the overall amount and trend of delinquent accounts or bad debt write-offs, as well as written policies, procedures, and methodologies for handling delinquent accounts, writing off bad debt, and recognizing bad debt expense, and any reports or summaries provided to senior management or the Board reflecting the amount and trend of delinquent accounts or bad debt write-offs.<br><br>**Search Proposal**<br>ZoomInfo's "written policies, procedures, and methodologies for handling delinquent accounts, writing off bad debt, and recognizing bad debt expense" and "any reports or summaries provided to" the Board are best addressed through targeted | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal on the condition (and with Defendants' assurance) that "total accounts receivable" is construed to include accounts receivable arising from customer contracts (including delinquent customer contract receivables and bad debt write-offs).<br><br>Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal**<br>Hybrid | **Counterproposal**<br>Defendants agree to Plaintiffs' February 9 proposal on the language of RFP 19, including the interpretation of "total accounts receivable."<br><br>Defendants' agreement is contingent on the understanding that while summary data, aggregate data, and trend-level analyses of the information specified in this RFP may be responsive to the request, individual customer data is not responsive.<br><br>**Search Proposal**<br>The parties agree that this RFP will be addressed through a hybrid search. Defendants' agreement is contingent on Plaintiffs' agreement that Defendants will not need to apply search terms for individual customer names to address this request. |



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | | "go-get" collections for such documents and Board materials. The remainder of Defendants' counterproposal lends itself to custodial searches.<br><br>**RTP Proposal**<br>1/1/2019 – 8/5/2024 (RPO & Historical Experience RTP) | **RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 12/31/2024 | **RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 9/5/2024 |
| 20 | All Documents and Communications Concerning ZoomInfo's efforts to collect outstanding or delinquent payments from customers, Including (i) Documents sufficient to identify any Debt Collectors, retained or engaged by ZoomInfo to collect outstanding payments from delinquent customers on behalf of ZoomInfo and (ii) Documents Concerning ZoomInfo's sale, transfer, surrender, or dispose of delinquent debt to Debt Collectors. | **Counterproposal**<br>Documents and Communications concerning any aggregate reports or summary data reflecting the volume and value of delinquent accounts referred or sold to debt collectors, and any Company-wide written policy or procedure for referring accounts to collections or selling/transferring delinquent debt.<br><br>**Search Proposal**<br>"Any Company-wide written policy or procedure for referring accounts to collections or selling/transferring delinquent debt" is best addressed through a targeted "go-get" collection of such policies and procedures.  The remainder of Defendants' counterproposal lends itself to custodial searches.<br><br>**RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal on the condition (and with Defendants' assurance) that "company-wide process(es)" includes all directives, guidance, or practices issued or encouraged by management and senior executives, regardless of whether they were memorialized in formal written policies or procedures, and that the request includes any other efforts to collect outstanding or delinquent payments to the extent such other efforts exist.<br><br>Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal**<br>Hybrid | **Counterproposal**<br>Defendants agree to Plaintiffs' February 9 proposal on the language of RFP 20, including the interpretation of "company-wide process(es)."<br><br>**Search Proposal**<br>The parties agree that this RFP will be addressed through a hybrid search. Defendants' agreement is contingent on Plaintiffs' agreement that Defendants will not need to apply search terms for individual customer names to address this request.<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 9/5/2024 |

12



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | | | **RTP Proposal**<br>Default RTP: 1/1/2020 – 12/31/2024 | |
| 21 | All Documents and Communications Concerning the usage, utilization rates, or account health score of the Company's products, Including all projections, analyses, actual results, and internal meetings to review or discuss usage or utilization of the Company's products. *See, e.g.,* ¶¶ 171-175. | **Counterproposal**<br>Reports or analyses reflecting product usage, utilization rates, or account health scores that were prepared for or presented to senior management or the Board.<br><br>**Search Proposal**<br>"Reports or analyses reflecting product usage, utilization rates, or account health scores that were prepared for or presented to senior management" lends itself to custodial searches. "Reports or analyses...prepared for or presented to" the Board is best addressed by a "go-get" collection for Board materials.<br><br>**RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | **Counterproposal**<br>Lead Plaintiffs cannot agree to Defendants' counterproposal and Lead Plaintiffs maintain that the scope of RFP No. 21 should remain as originally drafted.<br><br>Lead Plaintiffs respectfully submit that documents and communications concerning the usage, utilization rates, or account health score of the Company's products, including all projections, analyses, actual results, and internal meetings to review or discuss usage or utilization, are relevant and should be produced, irrespective of whether they were prepared for or presented to senior management or the Board, as set forth in the original request.<br><br>Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal** | **Counterproposal**<br>Documents and Communications concerning aggregate analyses of the usage, utilization rates, or account health score of the Company's products.<br><br>Defendants' agreement is contingent on the understanding that while summary data, aggregate data, and trend-level analyses of the information specified in this RFP may be responsive to the request, individual customer data is not responsive.<br><br>**Search Proposal**<br>The parties agree that this RFP will be addressed through a hybrid search. Defendants' agreement is contingent on Plaintiffs' agreement that Defendants will not need to apply search terms for individual customer names to address this request.<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 9/5/2024 |



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | | | Hybrid<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 12/31/2024 | |
| 23 | All Documents and Communications Concerning all Customer Disputes, Including Documents and Communications Concerning the termination and/or non-renewal of contracts by customers. | **Counterproposal**<br>Defendants maintain their objections to RFP No. 23. However, should the parties reach agreement on an appropriate scope and proposal for RFP No. 1, Defendants are willing to revisit whether the information sought by RFP No. 23 can be addressed within that framework.<br><br>**Search Proposal**<br>N/A<br><br>**RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | **Counterproposal**<br>Lead Plaintiffs acknowledge Defendants' position and are willing to revisit the scope of RFP No. 23 following resolution of RFP No. 1. In the interim, Lead Plaintiffs maintain RFP No. 23 as served.<br><br>**Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>Default RTP: 1/1/2024 – 12/31/2024 | **Counterproposal**<br>N/A<br><br>**Search Proposal**<br>N/A<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 9/5/2024 |
| 24 | All Documents and Communications Concerning all tactics, practices, plans, or actions undertaken by ZoomInfo to retain customers and/or renew customers' contracts, Including ZoomInfo's attempts to enforce the auto-renewal provision in customers' contracts. *See, e.g.*, ¶¶ 178-82. | **Counterproposal**<br>Documents and Communications regarding Company-wide practices or policies regarding customer retention, the renewal of customer contracts, and auto-renewal provisions in customer agreements.<br><br>**Search Proposal**<br>"Company-wide practices or policies" are best addressed through a "go-get" collection for any such policies or practices. The remainder of this counterproposal lends itself to custodial searches. | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal on the condition (and with Defendants' assurance) that "company-wide process(es)" includes all directives, guidance, or practices issued or encouraged by management and senior executives, regardless of whether they were memorialized in formal written policies or procedures.<br><br>Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" | **Counterproposal**<br>Defendants agree to Plaintiffs' February 9 proposal on the language of RFP 24, including the interpretation of "company-wide process(es)."<br><br>**Search Proposal**<br>The parties agree that this RFP will be addressed through a hybrid search.<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 9/5/2024 |



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | | **RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 12/31/2024 | |
| 25 | All Documents and Communications Concerning marketing surveys conducted by the Company, Including the Marketing Survey referenced in ¶¶ 158-60, Including any notes, minutes, attendance list, or notes for any meeting(s) where any such marketing surveys were presented. | **Counterproposal**<br>Documents and Communications regarding the Marketing Survey referenced in ¶¶ 158-160.<br><br>**Search Proposal**<br>"The Marketing Survey referenced in ¶¶ 158-160" is best addressed through a "go-get" collection for such survey. The remainder of this counterproposal lends itself to custodial searches. Additionally, to the extent other marketing surveys are identified in connection with Plaintiffs ROG on this issue and are relevant to the claims and defenses in this litigation, Defendants are willing to meet and confer about conducting limited custodial searches in connection with those surveys as well.<br><br>**RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal.<br><br>Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 12/31/2024 | **Counterproposal**<br>The parties agree regarding the language of RFP 25.<br><br>**Search Proposal**<br>The parties agree that this RFP will be addressed through a hybrid search.<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 9/5/2024 |



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| 26 | All Documents and Communications upon which Defendants relied when making public statements during the Class Period Concerning RPO. *See, e.g.,* ¶¶ 254, 263, 274, 276, 283, 288, 298, 300, 309, 311, 313, 317, 321, 323-24, 326-27, 329, 333, 338, 340, 342-43, 345-46, 351-52, 354. | **Counterproposal**<br>Documents and Communications actually relied upon by the Individual Defendants in making the Class Period statements concerning RPO specifically identified in the Complaint.<br><br>**Search Proposal**<br>This counterproposal lends itself to custodial searches.<br><br>**RTP Proposal**<br>8/10/2020 – 8/5/2024 (Modified RTP) | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal.<br><br>**Search Proposal**<br>Custodial Searches<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 12/31/2024 | **Counterproposal**<br>The parties agree regarding the language of RFP 26.<br><br>**Search Proposal**<br>The parties agree that custodial searches are appropriate.<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 9/5/2024 |
| 27 | All Documents and Communications Concerning ZoomInfo's SOX Certifications, Including all Documents and Communications supporting Defendants Schuck and Hyzer's signatures and attestation to the SOX Certification. *See, e.g.,* ¶¶ 448-51. | **Counterproposal**<br>Documents and Communications reflecting Defendants Schuck and Hyzer's evaluation of ZoomInfo's Class Period financial reporting to inform their SOX certifications and attestations during the Class Period.<br><br>**Search Proposal**<br>This counterproposal lends itself to custodial searches.<br><br>**RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal.<br><br>**Search Proposal**<br>Custodial Searches<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 12/31/2024 | **Counterproposal**<br>The parties agree regarding the language of RFP 27.<br><br>**Search Proposal**<br>The parties agree that custodial searches are appropriate.<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 9/5/2024 |
| 28 | All Documents and Communications Concerning any SOX control narratives, control matrices, control testing results, identified control deficiencies (including control deficiencies, significant deficiencies and material weaknesses), | **Counterproposal**<br>Documents and Communications concerning SOX controls, identified control deficiencies (including significant deficiencies and material weaknesses), or remediation plans to the extent they are related to revenue | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal.<br><br>**Search Proposal**<br>Custodial Searches | **Counterproposal**<br>The parties agree regarding the language of RFP 28.<br><br>**Search Proposal**<br>The parties agree that custodial searches are appropriate. |

16



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | remediation plans, or discussions of material weaknesses Relating to revenue recognition, RPO, accounts receivable, bad debt expense, credit memos, or collectability. | recognition, RPO, accounts receivable, bad debt expense, credit memos, or collectability.<br><br>**Search Proposal**<br>This counterproposal lends itself to custodial searches.<br><br>**RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | **RTP Proposal**<br>Default RTP: 1/1/2020 – 12/31/2024 | **RTP Proposal**<br>Default RTP: 1/1/2020 – 9/5/2024 |
| 29 | All Documents and Communications Concerning ZoomInfo's internal audit reports and procedures performed by ZoomInfo's internal auditors regarding ZoomInfo's Revenue Recognition (Including Variable Consideration or Portfolio Method), RPO, accounts receivable, bad debt expense, credit memos, customer collectability, customer data, customer usage, or customer retention during the Relevant Time Period. | **Counterproposal**<br>Documents and Communications concerning internal audit reports that address revenue recognition, RPO, accounts receivable, or bad debt expense, or Company-wide customer collectability, usage, or retention.<br><br>**Search Proposal**<br>This counterproposal lends itself to custodial searches.<br><br>**RTP Proposal**<br>1/1/2019 – 8/5/2024 (RPO & Historical Experience RTP) | **Counterproposal**<br>Lead Plaintiffs remain unclear as to the term "company-wide customer collectability" as used in Defendants' counterproposal. Lead Plaintiffs respectfully request that Defendants clarify whether this term refers to aggregate analyses of collectability across ZoomInfo's entire customer base, specific policies or procedures addressing collectability at the organizational level, or some other category of documents or communications. Such clarification is necessary to ensure that the scope of discovery is appropriately tailored and that both parties share a mutual understanding of the information sought.<br><br>**Search Proposal**<br>Custodial Searches<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP: | **Counterproposal**<br>Documents and Communications concerning ZoomInfo's internal audit reports regarding ZoomInfo's Revenue Recognition, RPO, accounts receivable, bad debt expense, or credit memos, or aggregate analyses of customer collectability, customer usage, or customer retention, as well as specific policies or procedures addressing collectability.<br><br>**Search Proposal**<br>The parties agree that custodial searches are appropriate.<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 9/5/2024 |

17



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | | | 1/1/2019 – 12/31/2024 | |
| 31 | All Documents and Communications Concerning any "increased scrutiny" by ZoomInfo's customers, as described by the Company on November 1, 2022 and November 16, 2022. *See, e.g.*, ¶¶ 191, 198-99. | **Counterproposal**<br>Reports, presentations, or summaries provided to senior management or the Board during 2022 that discuss trends in customer renewal behavior, including references to "increased scrutiny," extended sales cycles, or heightened customer diligence during the renewal process.<br><br>**Search Proposal**<br>"Reports, presentations, or summaries provided to" the Board is best addressed by a targeted "go-get" collection of Board materials. The remainder of this counterproposal lends itself to custodial searches.<br><br>**RTP Proposal**<br>1/1/2022 – 11/15/2022 (Modified RTP) | **Counterproposal**<br>Lead Plaintiffs cannot agree to Defendants' counterproposal. First, Lead Plaintiffs cannot agree to exclude Communications from RFP 31. Second, the scope of RFP 31 should not be limited solely to reports, presentations, or summaries provided to the Board. Rather, Documents and Communications concerning "increased scrutiny," extended sales cycles, or heightened customer diligence during the renewal process.<br><br>Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 12/31/2024 | **Counterproposal**<br>Documents and Communications concerning any "increased scrutiny" by ZoomInfo's customers, as described by the Company on November 1, 2022 and November 16, 2022.<br><br>Defendants' agreement is contingent on the understanding that while summary data, aggregate data, and trend-level analyses of the information specified in this RFP may be responsive to the request, individual customer data is not responsive.<br><br>**Search Proposal**<br>In light of the above revision of Defendants' counterproposal, custodial searches are appropriate for this request. Defendants' agreement is contingent on Plaintiffs' agreement that Defendants will not need to apply search terms for individual customer names to address this request.<br><br>**RTP Proposal**<br>Self-Defined RTP: 1/1/2021 – 12/31/2022 |
| 35 | All Documents and Communications Concerning Michael O'Brien's statement during the December 4, 2024 Wells Fargo TMT Summit, as | **Counterproposal**<br>In the spirit of compromise, Defendants will agree to RFP No. 35 as written but maintain their written | **Counterproposal**<br>Lead Plaintiffs acknowledge and accept Defendants' agreement to RFP No. 35 as proposed. | **Counterproposal**<br>The parties agree regarding the language of RFP 35. |

18



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | referenced in ¶ 446, Including any internal reports, presentations, or analyses Relating to "incremental weakness" in certain customers in late 2023 and 2024. *See, e.g.,* ¶ 446. | objections.<br><br>**Search Proposal**<br>This request lends itself to custodial searches.<br><br>**RTP Proposal**<br>6/1/2023 – 12/4/2024 (Modified RTP) | **Search Proposal**<br>Custodial Searches<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 12/31/2024 | **Search Proposal**<br>The parties agree that custodial searches are appropriate.<br><br>**RTP Proposal**<br>Self-Defined RTP: 1/1/2023 – 12/31/2024 |
| 37 | All Documents and Communications Concerning DO Holdings, Including Documents sufficient to show Defendant Schuck's control over DO Holdings. | **Counterproposal**<br>Defendants maintain their objections to RFP No. 37. In light of the Court's dismissal of DO Holdings, it is incumbent upon Plaintiffs to clearly identify the specific relevant information they seek in connection with this request before Defendants will consider any further response.<br><br>**Search Proposal**<br>N/A<br><br>**RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | **Counterproposal**<br>Lead Plaintiffs respectfully disagree with Defendants' position that the Court's dismissal of DO Holdings as a party has any bearing on the relevance of discovery concerning Defendant Schuck's control over DO Holdings.<br><br>Accordingly, Lead Plaintiffs maintain that Defendants are obligated to produce documents responsive to RFP No. 37, regardless of DO Holdings' status as a dismissed party.<br><br>To the extent that Defendants maintain their position that this RFP does not seek relevant information, Lead Plaintiffs are available to meet and confer.<br>**Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 12/31/2024 | **Counterproposal**<br>Defendants note that Plaintiffs continue to refuse to provide or agree to any proposed narrowing of this facially overbroad request or provide any justification of the relevance of such request in light of the Court's dismissal of DO Holdings. Nevertheless, in the interests of compromise, Defendants will agree to the following:<br><br>Documents and Communications concerning Henry Schuck's control over DO Holdings.<br><br>**Search Proposal**<br>The parties agree that this RFP will be addressed through a hybrid search.<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 9/5/2024 |
| 38 | All Documents and Communications Concerning TA Associates | **Counterproposal**<br>Defendants maintain their objections | **Counterproposal**<br>Lead Plaintiffs respectfully disagree | **Counterproposal**<br>Defendants note that Plaintiffs |



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | Management, L.P. and the Carlyle Group Inc., Including Documents sufficient to show their control over ZoomInfo. | to RFP No. 38. In light of the Court's dismissal of TA Associates and the Carlyle Group, it is incumbent upon Plaintiffs to clearly identify the specific relevant information they seek in connection with this request before Defendants will consider any further response.<br><br>**Search Proposal**<br>N/A<br><br>**RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | with Defendants' position that the Court's dismissal of TA Associates Management, L.P. and Carlyle Group Inc., as parties has any bearing on the relevance of discovery concerning the entities control over ZoomInfo.<br><br>Accordingly, Lead Plaintiffs maintain that Defendants are obligated to produce documents responsive to RFP No. 38, regardless of the entities' status as a dismissed party.<br><br>To the extent that Defendants maintain their position that this RFP does not seek relevant information, Lead Plaintiffs are available to meet and confer.<br><br>**Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 12/31/2024 | continue to refuse to provide or agree to any proposed narrowing of this facially overbroad request or provide any justification of the relevance of such request in light of the Court's dismissal of TA Associates and Carlyle. Defendants invite Plaintiffs to specifically identify why the information sought by this RFP is relevant. Until Plaintiffs do so, Defendants stand on their objections to RFP No. 38.<br><br>**Search Proposal**<br>N/A<br><br>**RTP Proposal**<br>N/A |
| 39 | All Documents and Communications exchanged between ZoomInfo and KPMG Concerning KPMG's audits of ZoomInfo's Financial Statements (e.g., Revenue Recognition or allowance for doubtful accounts), Including KPMG's review, revision, or approval of ZoomInfo's RPO, as well as all Documents and Communications KPMG requested or received in connection with those | **Counterproposal**<br>Documents and Communications exchanged between ZoomInfo and KPMG concerning KPMG's Class Period audits of ZoomInfo's financial statements reflecting or relating to revenue recognition, allowance for doubtful accounts, or RPO.<br><br>**Search Proposal**<br>This counterproposal lends itself to | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal.<br><br>**Search Proposal**<br>Custodial Searches<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP: 1/1/2019 – 12/32/2024 | **Counterproposal**<br>The parties agree regarding the language of RFP 39.<br><br>**Search Proposal**<br>The parties agree that custodial searches are appropriate<br><br>**RTP Proposal**<br>Self-Defined RTP: 1/1/2020 – 12/31/2024 |

20

orrick

| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | audits. | custodial searches.<br><br>**RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | | |
| 40 | All Documents and Communications Concerning any third-party consultants, auditors, advisors, or firms retained to assist with ZoomInfo's market competitiveness, Financial Statements, go-to-market or sales strategy, Revenue Recognition (Including Variable Consideration and Portfolio Method), and RPO during the Class Period. | **Counterproposal**<br>Documents and Communications regarding any reports, presentations, or formal findings provided by third-party consultants, auditors, or advisors to ZoomInfo's senior management or Board during the Class Period, to the extent such documents specifically address revenue recognition (including variable consideration and portfolio method) or RPO.<br><br>**Search Proposal**<br>This counterproposal lends itself to custodial searches, in addition to a "go-get" collection of Board materials.<br><br>**RTP Proposal**<br>11/10/2020 – 8/4/2024 (Modified) | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal on the condition that it is not limited to documents provided to senior management or the Board and also includes Documents and Communications, including internal communications, concerning the third-party's findings on ZoomInfo's market competitiveness, Financial Statements, and go-to-market or sales strategy, in addition to RPO.<br><br>Beyond the foregoing, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP:<br>1/1/2019 – 12/31/2024 | **Counterproposal**<br>Defendants agree to Plaintiffs' February 9 proposal on the language of RFP 40.<br><br>**Search Proposal**<br>In light of the above revision of Defendants' counterproposal, custodial searches are appropriate for this request.<br><br>**RTP Proposal**<br>RPO & Historical Experience RTP:<br>1/1/2019 – 9/5/2024 |
| 43 | All Documents and Communications sufficient to identify the computers, | **Counterproposal**<br>In accordance with Judge | **Counterproposal**<br>Lead Plaintiffs respectfully disagree | **Counterproposal**<br>Defendants stand on their objections |



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | smart phones, tablets, or other mobile devices utilized by the Individual Defendants for voice calls, video call, e-mail, messaging, text messaging, or similar Communications. | Cartwright's Chamber Procedures, Defendants will provide Plaintiffs with information regarding custodians, data sources, file types, date restrictions, and search terms for the ESI that Defendants produce. Defendants have also agreed to produce documents in response to RFP No. 44. Plaintiffs have not articulated any relevance for RFP No. 43 beyond what Defendants have already agreed to provide. Unless and until Plaintiffs do so, Defendants stand on their objections.<br><br>**Search Proposal**<br>N/A<br><br>**RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | with Defendants' position and maintain RFP No. 43 as written. Defendants' commitment to comply with Judge Cartwright's chambers procedures concerning ESI and to respond to RFP No. 44 does not overlap with RFP No. 43 and Lead Plaintiffs maintain that the request is relevant to the adequacy of Defendants' document preservation and the potential use of non-corporate channels for communication.<br><br>To the extent that Defendants maintain their position concerning this RFP, Lead Plaintiffs are available to meet and confer.<br><br>**Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>Default RTP: 1/1/2020 – 12/31/2024 | to RFP 43, as Plaintiffs have failed to provide any proposed narrowing of the facially overbroad request, nor have Plaintiffs articulated a basis for why such information is relevant and not simply impermissible discovery on discovery. Defendants also note that much of the information sought by this request is privileged.<br><br>**Search Proposal**<br>N/A<br><br>**RTP Proposal**<br>N/A |
| 45 | All Documents You intend to rely upon or contemplate relying on to oppose Lead Plaintiffs' motion for class certification or to contest any element of class certification in this Action, the elements of numerosity, commonality, adequacy, typicality, and superiority within the meaning of Rule 23 of the Federal Rules of Civil Procedure, as well as any Documents relied upon or considered by Your class certification | **Counterproposal**<br>Defendants will produce, in accordance with Rule 26 and the Court's scheduling order, the non-privileged documents actually relied upon by any class certification expert and any exhibits or evidence submitted in opposition to class certification, at the appropriate time.<br><br>**Search Proposal**<br>N/A | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal.<br><br>However, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts. | **Counterproposal**<br>The parties agree regarding the language of RFP 45.<br><br>**Search Proposal**<br>Defendants do not understand and cannot agree to Plaintiffs' search proposal for RFP 45. Defendants reiterate that they will provide the documents actually relied upon by any class certification expert and any exhibits or evidence submitted in |

22



| RFP No. | Plaintiffs' Original Request | Defendants' 1/30/26 Counterproposal, Search Proposal, & RTP Proposal | Lead Plaintiffs' 2/9/26 Counterproposal, Search Proposal, & RTP Proposal | Defendants' 2/16/26 Counterproposal, Search Proposal, & RTP Proposal |
|---|---|---|---|---|
| | expert. This Request is not limited to the Relevant Time Period. | **RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | **Search Proposal**<br>Hybrid<br><br>**RTP Proposal**<br>Self-Defined | opposition to class certification, at the appropriate time. There is no custodial search or "go-get" collection necessary or applicable.<br><br>**RTP Proposal**: N/A |
| 48 | All Documents upon which You intend to rely on or contemplate relying on to oppose Lead Plaintiffs' efforts to establish damages or loss causation. This Request is not limited to the Relevant Time Period. | **Counterproposal**<br>Defendants will produce, in accordance with Rule 26 and the Court's scheduling order, non-privileged documents actually relied upon by any expert witness, as well as any exhibits or evidence submitted in opposition to Lead Plaintiffs' efforts to establish damages or loss causation, at the appropriate time.<br><br>**Search Proposal**<br>N/A<br><br>**RTP Proposal**<br>6/4/2020 – 9/4/2024 (Default RTP) | **Counterproposal**<br>Lead Plaintiffs can agree to Defendants' counterproposal.<br><br>However, Lead Plaintiffs make clear that this request must be responded to through a "hybrid" search, whereby the mutually negotiated list of search terms and custodians is not limited or hindered by any "go-get" aspect of Defendants' production efforts.<br><br>**Search Proposal**<br>Hybrid<br><br>**RTP Proposal:** Self-Defined | **Counterproposal**<br>The parties agree regarding the language of RFP 48.<br><br>**Search Proposal**<br>Defendants do not understand and cannot agree to Plaintiffs' search proposal for RFP 48. Defendants reiterate that they will provide the documents actually relied upon by any expert witness, as well as any exhibits or evidence submitted in opposition to Lead Plaintiffs' efforts to establish damages or loss causation, at the appropriate time. There is no custodial search or "go-get" collection necessary or applicable.<br><br>**RTP Proposal**: N/A |

23

# EXHIBIT F



March 6, 2026

**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025

**orrick.com**

***Via E-mail***

Jacqueline R. Meyers
LABATON KELLER SUCHAROW
jmeyers@labaton.com

**Molly McCafferty**
**E** mmccafferty@orrick.com
**T** +1 650 614 7351
**M** +1 978 257 3996

Re:     *State Teachers Retirement System of Ohio, et al. v. ZoomInfo Technologies Inc., et al.*

Jackie,

Thank you for your efforts to clarify the parties' respective positions and to facilitate an efficient process as we move forward. Below, we address the points outlined in your March 4, 2026 email, as well as several housekeeping matters to ensure the parties are aligned.

## I.     <u>**Relevant Time Periods**</u>

We acknowledge Plaintiffs' acceptance of Defendants' proposals for RFP Nos. 5, 6, 7, 16, 34, 39, and 49, and for the end date of December 31, 2024 for the "Default RTP" and "Historical Experience RTP." Based on your email and prior correspondence, it appears the parties agree on the relevant time periods for RFP Nos. 1–32, 34–36, 39–42, 44–46, and 48–50. Defendants' agreement to these time periods remains contingent upon the parties' agreement on reasonable search terms and custodians. For the remaining RFPs (Nos. 33, 37, 38, 43, 47, 51, and 52), negotiations regarding scope remain ongoing or, as discussed below, the parties have not reached agreement.

## II.     <u>**RFP Language/Scope**</u>

We appreciate Plaintiffs' acceptance of Defendants' proposals for RFP Nos. 3, 6, 15, 21, 22, 29, 41, 42, 44, and 49. Based on our correspondence, the parties agree on the language for RFP Nos. 3–17, 19-22, 24–32, 34–36, 39–42, 44–46, and 48–49. For the remaining RFPs, Defendants' positions are as follows:

- **RFPs 1, 18, and 23**: Defendants will provide updates on March 13, 2026, as discussed during the March 4, 2026 meet and confer.



March 6, 2026
Page 2

- **RFP 2**: Defendants agree to Plaintiffs' request. Accordingly, RFP No. 2 will read as follows: "*Documents and Communications Concerning ZoomInfo's Board of Directors or audit committee, to the extent they relate to Customer Disputes or Revenue Recognition, Including RPO.*"

- **RFP 33**: Defendants believe we are close to an agreement on RFP No. 33. Defendants will agree to include "compliance with internal Company policies" as originally proposed, given Plaintiffs' proposed subject matter limitation in your email. Defendants believe further revisions to the wording of RFP No. 33 are appropriate to ensure clarity for both parties. Defendants will agree to the following for RFP No. 33: "*All Documents and Communications Concerning the Individual Defendants' personnel files or records to the extent such records relate to their departure(s) from the Company, compliance with internal Company policies, purchases or sales of ZoomInfo stock, compensation tied to share price or performance, ZoomInfo's Revenue Reporting, ZoomInfo's RPO, or representations to investors. This includes responsive personnel files or records, responsive Employee complaints, and responsive disciplinary records.*" Defendants believe the Default RTP (January 1, 2020 – December 31, 2024) is appropriate and propose a hybrid search.

- **RFP 37**: Plaintiffs requested "All Documents and Communications Concerning DO Holdings, Including Documents sufficient to show Defendant Schuck's control over DO Holdings." On December 22, 2025, Defendants responded and objected to RFP No. 37, including that the request is overbroad and unduly burdensome in seeking "all documents and communications" without limitation to a reasonable scope and materials "neither relevant to any parties' claims or defenses nor proportional to the needs of the case." On January 20, 2026, Defendants sent Plaintiffs a letter noting it was "incumbent upon Plaintiffs to clearly identify the specific relevant information they seek in connection with this request before Defendants will consider any further response." On February 9, 2026, Plaintiffs responded via letter that (in relevant part) "[t]o the extent that Defendants maintain their position that this RFP does not seek relevant information, Lead Plaintiffs are available to meet and confer." On February 16, 2026, Defendants responded via letter, noting "that Plaintiffs continue to refuse to provide or agree to any proposed narrowing of this facially overbroad request or provide any justification of the relevance of such request in light of the Court's dismissal of DO Holdings. Nevertheless, in the interests of compromise, Defendants will agree to the following:



March 6, 2026
Page 3

> "*Documents and Communications concerning Henry Schuck's control over DO Holdings*." (emphasis added).

- On the parties' February 25, 2026 meet and confer, Plaintiffs declined Defendants' counterproposal, stating that they continued to believe all documents regarding DO Holdings were relevant, and suggesting that the only limitation they would be willing to agree to was to add the limiting clause "relating to ZoomInfo." Defendants encouraged Plaintiffs to provide their proposal in writing or otherwise respond in writing to Defendants' letter(s). Plaintiffs did not do so. On February 27, 2026, Defendants sent Plaintiffs another letter, stating "Defendants maintain their objections to RFP No. 37, which were provided in writing on December 22, 2025, and stand by our position articulated in our January 20, 2026 and February 16, 2026 letters. *Plaintiffs have not provided any written response to our letters or otherwise provided a specific basis for relevance for the sweeping scope of materials sought by this Request*. Unless and until Plaintiffs do so, there is nothing else for the parties to discuss. Defendants are not obligated to and will not endeavor to rewrite Plaintiffs' facially overbroad and largely irrelevant Request." (emphasis added). Plaintiffs again did not respond in writing. Instead, during the parties' March 4, 2026 meet and confer and confirmed in Plaintiffs' subsequent email that same day, Plaintiffs told Defendants that they intend to move for court intervention on RFP No. 37.

As reflected in Defendants' proposed revision to RFP No. 37, the only conceivable relevance of "*documents and communications concerning DO Holdings*" are those that relate to Mr. Schuck's control over DO Holdings. Defendants maintain that this reasonable subject matter limitation is appropriate and consistent with the Federal Rules and Local Rules. But Plaintiffs have declined to accept this narrowed proposal and have not articulated any basis for the relevance of DO Holdings documents or communications outside the context of Mr. Schuck's control—documents that, as we have made clear, Defendants are prepared to produce (subject to all prior objections). In the interest of efficiency and to avoid unnecessary motion practice, Defendants <u>again</u> invite Plaintiffs to set forth in writing their rationale for seeking "all documents and communications concerning DO Holdings" beyond those relating to Mr. Schuck's control. It is neither appropriate nor consistent with Plaintiffs' meet-and-confer obligations for Defendants to learn Plaintiffs' position on the relevance of such documents for the first time in a joint submission to the Court. If Plaintiffs remain unwilling or unable to articulate a justification for seeking documents concerning DO



March 6, 2026
Page 4

Holdings beyond those relating to Mr. Schuck's control, the parties are at an impasse on this issue.

- **RFP 38:** Plaintiffs requested "All Documents and Communications Concerning TA Associates Management, L.P. and the Carlyle Group Inc., Including Documents sufficient to show their control over ZoomInfo." On December 22, 2025, Defendants responded and objected to RFP No. 38, including that the request is overbroad and unduly burdensome in seeking "all documents and communications" without limitation to a reasonable scope, materials "neither relevant to any parties' claims or defenses nor proportional to the needs of the case," and "information relevant only to claims already dismissed by the Court." On January 20, 2026, Defendants sent Plaintiffs a letter stating that "[i]n light of the Court's dismissal of TA Associates and the Carlyle Group as Defendants, it is incumbent upon Plaintiffs to clearly identify the specific relevant information they seek in connection with this request before Defendants will consider any further response." On February 9, 2026, Plaintiffs responded via letter, disagreeing "with Defendants' position that the Court's dismissal of TA Associates Management, L.P. and Carlyle Group Inc., as parties has any bearing on the relevance of discovery concerning the entities control over ZoomInfo," and that "[t]o the extent that Defendants maintain their position that this RFP does not seek relevant information, Lead Plaintiffs are available to meet and confer." On February 16, 2026, Defendants responded via letter, noting Plaintiffs continued "to *refuse to provide or agree to any proposed narrowing of this facially overbroad request or provide any justification of the relevanc*e of such request in light of the Court's dismissal of TA Associates and Carlyle. Defendants invite Plaintiffs to specifically identify why the information sought by this RFP is relevant. Until Plaintiffs do so, Defendants stand on their objections to RFP No. 38." (emphasis added).

On the parties' February 25, 2026 meet and confer, Plaintiffs stated their position that because TA Associates and Carlyle are large shareholders who could have exercised influence over ZoomInfo, all documents regarding these entities were relevant, and indicated that the only scope limitation Plaintiffs would agree to was to add the limiting clause "relating to ZoomInfo." Defendants encouraged Plaintiffs to put their proposal in writing or otherwise respond in writing to Defendants' letter. Plaintiffs did not do so. On February 27, 2026, Defendants sent Plaintiffs another letter, noting "Defendants maintain their objections to RFP No. 38, which were provided in writing on December 22, 2025, and stand by our position articulated in our January 20, 2026 and February 16, 2026 letters. *Plaintiffs have not provided*



March 6, 2026
Page 5

*any written response to our letters or otherwise provided a specific basis for relevance for the sweeping scope of materials sought by this Request.* Unless and until Plaintiffs do so, there is nothing else for the parties to discuss. Defendants are not obligated to and will not endeavor to rewrite Plaintiffs' facially overbroad and largely irrelevant Request." (emphasis added). Plaintiffs did not respond in writing. Instead, during the parties' March 4, 2026 meet and confer and confirmed in Plaintiffs' subsequent email that same day, Plaintiffs told Defendants that they intend to move for court intervention on RFP No. 38.

Throughout this process, Plaintiffs have failed to identify any specific basis for the relevance of "*all documents and communications concerning*" TA Associates and Caryle, <u>untethered</u> to Plaintiffs' allegations. Defendants <u>again</u> invite Plaintiffs to articulate in writing the relevance of "all documents and communications" concerning the entities. Moreover, to the extent documents and communications with or concerning TA Associates or Carlyle are responsive and non-privileged to other RFPs, Plaintiffs will receive such documents and communications in any event. Absent a written explanation of the relevance of additional documents "regarding ZoomInfo," Defendants maintain that a reasonable scope limitation is appropriate and consistent with the Federal Rules and Local Rules. It is neither appropriate nor consistent with Plaintiffs' meet-and-confer obligations for Defendants to learn Plaintiffs' position on the relevance of such documents for the first time in a joint submission to the Court. If Plaintiffs remain unwilling or unable to articulate a justification for seeking "all documents and communications concerning TA Associates and Carlyle" (or even those "regarding ZoomInfo"), then we agree that the parties have reached an impasse on this issue.

- **RFP 43**: Thank you for confirming your acknowledgment of Defendants' position regarding RFP No. 43 (as stated in our February 27, 2026 letter). Defendants will proceed accordingly.

- **RFP 47**: Thank you for confirming your acknowledgment of Defendants' position regarding RFP No. 47 (as discussed during the March 4, 2026 meet and confer). Defendants will proceed accordingly.

- **RFP 50:** Thank you for confirming your acknowledgment of Defendants' position regarding RFP No. 50 (as stated in our February 27, 2026 letter and discussed during the March 4, 2026 meet and confer). Defendants have completed production of all insurance policies or agreements that may provide coverage or partial coverage for any Defendants in connection with this Action.



March 6, 2026
Page 6

- **RFP 51:** We appreciate Plaintiffs' counterproposal and believe the parties are close to agreement. Defendants can agree to the subject matter limitations proposed. However, "All Documents and Communications" concerning the lawsuits is not proportional to the needs of this litigation. Defendants propose: "*Documents sufficient to identify any lawsuits (including customer arbitrations) against ZoomInfo from January 1, 2020 through December 31, 2024 that concern ZoomInfo's compliance with GAAP (including reporting revenue and RPO pursuant to ASC 606) or customer contract renewal (including disputes concerning ZoomInfo's inclusion of an autorenewal provision in its subscription contracts).*" After Plaintiffs have reviewed documents responsive to this revised request, if Plaintiffs maintain that this revised request is insufficient, the parties can revisit the scope of the request as needed. Defendants believe a go-get collection is appropriate for this revised request.

- **RFP 52:** We have received Plaintiffs' counterproposal for RFP No. 52. Defendants will only agree to the following: "*All nonprivileged Documents and Communications exchanged with any Person(s) Concerning ZoomInfo's compliance with ASC 326 and ASC 606, including reporting revenue and RPO.*"  Plaintiffs have not articulated the relevance to their claims and allegations of ZoomInfo's "compliance with GAAP" beyond ASC 606 and ASC 326. Additionally, "product demand" is overbroad, vague, and duplicative of the parties' agreements regarding RFP Nos. 3 and 21, reflecting appropriate (and heavily negotiated) scope limitations on this topic. Similarly, "customer contract renewal" is overbroad, vague, and duplicative of the parties' agreements regarding RFP Nos. 4, 10, 11, 16, 18, 23 (still being negotiated by the parties) and 24, which reflect appropriate (and heavily negotiated) scope limitations on this topic. Contingent on Plaintiffs' agreement to this revised scope, Defendants will agree to a custodial search for RFP No. 52.

### III.    Search Protocols

We appreciate Plaintiffs' agreement to "go-get" searches for RFP Nos. 17, 41, 42, 44, 46, 49, and 50. Based on our correspondence, the parties agree on search protocols for RFP Nos. 2–30, 32, 34–36, 39, 41–42, 44–46, 48–50. For the remaining RFPs, Defendants' positions are as follows:

- **RFP 1, 18, 23**: Updates will be provided on March 13, 2026.

- **RFP 31 and 40**: Defendants proposed custodial searches in our February 16, 2026 letter and await Plaintiffs' response. Please confirm whether Plaintiffs agree.

March 6, 2026
Page 7

- **RFP 33**: Defendants propose a hybrid search, as discussed above. Please confirm whether Plaintiffs agree.

- **RFP 37 and 38**: The parties have not been able to reach agreement, as discussed above.

- **RFP 43**: Defendants stand by our position in our February 27, 2026 letter.[1]

- **RFP 47**: Defendants do not agree to produce documents responsive to this request, as discussed at our March 4, 2026 meet and confer.

- **RFP 51**: Defendants propose a go-get collection, as discussed above. Please confirm whether Plaintiffs agree.

- **RFP 52**: Contingent on Plaintiffs' agreement to Defendants' counterproposal on the scope of RFP 52 set forth herein, Defendants will agree to a custodial search. Please confirm whether Plaintiffs agree.

With respect to Plaintiffs' request that Defendants provide a specific date for the production of "go-get" documents, Defendants cannot commit to a date certain at this time. Defendants will continue to make rolling productions of responsive documents in accordance with the parties' scheduling order and the ESI Protocol. We anticipate serving our next document production by March 13. Defendants remain committed to our agreement to prioritize production of the policies and procedures as set forth in our January 30, 2026 letter.

Additionally, Defendants do not agree to designate documents in their productions as having been identified through "go-get" collections. This would be unduly burdensome, unnecessary, and is not

---

[1] "…subject to Defendants' responses and objections provided in writing on December 22, 2025 and positions subsequently set forth in writing, Defendants agree to produce non-privileged documents responsive to the Requests (as negotiated by the parties) that are stored on computers, smart phones, tablets, or other mobile devices used by the Individual Defendants to the extent such devices are within Defendants' possession, custody, or control. In producing such documents, Defendants also agree to identify the source of each document so that Plaintiffs will be able to identify the source from which the document came (e.g., a particular Individual Defendant's mobile phone). Defendants reiterate that to the extent this Request is intended to seek documents about such computers and devices rather than the underlying responsive documents themselves, the Request seeks information that is not relevant or proportional, is likely privileged, and constitutes impermissible discovery on discovery. Accordingly, Defendants will not produce such documents."



March 6, 2026

Page 8

required by the applicable rules. If Plaintiffs are aware of any authority mandating such designation, we invite you to provide it in writing for our consideration.

### IV.    Search Terms/Custodians

We understand Plaintiffs have requested that Defendants prepare an initial set of proposed search terms, while Plaintiffs will prepare an initial list of proposed custodians. Defendants will provide a search term proposal by March 11, 2026.

Defendants' agreements, proposals, and compromises herein are contingent on the parties negotiating reasonable search terms and custodians. Defendants reserve all rights.

Sincerely,

*/s/ Molly McCafferty*

Molly McCafferty

# EXHIBIT G

**From:** Jacqueline Meyers <jmeyers@labaton.com>
**Sent:** Wednesday, March 11, 2026 2:21 PM
**To:** Kuethman, Kathryn <kkuethman@orrick.com>; McCafferty, Molly <mmccafferty@orrick.com>; Grace Harmon <gharmon@labaton.com>; Newton Yu <nyu@labaton.com>; Kramer, James N. <jkramer@orrick.com>; McKenna, Jeffrey W. <jmckenna@orrick.com>; bkeller@byrneskeller.com; Joshua Selig <jselig@byrneskeller.com>; McAlevey, Harry <hmcalevey@orrick.com>
**Cc:** Michael P. Canty <mcanty@labaton.com>; James T. Christie <jchristie@labaton.com>; Michael H. Rogers <mrogers@labaton.com>; Derick Cividini <dcividini@labaton.com>; Stephen C. Boscolo <sboscolo@labaton.com>; Tayler Eynon <teynon@labaton.com>; Foley, William J. <wfoley@orrick.com>; Timothy Barrett <tbarrett@labaton.com>
**Subject:** RE: [EXTERNAL]RE: ZoomInfo Securities Litigation - Lead Plaintiffs' First Set of Requests for Production of Documents

**[EXTERNAL]**

Molly, Kathryn, and Team,

Thank you for your March 6 letter.  As a preliminary matter, we appreciate that Defendants will provide proposed search terms today and an update on RFP Nos. 1, 18, and 23 on March 13.  Relatedly, to facilitate our negotiation of search terms and custodians, we have attached our proposed list of custodians. We look forward to discussing these custodians and are available to meet and confer this week.  As concerns the Relevant Time Periods, we understand the parties to have reached agreement.  Lead Plaintiffs also agree to your proposed language concerning RFP Nos. 2, 33, 51, and 52. Regarding search methodologies, we agree to custodial searches regarding RFP Nos. 31, 40, and 52, a hybrid search for RFP No. 33, and  "go-get" collection for RFP No. 51. With respect to RFP Nos. 37 and 38, we understand that the parties remain at an impasse and, accordingly, Lead Plaintiffs will send a draft letter motion in accordance with Judge Cartwright's rules requesting Court intervention.

Finally, we look forward to Defendants' forthcoming production on March 13. Lead Plaintiffs continue to request that all "go-get" documents be designated as such, which should not add any additional burden to these already targeted searches.  For those RFPs subject to these "go-get" searches, we will continue to follow up to ensure that such documents are being produced on a timely, rolling basis. Please send us your availability this week to discuss the attached list of proposed custodians.

Lead Plaintiffs reserve all rights.

Best regards,
Jackie

**From:** Kuethman, Kathryn <kkuethman@orrick.com>
**Sent:** Friday, March 6, 2026 6:22 PM
**To:** Jacqueline Meyers <jmeyers@labaton.com>; McCafferty, Molly <mmccafferty@orrick.com>; Grace Harmon <gharmon@labaton.com>; Newton Yu <nyu@labaton.com>; Kramer, James N. <jkramer@orrick.com>; McKenna, Jeffrey W. <jmckenna@orrick.com>; bkeller@byrneskeller.com; Joshua Selig <jselig@byrneskeller.com>; McAlevey, Harry <hmcalevey@orrick.com>
**Cc:** Michael P. Canty <mcanty@labaton.com>; James T. Christie <jchristie@labaton.com>; Michael H. Rogers <mrogers@labaton.com>; Derick Cividini <dcividini@labaton.com>; Stephen C. Boscolo <sboscolo@labaton.com>; Tayler Eynon <teynon@labaton.com>; Foley, William J. <wfoley@orrick.com>; Timothy Barrett <tbarrett@labaton.com>

**Subject:** RE: [EXTERNAL]RE: ZoomInfo Securities Litigation - Lead Plaintiffs' First Set of Requests for Production of Documents

Jackie,

Thank you for your email. Please find attached our response letter.

Best,
Kathryn

**Kathryn Kuethman**
Managing Associate
Pronouns: she/her/hers

Orrick
New York

T 212/506-5095
kkuethman@orrick.com

