April 23, 2026

Hon. Tiffany M. Cartwright
United States District Court
Western District of Washington
1717 Pacific Avenue, Suite 3124
Tacoma, WA 98402-3200

Re: *State Teachers Retirement Sys. of Oh., et al. v. ZoomInfo Techs. Inc., et al.*, 3:24-cv-05739

Dear Judge Cartwright,

Pursuant to Section V of Your Honor's Chambers Procedures, the Parties write to advise the Court of discovery disputes concerning: (1) whether Plaintiffs are required presently to disclose the identities of the former employee witnesses ("FEs") relied on in the operative complaint ("AC," ECF 81), or whether Plaintiffs presently may disclose the identities of the FEs on an Attorney Eyes Only ("AEO") basis until Defendants' document production is substantially complete and fact depositions are therefore set to commence; and (2) the relevant period for Plaintiffs' production of information related to their transactions in ZoomInfo Securities.

## I.    **Defendants' Statement**

FE Identities.[1] The allegations attributed to the FEs form the foundation of Plaintiffs' claims. Indeed, with well-over 300 references in the AC, virtually every substantive allegation of fraud is supported by an FE statement. *See, e.g.*, AC ¶¶ 44, 120, 171-74, 180, 181, 184, 245, 249, 250, 428 (and hundreds more). Likewise, the Court cited the FEs dozens of times in its decision denying Defendants' motion to dismiss. *See* ECF No. 105. Plaintiffs appear to understand that they cannot both use the FE statements as a sword and forever shield those witnesses' identities on the basis of attorney work product. *See, e.g.*, *Shenwick v. Twitter, Inc.*, 2018 WL 8244911, at *1 (N.D. Cal. Nov. 27, 2018) ("[N]umerous district courts have determined that the attorney work-product doctrine does not protect the identity of Confidential Witnesses, whom a complaint cites or quotes."); *In re Cooper Cos. Inc. Sec. Litig.*, 2008 WL 11588995, at *1 (C.D. Cal. Nov. 4, 2008) ("The explicit inclusion of the confidential witnesses in the complaint puts their statements at issue; it would be difficult or impossible to attack the pleadings without knowledge of the witnesses' identities."). But Plaintiffs are conditioning disclosure of the FEs' identities on Defendants' counsel's agreement to maintain them as AEO until the substantial completion of document discovery. This is inappropriate. It has been three months since Defendants served their discovery requests. Defendants should be permitted to work with their counsel now to determine whether the FEs had a basis to make the statements attributed to them and, if necessary, to depose the FEs about those statements. That determination will likely require discussion with the FEs' former colleagues and/or superiors to ascertain the veracity of their statements, which is why an extended AEO restriction is unworkable and would unfairly prejudice Defendants. Plaintiffs' purported concern about "retaliation" is groundless. The FEs are *former* employees, which courts in this Circuit have recognized poses less risk of material prejudice, particularly when considered against Defendants' right to discovery. *See In re Cooper Cos. Inc. Sec. Litig.*, 2008 WL 11339612, at *3 (C.D. Cal. Oct. 1, 2008) (rejecting retaliation concerns for former employees). And Plaintiffs' own authority on this subject ultimately required disclosure of the FE's identities, despite purported concerns. *See Plumbers & Pipefitters Loc. 572 Pension Fund v.*

---

[1] This issue implicates Exhibit A at Request 25 and Exhibit B at Interrogatories 7 and 9.

1

*Cisco Sys., Inc.*, 2005 WL 1459555, at *7 (N.D. Cal. 2005) (rejecting retaliation concerns for lack of evidence). Moreover, Plaintiffs' reference to a FOIA request from more than a year ago is irrelevant to the question before the Court. Simply put, Defendants should be allowed to investigate the foundation of Plaintiffs' complaint now.

The Relevant Period. Defendants have requested information concerning Plaintiffs' transactions in ZoomInfo Securities and investment strategy from June 4, 2020 (five months before the Class Period began) through May 31, 2025 (less than ten months after the Class Period ended).[2] Plaintiffs, however, are only willing to disclose transactions 90 days pre- and post-Class Period. This is inadequate for an action with a more than four-year Class Period. Pre- and post-Class Period discovery is necessary, among other things, to establish a baseline to determine whether Plaintiffs' "purchases and sales were part of an overall strategy[] that would have occurred even if [the] defendants had not allegedly violated the securities laws." *Allergan, Inc. Securities Litig.*, 2016 WL 10719393, at *4 (C.D. Cal. Sep. 23, 2016). For instance, if Plaintiffs' pre- or post-Class Period transactions revealed the same cadence or strategy as their Class Period transactions, it would expose them to potential, unique defenses concerning their purported reliance on the alleged misstatements during the Class Period, implicating the typicality requirement for class certification. *See, e.g.*, *In re Bridgestone Inv. Corp. Ltd.*, 789 F. App'x 13, 15 (9th Cir. 2019) (plaintiff "was entangled with a unique defense" concerning its purported reliance "and therefore atypical"); *see also In re Valence Tech. Sec. Litig.*, 1996 WL 119468, at *4 (N.D. Cal. Mar. 14, 1996) (rejecting as atypical class representative who tripled his holdings after first of two disclosures and after complaint was filed). Separately, to the extent there is discovery showing Plaintiffs continued investing in ZoomInfo *after* the disclosure of the alleged fraud, it would undermine their purported belief that ZoomInfo executives perpetrated "a scheme to . . . enrich[] themselves at the expense of ZoomInfo's investors." *See* AC ¶ 400.

## II.     Plaintiffs' Statement

FE Identities. To protect the FEs cited in the AC from potentially harmful or intimidating outreach by Defendants, Plaintiffs request that their identities be designated as AEO until Defendants' document production is substantially complete and fact depositions are therefore set to commence. Critically, Plaintiffs have consistently committed to providing these identities to defense counsel to prepare their defenses, while taking steps to protect the FEs pursuant to well-established principles of public policy. Indeed, as recently as April 20, 2025, Plaintiffs offered a modified proposal that would allow ZoomInfo's in-house counsel to receive the FEs' identities under the AEO designation. Defendants rejected this proposal insisting that all non-lawyers at ZoomInfo—other than the Individual Defendants for the time being—have immediate access to the FEs' identities. Defendants have identified no cognizable harm from Plaintiffs' proposal.

Indeed, at this early stage, the AEO designation is required to safeguard the FEs from retaliation or intimidation by ZoomInfo and the Individual Defendants. Doing so comports with policy considerations that courts have long acknowledged to shield confidential witnesses from retaliation and intimidation, given their role in identifying corporate fraud. *See, e.g., Plumbers & Pipefitters Loc. 572 Pension Fund v. Cisco Sys., Inc.*, 2005 WL 1459555, at *7 (N.D. Cal. 2005) (weighing former employees' protection interests from retaliation against defendants' disclosure interests); *In re MTI Tech. Corp. Sec. Litig.*, 2002 WL 32344347, at *5-6 (C.D. Cal. 2002) (noting policy concerns as a factor in the reversing order compelling disclosure of former employee identities). Moreover,

---

[2] *See* Exhibit A at Requests 2-5 and 8 and Exhibit B at Interrogatories 3-6, as amended by subsequent meet-and-confer correspondence.

Plaintiffs' proposal ensures that Defendants will have sufficient time to evaluate the FE statements, prepare for depositions, and mount their defenses without any prejudice.

The current discovery schedule affords Defendants no legitimate basis for urgency: Defendants' substantial completion deadline remains approximately five months away, and the Parties are still negotiating search terms and custodians. To date, Defendants have produced only 471 documents; ostensibly, many more have yet to be produced, and fact depositions are therefore a long way off. Disclosing the FEs' identities now would serve no purpose but to give Defendants an extended opportunity to contact, intimidate, or otherwise influence these FEs, creating an unnecessary sideshow to distract from the orderly progression of discovery. Plaintiffs respectfully submit that a temporary AEO designation is a reasonable and proportionate measure that protects the integrity of the fact-finding process while preserving Defendants' ability fully to litigate this case.

Critically, Plaintiffs' concern is not speculative, given Defendants' own prior conduct. On March 6, 2025, while the PSLRA discovery stay was in effect, ZoomInfo's Litigation Counsel, Madison Tucker, sent a public records request directly to both (represented) Plaintiffs, copying Defendant Henry Schuck—ZoomInfo's CEO (and an attorney). Exs. C, D. If Defendants were willing to bypass the PSLRA's discovery stay and ethical rules to contact (represented) Plaintiffs directly, FEs who voluntarily cooperated with Plaintiffs' investigation would likely face similar or greater outreach once their identities are known. Defendants' insistence in response to Plaintiffs' April 20 proposal that they cannot wait until the substantial completion deadline reinforces Plaintiffs' concerns that retaliation and intimidation of the FEs are reasonable possibilities.

The Relevant Period: Defendants' efforts to seek discovery of Plaintiffs' ZoomInfo transactions months before and nearly a year after the Class Period is nothing but a fishing expedition. Specifically, Defendants *speculate* that such transactions *might* somehow reveal that Plaintiffs are not typical of other class members. The main problem with this suppositional argument is that such transactions, to the extent they even occurred, would not defeat typicality. *See Jaeger v. Zillow Grp., Inc.,* 746 F. Supp. 3d 1025, 1033 (W.D. Wash. 2024) ("Courts within the Ninth Circuit, however, have recognized that post-disclosure purchases are not, by themselves, sufficient to render a proposed representative atypical"); *In re Novatel Wireless Sec. Litig.,* 2010 WL 11470156, at \*5 (S.D. Cal. 2010) ("post-disclosure purchases do not rebut the presumption of reliance[.]"). As one court explained, "the Court is not persuaded that documents pertaining to Plaintiffs' trading . . . after the Class Period has any meaningful bearing as to whether they relied on [Defendants'] representations *during* the Class Period." *In re Bank of New York Mellon Corp. Forex Transactions Litig.,* 2013 WL 5769915, at \*4 (S.D.N.Y. 2013). Without that rationale, Defendants have failed to explain why such documents are relevant.

While Plaintiffs maintain that transactions outside the Class Period are not relevant, Plaintiffs have offered to produce all transaction records from 90 days before and after the Class Period as a compromise. Even if Defendants' claimed justification for seeking these transactions had merit (and it does not), any transaction that could bear on Defendants' rationale would fall within this tailored window. Indeed, even the cases Defendants cite, which present wildly different factual scenarios than those here, limited any relevant time period to similarly narrow windows. *Bridgestone Inv.,* 789 F. App'x 13, 15 (discussing transactions made first day of class period); *Allergan,* 2016 WL 10719393, at \*4 (limiting relevant time period to 90 days before class period); *Valence Tech.,* 1996 WL 119468, at \*4 (discussing transactions within class period). Defendants offer no authority or justification for their contention that transactions ten months after the Class Period, or five months prior, could render a plaintiff atypical.

Respectfully Submitted,

*/s/ Michael H. Rogers*
**LABATON KELLER SUCHAROW LLP**
Michael P. Canty (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
Jacqueline R. Meyers (*pro hac vice*)
Kaicheng Yu (*pro hac vice*)
140 Broadway
New York, NY  10005
T: 212-907-0070
F: 212-818-0477
mcanty@labaton.com
mrogers@labaton.com
jmeyers@labaton.com
nyu@labaton.com

*Counsel for Lead Plaintiffs State Teachers Retirement System of Ohio, Ohio Public Employees Retirement System, and the Proposed Class*

**BYRNES KELLER CROMWELL LLP**
*/s/ Bradley S. Keller*
Bradley S. Keller, WSBA #10665
Joshua B. Selig, WSBA #39628
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Tel: (206) 622-2000
Fax: (206) 622-2522
bkeller@byrneskeller.com
jselig@byrneskeller.com

*Liaison Counsel for the Proposed Class*

**OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF OHIO**
Shawn Busken (*pro hac vice* forthcoming)
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515
Shawn.Busken@OhioAttorneyGeneral.gov

*Additional Counsel for Lead Plaintiffs*

*/s/ William J. Foley*
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Paul F. Rugani (WSBA No. 38664)
prugani@orrick.com
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: +1 206-839-4300
Facsimile: +1 206-839-4301

William J. Foley (*Pro Hac Vice*)
wfoley@orrick.com
51 West 52nd Street
New York, NY 10019
Telephone: +1 212-506-5000
Facsimile: +1 212-506-5151

James N. Kramer (*Pro Hac Vice*)
Alexander K. Talarides (*Pro Hac Vice*)
jkramer@orrick.com
atalarides@orrick.com
405 Howard Street
San Francisco, CA 94105
Telephone: +1 415-773-5700
Facsimile: +1 415-773-5957

Molly McCafferty (*Pro Hac Vice*)
mmcafferty@orrick.com
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1 650-614-7400
Facsimile: +1 650-614-7401

*Attorneys for Defendants ZoomInfo Technologies Inc., Henry Schuck, Cameron Hyzer, and Joseph Christopher Hays*