# EXHIBIT B

THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

STATE TEACHERS RETIREMENT SYSTEM OF OHIO, et al.,

Plaintiffs,

v.

ZOOMINFO TECHNOLOGIES INC., et al.,

Defendants.

Case No. 3:24-cv-05739-TMC

CLASS ACTION

**DEFENDANT ZOOMINFO TECHNOLOGIES INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and subject to this Court's local rules, Defendant ZoomInfo Technologies Inc., ("ZoomInfo" or the "Company"), hereby requests that lead Plaintiffs State Teachers Retirement of Ohio and Ohio Public Employees Retirement System's ("Plaintiffs") each respond separately, fully, and in writing under oath to each interrogatory in this First Set of Interrogatories, in the manner provided in the Definitions and Instructions herein, within the time period required by the applicable rules.

**DEFINITIONS**

1.      The term "Action" means the above-captioned case, *State Teachers Retirement System of Ohio v. ZoomInfo Technologies Inc., et al.*, 3:24-cv-05739-TMC.

2.      The term "Class Period" means the currently alleged class period of November 10, 2020 through August 5, 2024, inclusive.

3.      The term "Communication(s)" means the transmittal of any information in any manner, including any oral, written, or electronic correspondence and evidence thereof, no matter how that correspondence or evidence is stored, memorialized, or fixed.  It also includes any letters, emails, text messages or other instant messaging application, X (f.k.a. Twitter) posts or direct or messages, or any other social media platform posts or direct or group messages, comments on websites, voice recordings, transcripts, records of statements, summaries, memoranda, reviews, reports, notes, logs, records, journals, minutes, or outlines concerning the transmittal of information.

4.      The term "Complaint" means the Corrected Amended Complaint for Violations of the Federal Securities Laws, filed on April 1, 2025 (ECF No. 81).

5.      The term "Defendants" means ZoomInfo, Henry Schuck, Cameron Hyzer, and Joseph Christopher Hays.

6.      The term "Document(s)" means Documents and data responsive to a particular Interrogatory and is intended to have the broadest possible meaning under Federal Rule of Civil Procedure 34(a), including "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or any

ZOOMINFO'S FIRST SET OF INTERROGATORIES TO
PLAINTIFFS, CASE NO. 3:24-CV-05739-TMC

- 1 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

designated tangible things, or entry onto land or other property. The term "Document(s)" refers to any document or Communication now or at any time in Your possession, custody, or control. A Person is deemed in control of a document if the Person has any ownership, possession, or custody of the document, or the right to secure the document or a copy thereof from any Person or public or private entity having physical possession thereof.

7.     The term "Identify" means:

a.     With respect to Persons: to state, to the extent known, the Person's (i) full name; (ii) present or last known address; (iii) e-mail address; (iv) telephone number; and (v) present or last known place of employment.

b.     With respect to Documents:  to state, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

c.     With respect to statements:  to state, to the extent known, the (i) date each statement was made; (ii) nature and substance of each statement; (iii) identity of each Person who participated in making the statement; and (iv) existence of any Documents recording, summarizing, or otherwise relating to each statement.

8.     The term "Person(s)" means, without limitation, individuals, corporations, partnerships, limited partnerships, unincorporated associations, and all other governmental and non-governmental entities.

9.     The term "Portfolio Manager" means any Person (defined above) who bears or bore any responsibility for determining how to invest funds belonging to Plaintiffs.

10.     The term "Securities" means any common stock, preferred stock, debenture, option, or other debt or equity interest and any direct or indirect, legal or beneficial interest in any limited partnership.

11.     The terms "Transaction" or "Transactions" means any purchase or other acquisition, any exchange, or any sale, short sale, or other disposition of ZoomInfo Securities, or a decision to hold such Securities.

12.    The terms "You," "Your," or "Yours" refer to Plaintiffs, their affiliates, employees, agents, attorneys, accountants or other Persons or entities acting on their behalf, any account owned or opened by them, or which is in their name or for their benefit, any trust owned or created by them, or which is in their name or for their benefit, or any business entity owned or controlled in part by them.

13.    The term "ZoomInfo" means Defendant ZoomInfo Technologies Inc.

## INSTRUCTIONS

1.    In answering these Interrogatories, You are required to provide all information that is available to You, including information in the possession of Your employees, representatives, attorneys, agents, or others under Your control, and not merely information known by virtue of Your own personal knowledge.

2.    If You cannot answer any Interrogatory fully and completely after exercising due diligence to make an inquiry and secure the information necessary to do so, so state and answer each such Interrogatory to the full extent deemed possible; specify the portion of such Interrogatory that You contend You are unable to answer fully and completely and the facts on which You rely to support that contention; and state the full extent of Your knowledge, information, and belief concerning the unanswered portion of each Interrogatory.

3.    Each Interrogatory should be read so as not to seek information subject to an evidentiary privilege or immunity from discovery, if necessary to permit providing information otherwise responsive to the request.  To the extent that an Interrogatory calls for the disclosure of information that You claim to be subject to a privilege or immunity from discovery, the written response to that Interrogatory should so indicate, but should disclose the balance of the information not subject to a claim of privilege which falls within the scope of the Interrogatory.

4.    If any information responsive to any of these Interrogatories is claimed to be privileged or otherwise protected from discovery in whole or in part, state with particularity the nature and basis of the claim of privilege in sufficient detail to permit the Court to adjudicate the validity of such a claim.

5.    Provision of information in response to the Interrogatories shall be governed by and made in accordance with the Stipulated Protective Order (ECF No. 119) ("Protective Order") and Agreement Regarding Discovery of Electronically Stored Information (ECF No. 116) ("ESI Protocol") ordered by the court in this Action.

6.    These Interrogatories are continuing in nature and require supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

### INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in full the circumstances leading to Your involvement in this Action, including the reasons therefore and the identity of all Persons knowledgeable on the subject.

**INTERROGATORY NO. 2:**

Identify each Person who supplied information for and/or participated in the preparation of Your answers to these Interrogatories.

**INTERROGATORY NO. 3:**

Identify each of Your Transactions in ZoomInfo securities (whether in an individual, joint, or trustee capacity) from June 1, 2020 to present, including the date of each Transaction, the nature of each Transaction (e.g., purchase, sale, short sale, or other acquisition or disposition), the type of ZoomInfo Securities involved in each Transaction, the amount of ZoomInfo Securities involved in each Transaction, and the price of the ZoomInfo Security at the time of each Transaction.

**INTERROGATORY NO. 4:**

For each such Transaction identified in Interrogatory No. 3, state with particularity the reasons for Your decision to engage in such Transaction; the specific Persons, Documents and Communications, if any, You relied upon or otherwise considered in engaging in such Transaction; and Identify the Person or entity who relied upon or otherwise considered each such Person, Document, or Communication and the date of such reliance or consideration.

**INTERROGATORY NO. 5:**

For each Transaction identified in Interrogatory No. 3, state with particularity which specific allegedly false or misleading statements You reviewed, considered or relied upon at the time of such

ZOOMINFO'S FIRST SET OF INTERROGATORIES TO
PLAINTIFFS, CASE NO. 3:24-CV-05739-TMC                - 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

Transaction.

**INTERROGATORY NO. 6:**

Identify all Portfolio Managers (including but not limited to in-house personnel, investment advisors, financial advisors, investment banks, and securities or equities analysts), including the names of the specific individuals within such entities, upon which You relied in any Transaction or investment decision concerning ZoomInfo securities.  For each such Person, Identify the dates of such reliance, any specific "buy," "sell," or "hold" recommendations, research reports, and any other Communications relating to any of the foregoing.

**INTERROGATORY NO. 7:**

Identify each of the confidential witnesses referenced in the Complaint, specifically, "FE-1" through "FE-13" (the "FEs"), *see* Compl. ¶¶ 95-107, and for each such Person, Identify all statements made by such Person to You or Your counsel, Identify all statements made to such person by You or Your counsel, and Identify all documents memorializing or relating to such statements and/or the FEs.

**INTERROGATORY NO. 8:**

Identify all actions, lawsuits, arbitrations or other adjudicative proceedings relating to federal or state securities laws to which you have been a party, or for which You have provided financial support either directly or indirectly, during the last five years.

**INTERROGATORY NO. 9:**

Identify each Person with whom You or someone on Your behalf communicated in connection with any investigation concerning the allegations in the Complaint, including those that You or someone on Your behalf purport to have interviewed in connection with this Action, and provide the following information:

a)    Name;

b)    Current address, email address, and phone number;

c)    Employer during the alleged Class Period; and

d)    Date(s) of interview.

ZOOMINFO'S FIRST SET OF INTERROGATORIES TO
PLAINTIFFS, CASE NO. 3:24-CV-05739-TMC

- 5 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA  98101
+1 206-839-4300

**INTERROGATORY NO. 10:**

Identify every statement made during the Class Period that You contend was false or misleading and gives rise to liability in this case. For each such statement, specify the exact words that were false or misleading and explain why they were false or misleading.

**INTERROGATORY NO. 11:**

For each allegedly false or misleading statement identified in response to Interrogatory No. 10, Identify the subsequent statement that You contend is corrective, explain why the subsequent statement was corrective, and state when the corrective information could and should have been disclosed.

**INTERROGATORY NO. 12:**

Identify each financial account owned by or otherwise affiliated with You that held ZoomInfo Securities during the Class Period, including for each account: the custodian(s), whether the account was managed internally or by an external Person or entity, and the identity of the Persons with investment control or discretion for such account.

Dated: January 16, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   */s/ Molly McCafferty*
 Paul F. Rugani (WSBA No. 38664)
 prugani@orrick.com
 401 Union Street, Suite 3300
 Seattle, WA 98101
 Telephone: +1 206-839-4300
 Facsimile: +1 206-839-4301

 James N. Kramer (*Pro Hac Vice*)
 Alexander K. Talarides (*Pro Hac Vice*)
 405 Howard Street
 San Francisco, CA 94105
 Telephone: +1 415-773-5700
 Facsimile: +1 415-773-5957

 Molly McCafferty (*Pro Hac Vice*)
 1000 Marsh Road
 Menlo Park, CA 94025
 Telephone: +1 650-614-7400
 Facsimile: +1 650-614-7401

*Attorneys for Defendants ZoomInfo Technologies Inc., Henry Schuck, Cameron Hyzer, and Joseph Christopher Hays*

## <u>PROOF OF SERVICE BY ELECTRONIC MAIL</u>

I am a citizen of the United States, more than eighteen years old and not a party to this action. My place of employment and business address is Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco, California, 94105-2669, and my e-mail address is lpatts@orrick.com.

On January 16, 2026, I served the following document(s):

- **DEFENDANT ZOOMINFO'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

on the interested parties listed below by transmitting true and correct copies of the documents in Portable Document Format ("pdf") via electronic mail ("e-mail") from the e-mail address lpatts@orrick.com to the following e-mail addresses:

- **SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 16, 2026 at San Francisco, California.

_/s/ Lenny T. Patts_
LENNY T. PATTS

ZOOMINFO'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS, CASE NO. 3:24-CV-05739-TMC

- 8 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
+1 206-839-4300

**SERVICE LIST**

Michael P. Canty
Michael H. Rogers
James T. Christie
Jacqueline Meyers
Kaicheng Yu
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel.: 212-907-0878
Fax: 212-818-0477
Email: mcanty@labaton.com
        mrogers@labaton.com
        jmeyers@labaton.com
        jchristie@labaton.com
        nyu@labaton.com

*Counsel for Lead Plaintiffs State Teachers Retirement System of Ohio and Ohio Public Employees Retirement System*

Bradley S. Keller
Joshua Bacon Selig
**BYRNES KELLER CROMWELL LLP**
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Tel: 206-622-2000
Fax: 206-622-2522
Email: bkeller@byrneskeller.com
        jselig@byrneskeller.com

Shawn Busken
**OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF OHIO**
30 East Broad Street
Columbus, OH 43215
Tel: (800) 282-0515
Email: Shawn.Busken@OhioAttorneyGeneral.gov

*Additional Counsel for Lead Plaintiffs*